# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAY 30  AM 8: 39

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT | ) | |
| INC.; MIDLAND FUNDING LLC; and | ) | |
| ENCORE CAPITAL GROUP INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff filed the above-captioned case *pro se* on April 30, 2013, attempting to assert

claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] As Plaintiff has

been granted permission to proceed *in forma pauperis*, her complaint must be screened to

protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S.

519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof,

---

[1] Notably, the instant complaint constitutes Plaintiff's latest entry in a series of
materially similar complaints against various Defendants, the most recent of which was
closed on May 20, 2013. See Hinkle v. ARS Nat'l Serv., Inc., CV 312-052 (S.D. Ga. May
20, 2013). In that case, the Honorable Dudley H. Bowen, Jr., United States District Judge,
ruled in favor of the defendant at the summary judgment stage, noting additionally that
Plaintiff's complaint was filed in bad faith. Id., doc. no. 45, p. 18. Accordingly, on May 20,
2013, judgment was entered against Plaintiff in the amount of $5,518.50. Id., doc. nos. 45,
46. On May 28, 2013, Plaintiff filed notice of appeal. Id., doc. no. 47.

that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I.    BACKGROUND

In her complaint, Plaintiff names the following Defendants: (1) Midland Credit Managment, Inc. ("Defendant MCM"); (2) Midland Funding LLC ("Defendant Midland"); and (3) Encore Capital Group, Inc. ("Defendant Encore"). (Doc. no. 1, p. 1.) Plaintiff identifies all three Defendants as debt collection agencies, and states that Defendants MCM and Midland are wholly owned subsidiaries of Defendant Encore. (Id. at 1-2.) Plaintiff first alleges that, after obtaining her consumer credit reports from the three major credit reporting agencies – Equifax, Experian, and TransUnion – in May of 2011, she discovered that Defendant MCM had been reporting false information concerning her "alleged account" to those agencies. (Id. at 3.) Plaintiff asserts that she has never had any business relationship or communication of any kind with Defendant MCM. (Id.) Plaintiff alleges that, on September 6, 2011, she filed a dispute as to the validity of Defendant MCM's "entries" with the three credit reporting agencies, but that, subsequently, only one of those agencies deleted the allegedly false information. (Id. at 4.)

Plaintiff next alleges that, on October 20, 2011, and then later on July 27, 2012, she sent "Demand for Validation of Debt" letters to Defendant MCM concerning the alleged account, which she contends does not exist, and that Defendant MCM knew or should have known that the account did not exist but failed to direct the credit reporting agencies to remove the inaccurate information. (Id. at 4-6.) Plaintiff alleges that Defendant MCM, from December 21, 2011, through July 27, 2012, despite her first demand for validation, mailed

2

her a series of "dunning letters" demanding payment of a debt connected to her account, and additionally repeatedly called her using an automated dialing system from December 27, 2011, through April of 2012. (Id. at 4-5.) Plaintiff additionally asserts that Defendant MCM obtained her "TransUnion consumer credit report without a permissible purpose" on May 7, 2012, noting in particular that she "had no account whereby [Defendant MCM] could claim permissible purpose." (Id. at 5, 10.)

Plaintiff alleges that she again obtained her consumer credit reports in June of 2012 and discovered that Defendant MCM was continuing to report false and erroneous information, that it had added a second non-existent account, and that Defendant Midland was also reporting the same false information. (Id. at 5.) Plaintiff contends that, although Defendant MCM states on the Equifax report that the newly added account originated in 2002, she had "no accounts with *any* entities in 2002 that could have been acquired by *any* debt collector." (Id.) Plaintiff alleges that, on July 13, 2012, she disputed the entries placed on her credit reports by Defendants MCM and Midland, and that Defendant MCM accordingly removed one of her supposed accounts from the TransUnion report, but that the other entries on the other reports remained unchanged. (Id.) Plaintiff asserts that Defendants MCM and Midland have "continued to report false and erroneous information on [her] consumer Credit reports after formal dispute for a period of 17 months collectively." (Id. at 6.)

Plaintiff alleges that Defendant Encore "indirectly" engaged in the attempted collection of her disputed debts as well as each of the other asserted violations due to its status as the parent company of Defendants MCM and Midland and its provision of

management and decision-making as to those subsidiaries. (Id. at 6-7.) Plaintiff asserts that

Defendant Midland "exists as an employee-less paper entity that holds title to the enterprise's

purchased debt portfolios" and that Defendant MCM "operates as the front for contact with

the targeted debtor-consumers." (Id. at 7.) Plaintiff asserts that the three Defendants are

"interrelated and inseparably operated as a single business operation," that Defendant Encore

"serves as the name of the Encore family of subsidiaries," and that the three Defendants are

"inextricably intertwined" such that they are each the alter ego of the other. (Id. at 7-8.)

Plaintiff asserts that Defendants' actions have resulted in personal expenditures

related to disputing the reported information, injury to her credit reputation, "undue worry

and loss of happiness," and a diminished credit score. (Id. at 9.) As to each cause of action,

Plaintiff requests statutory damages, actual damages, punitive damages, and attorney's fees

and costs. (Id. at 11.) Plaintiff also notes that, upon completion of discovery, she intends

to seek class certification as to her claims.[2] (Id. at 9.)

## II.   DISCUSSION

### A.   No Private Cause of Action Under 15 U.S.C. § 1681s-2

First, although Plaintiff has attempted to bring multiple claims pursuant to 15 U.S.C.

§ 1681s-2 – alleging specifically that Defendants MCM and Midland are collectively

responsible for forty-eight separate violations of that statute based on their provision of false

---

[2]The Court notes that, whatever Plaintiff's stated intentions concerning class certification, such certification remains subject to the provisions of Loc. R. 23, which establishes, among other things, that the complaint in a lawsuit sought to be maintained as a class action must include next to its caption the legend, "Complaint-Class Action," and in its body, a separate heading styled "Class Action Allegations." The Local Rules may be found on the Court's website at www.gasd.uscourts.gov.

information to the three credit reporting agencies (see doc. no. 1, p. 13) – the Eleventh Circuit has made clear that § 1681s-2 "explicitly bars private suits for violations of [§ 1681s-2(a)]." Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (*per curiam*) (noting that, although the FCRA "prohibits furnishers of credit information from providing false information," there is no private cause of action for such violations); see also Schlueter v. BellSouth Telecomm., 770 F.Supp.2d 1204, 1207 (N.D. Ala. 2010). Here, although Plaintiff purports to bring her claims concerning the provision of false information pursuant to § 1681s-2(b) – which *does* support a private cause of action, Peart, 345 F. App'x at 386 – § 1681s-2(b) concerns the duty to investigate disputed claims, which is explicitly *not* the described factual basis for Plaintiff's claims here. (See doc. no. 1, pp. 11-13.) Rather, *Plaintiff's claims concern alleged breaches of the prohibition against knowingly providing false information*, locating those claims firmly within the purview of § 1681s-2(a), for which there is no private cause of action. (See doc. no. 1, pp. 11-12.) Accordingly, Plaintiff's claims under § 1681s-2 should be dismissed on that ground.

### B.    Statute of Limitations

Next, Plaintiff's attempted FDCPA claim under 15 U.S.C. § 1692g concerning the alleged failure of Defendant MCM to provide a "thirty-day validation notice" or other disclosures following Plaintiff's initial communication with that Defendant is barred by the applicable statute of limitations. The FDCPA contains a provision establishing that "an action to enforce any liability created by [the FDCPA]" must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, Plaintiff's "initial communication" with Defendant MCM took place on September 6, 2011. (See doc. no. 1,

5

p. 4.) Because § 1692g(a) establishes that a debt collector shall provide a thirty-day notice and other disclosures "within five days after the initial communication with a consumer in connection with the collection of any debt," the alleged violation here occurred no later than September 11, 2011, the date by which Defendant MCM should have provided the specified materials. Thus, the alleged violation occurred well over one year prior to Plaintiff initiating the instant lawsuit on April 30, 2013. Accordingly, Plaintiff's attempted claim against Defendant MCM based on its alleged violation of § 1692g should be dismissed on the ground that it is barred by the applicable statute of limitations.

## III.   CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims concerning alleged violations of 15 U.S.C. § 1681s-2 by Defendants MCM and Midland, as well as her claims concerning alleged violations of 15 U.S.C. § 1692g by Defendant MCM, be **DISMISSED**.[3]

SO REPORTED and RECOMMENDED on this _30th_ day of May, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]In a simultaneously filed Order, the Court has ordered that service of process be effected on all three Defendants based on Plaintiff's remaining claims under the FCRA and the FDCPA.