UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle )<br>    *Plaintiff,* )<br>)<br>v )<br>)<br>MIDLAND CREDIT )<br>MANAGEMENT INC., )<br>MIDLAND FUNDING, LLC., )<br>ENCORE CAPITAL )<br>GROUP INC. )<br>    *Defendants.* )<br>) | Case No. 3:13- CV- 00033 |

## OPPOSITION AND MEMORANDUM IN SUPPORT TO ORDER OF THE COURT DISMISSING ALLEGATIONS OF 15 U.S.C. § 1681s-2

TO THE HONORABLE MAGISTRATE JUDGE OF THIS COURT:

Comes now the Plaintiff, Teri Lynn Hinkle, who herein submits her response to the Recommendation and Order of this Court filed on May 30, 2013 and states as follows:

1. In 2011 Plaintiff filed several cases with the Court at the same time, all based on information discovered in her credit reports. Plaintiff was inexperienced in court procedures and law in general at that time and failed to properly articulate her allegations in her initial pleadings. Subsequently this Court recommended dismissal of the suits for failure to state a claim. Plaintiff, having recognized the deficiencies in her pleadings and error in filing too many cases filed Motions to Dismiss rather than objections. (See Hinkle v Afni, CV 311-057 Motion to Dismiss) where in part she states:

    a. ¶2 -"Plaintiff asks the court to dismiss her suit because after consideration of the magistrate's recommendations Plaintiff finds that it is in the best interest of all parties, including the court, for her to proceed more slowly in her litigation and better define the causes of action that are presented to the court in her pursuit of justice."

    b. ¶4- Plaintiff seeks a dismissal because the magistrate's recommendations bring into question the wisdom of Plaintiff filing multiple lawsuits at the same time and Plaintiff chooses to pursue limited litigation so as to be diligent in her efforts before the court.

2. Plaintiff realized at the time she needed to further study both statute and pleading standards to properly articulate to the Court her causes of action. Plaintiff has made substantial progress since that time in learning to properly plead before the court.

3. Upon the Court's granting of her Motions to Dismiss, Plaintiff proceeded more slowly as she promised the Court and re-filed cases as she was able to handle the work load and became more knowledgeable in both the law and rules of procedure. **Complaints which had been initially rejected by the Court for failure to state a claim were subsequently accepted when re-written** and allowed to go forward with the exception of one, Hinkle v CBE GROUP, CV 311-091.

4. When this Honorable Court issued a recommendation to dismiss for failure to state a claim in the CBE case, Plaintiff chose not to object or amend for the following reasons:

a. At the same time the Court issued the recommendation to dismiss, Plaintiff was the victim of a house fire and was literally living on a small area of her porch for the duration of the winter while her home was gutted and restored. Plaintiff had another on-going case and without access to an area to work and printers and other office equipment she found it extremely difficult to continue. Plaintiff felt she could not proceed with the CBE case at that

time and therefore did not object to the dismissal. Plaintiff realized too late that she should have filed a voluntary motion to dismiss instead.

b.  The Defendant had never identified ANY possible reason for obtaining her credit report, had not claimed to have been retained by any original creditor, had not stated they had purchased any alleged debt, had not stated the invasion of her privacy was connected in any way with a debt, had not offered her credit or insurance and Plaintiff had never done business with them. Plaintiff gave them more than ample opportunity to do so and filed the action when only after they refused to provide any information. The filing of the suit was not frivolous in any manner.

5. Each and every case filed by Plaintiff was for violations of the consumer protection statutes enacted by Congress for the purpose of enabling consumers to protect and defend their rights under the law. At no time did Plaintiff file any case for reasons of harassment or in bad faith. Plaintiff has over the last two years made a very diligent effort to study and understand the consumer protection statutes under which she initiates litigation. Plaintiff has at all times believed her rights were violated and at all times attempted to resolve the disputes without litigation.

6. The Magistrate has cited in his Recommendation the case *Hinkle v. ARS National Services Inc.* and duly noted that decision is being appealed by the Plaintiff. Plaintiff believes that each suit should stand on its own merits and due process be given all parties to an action to be able to develop their cases through discovery which is denied when summary judgment or dismissal is granted before all relevant evidence can be brought before the trier of fact.

7. This case is not similar to other cases filed previously by the Plaintiff. In fact, Plaintiff waited until later to file this case specifically because it is more complex than any she has been

involved in previously. The alleged violations by the Defendants have been on-going for nearly two years despite multiple attempts by Plaintiff to resolve them and they continue to this day.

8. In relation to the Recommendation of the Magistrate Judge on the dismissal of claims under 15 U.S.C. § 1681s-2(b) against MCM and Midland, Plaintiff states the following: Plaintiff, upon careful reading of the Magistrate's Recommendation, realizes she failed to properly state her claims under 15 U.S.C. § 1681s-2(b). Defendants reported, and continue to report, false and erroneous information to the credit reporting agencies. While those actions in themselves do not afford a private right of action, Plaintiff failed to properly articulate that those actions continue as a direct result of their failure to properly reinvestigate when Plaintiff had disputed the information multiple times in the past. Defendants did indeed knowingly provide false information as a direct result of their failure to properly reinvestigate as required in 15 U.S.C. § 1681i(a)(1).

WHEREFORE, the Plaintiff requests this Honorable Court enter an order granting Plaintiff leave to amend her Complaint to properly state her claims under 15 U.S.C. § 1681s-2(b) taking into account what is outlined above. Plaintiff does not argue dismissal by the Court of the 15 U.S.C. § 1692g claim relating to the thirty day validation letter.

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle<br>　　　Plaintiff,<br><br>vs<br><br>MIDLAND CREDIT<br>MANAGEMENT INC.<br>MIDLAND FUNDING LLC.<br>ENCORE CAPITAL GROUP INC.<br>　　　Defendants. | )<br>)<br>)<br>)　Case No 3:13-CV-00033<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copy of Plaintiff's Opposition and Memorandum in Support to Order of the Court Dismissing Allegations of 15 U.S.C. § 1681s-2 by first class mail USPS to all parties listed below.

Dated: June 10, 2013

_Teri L. Hinkle_
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

Certificate of Service Page 1 of 2

Midland Credit Management Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Midland Funding LLC.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Encore Capital Group Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
2711 Centerville Road, Suite #400
Wilmington, DE 19808

Hinkle
333 Bethel St.
Eastman, GA
31023

Clerk U.S. District Court
P.O. Box 1130
Augusta, Georgia
30903



U.S. POSTAGE PAID
EASTMAN, GA
31023
JUN 10 '13
AMOUNT
$1.12