# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2013 JUN 14  PM 3: 24

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK
SO. DIST. OF GA.

DUBLIN DIVISION

TERI LYNN HINKLE,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )          CV 313-033
                                     )
MIDLAND CREDIT MANAGEMENT,           )
INC., et al.,                        )
                                     )
            Defendants.              )

---

**O R D E R**

---

*Pro se* Plaintiff brought the above-captioned case asserting various claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *eq seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court screened her complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).  In an Order issued on May 30, 2013, the Court found that Plaintiff's complaint arguably stated viable claims pursuant to a number of provisions of the FCRA and the FDCPA; accordingly, the Court ordered that service of process be effected on the three named Defendants.  (Doc. no. 3.)  In a simultaneously issued Report and Recommendation ("R&R"), the Court recommended dismissal of Plaintiff's claims concerning alleged violations of 15 U.S.C. § 1681s-2 by Defendants MCM and Midland, as well as her claims concerning alleged violations of 15 U.S.C. § 1692g by Defendant MCM. (Doc. no. 4.)

This case is presently before the Court on Plaintiff's "Opposition and Memorandum

in Support to Order of the Court Dismissing Allegations of 15 U.S.C. § 1681s-2," wherein

she leave to amend her complaint to "properly state her claims under 15 U.S.C. § 1681s-

2(b)." (Doc. no. 6, p. 4.) While several parties have been served with a copy of Plaintiff's

original complaint, no party has yet responded to the complaint. Therefore, pursuant to Fed.

R. Civ. P. 15(a), Plaintiff may file an amended complaint. Moreover, the Court is mindful

that Plaintiff is proceeding *pro se* in this matter, and recognizes that "[g]enerally, where a

more carefully drafted complaint might state a claim, a plaintiff must be given at least one

chance to amend the complaint . . . ." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir.

2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)) (punctuation omitted).

Thus, Plaintiff's motion for leave to file an amended complaint is **GRANTED** (doc. no. 6),

and the Court **DIRECTS** Plaintiff to file an amended complaint within **fourteen (14) days**

of the date of this Order.

Plaintiff is cautioned that the Court will not allow her to amend her complaint in a

piecemeal fashion by providing new allegations to be read in conjunction with her original

complaint. Rather, Plaintiff's amended complaint shall supersede and replace in its entirety

her original complaint. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243

(11th Cir. 2007) (*per curiam*); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir.

2007). Moreover, the amended complaint must be printed legibly or typed so that the Court

may discern Plaintiff's claims. It must contain a caption that clearly identifies, by name, each

party that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's

amended complaint must contain sequentially numbered paragraphs containing only one

alleged act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended

2

complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.  While Plaintiff may attach exhibits to her amended complaint, she shall not incorporate them by reference as a means of providing the factual basis for her complaint.[1]  Thus, Plaintiff must name the parties whom she seeks to include as defendants herein in both the caption and the body of her amended complaint and may not rely on the fact that the parties are named in the exhibits attached to her amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in her amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that she wishes the Court to consider as a basis for awarding the relief sought.

Upon submission of Plaintiff's amended complaint, the Court will screen that complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint.  If Plaintiff fails to file an amended complaint as instructed in this Order, the Court will presume that she does not wish to amend her original pleadings, and the Court's May 30th

---

[1]For example, Plaintiff should not simply state, "See attached documents."

R&R will be submitted to the presiding District Court Judge for consideration based on the

allegations set forth in Plaintiff's original complaint.

SO ORDERED this 14ᵗʰ day of June, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4