**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| and ENCORE CAPITAL GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANTS**
**MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND**
**ENCORE CAPITAL GROUP, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Midland Defendants"), submit their Answer and Defenses to Plaintiff's First Amended Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In submitting their Answer and Defenses to the Complaint, the Midland Defendants deny all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically deny any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

**ANSWER**

In response to the specific enumerated paragraphs in the Complaint, the Midland Defendants respond as follows:

1.      The Midland Defendants admit the allegations in Paragraph 1.

1

2.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, deny those allegations.

3.      The Midland Defendants admit that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, but deny that they violated the FCRA, or any other laws, and deny that Plaintiff is entitled to any relief from the Midland Defendants in this action.

4.      The Midland Defendants admit that Plaintiff purports to bring this action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but deny that they violated the FDCPA, or any other laws, and deny that Plaintiff is entitled to any relief from the Midland Defendants in this action.  The Midland Defendants deny the remaining allegations in Paragraph 4.

5.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, deny those allegations.

6.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, deny those allegations.

7.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny those allegations.

8.      The Midland Defendants state that Encore is a for-profit corporation organized in Delaware with its principal place of business in San Diego, California and that one of its registered agents for service of process is Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, Delaware  19808.  The Midland Defendants deny the remaining allegations in Paragraph 8.

9.      The Midland Defendants state that Midland Funding is a for-profit limited

liability company organized in Delaware, is a wholly-owned indirect subsidiary of Encore, and its registered agent for service of process is Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.  The Midland Defendants deny the remaining allegations in Paragraph 9.

10.     The Midland Defendants state that MCM is a for-profit corporation organized in Kansas with its principal place of business in San Diego, California, it is a wholly-owned subsidiary of Encore, and its registered agent for service of process is Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.  The Midland Defendants state that MCM sometimes uses interstate commerce and the mail in collecting delinquent debts.  The Midland Defendants deny the remaining allegations in Paragraph 10.

11.     The Midland Defendants admit that they are separate entities.  The Midland Defendants admit that Plaintiff has named the Midland Defendants as defendants in this lawsuit, but deny that Plaintiff is entitled to any relief from the Midland Defendants in this action.

12.     The Midland Defendants admit the allegations in Paragraph 12.

13.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, deny those allegations.

14.     The Midland Defendants deny the allegations in the second sentence in Paragraph 14.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, deny those allegations.

15.     The Midland Defendants admit that MCM reported information concerning Plaintiff on her three credit files.  The Midland Defendants deny the remaining allegations in Paragraph 15.

16.     The Midland Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 16 and, therefore, deny those allegations.

17.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, deny those allegations.

18.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 17 and, therefore, deny those allegations.  The Midland Defendants deny the remaining allegations in Paragraph 18.

19.     The Midland Defendants admit that on or about December 21, 2011, MCM sent a written communication to Plaintiff advising her that it had purchased her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 19.

20.     The Midland Defendants admit that MCM called Plaintiff on December 27, 2011. The Midland Defendants deny the remaining allegations in Paragraph 20.

21.     The Midland Defendants deny the allegations in Paragraph 21 to the extent they call for a legal conclusion.

22.     The Midland Defendants deny the allegations in Paragraph 22.

23.     The Midland Defendants admit that on or about February 5, 2012, MCM sent a written communication to Plaintiff requesting additional information from her.  The Midland Defendants deny the remaining allegations in Paragraph 23.

24.     The Midland Defendants state that on or about April 5, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 24.

25.     The Midland Defendants deny the allegations in Paragraph 25.

26.     The Midland Defendants state that on or about June 15, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the

remaining allegations in Paragraph 26.

    27.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, deny those allegations.

    28.    The Midland Defendants state that Plaintiff's June 2012 Equifax credit report purportedly cited in Paragraph 28 speaks for itself and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the content cited, the allegations are denied.

    29.    The Midland Defendants state that on or around July 20, 2013, Plaintiff contacted MCM to dispute information on her credit file.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, deny those allegations.

    30.     The Midland Defendants state that on or about July 21, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 30.

    **31.**    The Midland Defendants state that MCM received a letter from Plaintiff via certified mail and that MCM did not respond to that communication.

    **32.**    The Midland Defendants state that MCM received a letter from Plaintiff via certified mail and that MCM did not respond to that communication.  The Midland Defendants deny the remaining allegations in Paragraph 32.

    33.    The Midland Defendants state that on or about July 27, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 33.

    34.    The Midland Defendants deny the allegations in Paragraph 34.

    35.    The Midland Defendants deny the allegations in Paragraph 35 to the extent they

call for a legal conclusion.

36.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, deny those allegations.

37.     The Midland Defendants admit that Encore is the parent company of Midland Funding and MCM. The Midland Defendants deny the allegations in Paragraph 37.

38.     The Midland Defendants admit the allegations in the second sentence in Paragraph 38.  The Midland Defendants deny the remaining allegations in Paragraph 38.

39.     The Midland Defendants deny the allegations in Paragraph 39.

40.     The Midland Defendants state that the content on Encore's website purportedly quoted in Paragraph 40, including the footnote, speaks for itself and to the extent that Plaintiff misquotes, misstates, or takes out of context the content quoted, the allegations are denied.

41.     The Midland Defendants deny the allegations in Paragraph 41.

42.     The Midland Defendants deny the allegations in Paragraph 42.

43.     The Midland Defendants deny the allegations in Paragraph 43.

44.     The Midland Defendants deny the allegations in Paragraph 44.

45.     The Midland Defendants deny the allegations in Paragraph 45.

46.     The Midland Defendants deny the allegations in Paragraph 46

47.     The Midland Defendants deny the allegations in Paragraph 47.

48.     The Midland Defendants deny the allegations in Paragraph 48.

49.     The Midland Defendants deny the allegations in Paragraph 49, including all subparts.

50.     The Midland Defendants deny the allegations in Paragraph 50.

51.     The Midland Defendants deny the allegations in Paragraph 51.

52.     The Midland Defendants state that the amendments to the FCRA purportedly referenced in Paragraph 52 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provisions referenced, the allegations are denied

53.     The Midland Defendants deny the allegations in Paragraph 53.

54.     The Midland Defendants state that the provisions of the FCRA purportedly cited in Paragraph 54 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 54.

55.     The Midland Defendants deny the allegations in Paragraph 55.

56.     On information and belief, the Midland Defendants admit the allegations in Paragraph 56.

57.     The Midland Defendants deny the allegations in Paragraph 57.

58.     The Midland Defendants deny the allegations in Paragraph 58.

59.     The Midland Defendants state that the authority purportedly cited in Paragraph 59, including all subparts, speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the authority cited, the allegations are denied.

60.     The Midland Defendants state that the provisions of 15 U.S.C. § 1692g purportedly quoted in Paragraph 60 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision quoted, the allegations are denied.

61.     The Midland Defendants deny the allegations in Paragraph 61, including all subparts.

62.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681n purportedly quoted in Paragraph 62 speak for themselves, and to the extent that Plaintiff misquotes, misstates, or takes out of context the provision quoted, the allegations are denied. The Midland Defendants deny the remaining allegations in Paragraph 62.

63.     The Midland Defendants deny the allegations in Paragraph 63.

64.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–63 as though fully set forth herein.

65.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, deny those allegations.

66.     The Midland Defendants deny the allegations in Paragraph 66 to the extent they call for a legal conclusion.

67.     On information and belief, the Midland Defendants admit the allegations in Paragraph 67.

68.     The Midland Defendants deny the allegations in Paragraph 68 to the extent they call for a legal conclusion.

69.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681b purportedly quoted in Paragraph 69 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision quoted, the allegations are denied.

70.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681b purportedly quoted in Paragraph 70 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision quoted, the allegations are denied.

71.     The Midland Defendants state that Plaintiff has not applied for credit with, has not applied for employment with, has not applied for insurance with, or received a bona fide offer of credit from the Midland Defendants.  The Midland Defendants deny the remaining allegations in Paragraph 71.

72.     The Midland Defendants deny the allegations in Paragraph 72.

73.     The Midland Defendants deny the allegations in Paragraph 73.

74.     The Midland Defendants deny the allegations in Paragraph 74.

75.     The Midland Defendants deny the allegations in Paragraph 75.

76.     The Midland Defendants deny the allegations in Paragraph 76.

77.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681s-2(b) purportedly cited in Paragraph 77 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.

78.     The Midland Defendants deny the allegations in Paragraph 78.

79.     The Midland Defendants state that Plaintiff sent communications to MCM and that the parties did not settle this case prior to Plaintiff filing the lawsuit.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and, therefore, deny those allegations and deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 79.

80.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–79 as though fully set forth herein.

81.     The Midland Defendants deny the allegations in Paragraph 81.

82.     The Midland Defendants deny the allegations in Paragraph 82.

83.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681s-2(b) purportedly cited in Paragraph 83 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.

84.     The Midland Defendants deny the allegations in Paragraph 84.

85.     The Midland Defendants state that Plaintiff sent communications to MCM and that the parties did not settle this case prior to Plaintiff filing the lawsuit.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and, therefore, deny those allegations and deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 85.

86.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–85 as though fully set forth herein.

87.     The Midland Defendants state that the content on Encore's website purportedly cited in Paragraph 87 speaks for itself and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the content cited, the allegations are denied.

88.     The Midland Defendants deny the allegations in Paragraph 88.

89.     The Midland Defendants deny the allegations in Paragraph 89 and deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 89.

90.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–89 as though fully set forth herein.

91.     The Midland Defendants deny the allegations in Paragraph 91.

92.     The Midland Defendants deny the allegations in Paragraph 92.

93.     The Midland Defendants deny the allegations in Paragraph 93.

94.     The Midland Defendants state that the provisions of the FDCPA purportedly quoted in Paragraph 94 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 94.

95.     The Midland Defendants deny the allegations in Paragraph 95.

96.     The Midland Defendants state that the content on Encore's website purportedly cited in Paragraph 96 speaks for itself and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the content cited, the allegations are denied.

97.     The Midland Defendants deny the allegations in Paragraph 97.

98.     The Midland Defendants deny the allegations in Paragraph 98.

99.     The Midland Defendants deny the allegations in Paragraph 99.

100.    The Midland Defendants deny the allegations in Paragraph 100.

101.    The Midland Defendants deny the allegations in Paragraph 101.

102.    The Midland Defendants deny the allegations in Paragraph 102 to the extent they call for a legal conclusion.

103.    The Midland Defendants state that the provisions of the FDCPA purportedly quoted in Paragraph 103, including the footnote, speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.  The Midland Defendants deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 103.

104.    The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–103 as though fully set forth herein.

105.    The Midland Defendants deny the allegations in Paragraph 105.

106.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 106 and, therefore, deny those allegations.  The Midland Defendants deny the remaining allegations in Paragraph 106.

107.    The Midland Defendants state that the provisions of the TCPA purportedly quoted in Paragraph 106, including all subparts, speak for themselves, and to the extent that Plaintiff misquotes, misstates, or takes out of context the provision cited, the allegations are denied.

108.    The Midland Defendants deny the remaining allegations in Paragraph 108.

109.    The Midland Defendants deny the allegations in Paragraph 109.

110.    The Midland Defendants state that the provisions of the TCPA purportedly quoted in Paragraph 110, including all subparts, speak for themselves, and to the extent that Plaintiff misquotes, misstates, or takes out of context the cited provision, the allegations are denied.  The Midland Defendants deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 110.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, the Midland Defendants plead the following defenses to Plaintiff's Complaint.  The Midland Defendants reserve the right to assert additional defenses that they learn through the course of discovery.

## First Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim against the Midland Defendants upon which relief can be granted.

12

## Second Defense

The Midland Defendants reserve the right to compel arbitration as agreed to in the contract between Plaintiff and creditor.

## Third Defense

Plaintiff's claims should be dismissed because the Midland Defendants did not violate any provisions of the FDCPA.

## Fourth Defense

Plaintiff's claims should be dismissed because the Midland Defendants did not violate any provisions of the FCRA.

## Fifth Defense

Plaintiff's claims should be dismissed because the Midland Defendants did not violate any provisions of the TCPA.

## Sixth Defense

Plaintiff's claims should be dismissed because any alleged violations of the FDCPA by the Midland Defendants were the result of a *bona fide* error, were unintentional, and resulted notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## Seventh Defense

The Midland Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

## Eighth Defense

Plaintiff has not alleged any injury in fact.

**Ninth Defense**

Plaintiff has not sustained damages and does not have standing to assert any of the causes of action asserted in the Complaint.

**Tenth Defense**

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of the Midland Defendants.

**Eleventh Defense**

At all material times, the Midland Defendants complied with any and all applicable statutory and regulatory provisions of the FCRA, FDCPA, and the TCPA.

**Twelfth Defense**

At all times, the Midland Defendants acted in good faith and without malice or intent to injure Plaintiff or to violate federal law.

**Thirteenth Defense**

The Midland Defendants did not make false representations or engage in deceptive practices in connection with the collection of an alleged debt from Plaintiff.

**Fourteenth Defense**

The Midland Defendants assert and aver herein all defenses and limitations of remedy available to them under the FCRA, FDCPA, TCPA, and/or any other statute applicable to this case.

**Fifteenth Defense**

The Midland Defendants assert that Plaintiff consented to receiving calls on her home telephone.

**Sixteenth Defense**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

**Seventeenth Defense**

Plaintiff's Complaint seeks the imposition of punitive damages.  The Midland Defendants adopt by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

**Eighteenth Defense**

Plaintiff cannot establish the standard of willfulness under the FCRA as articulated by the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47  (2007).

**Nineteenth Defense**

The Midland Defendants deny each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

WHEREFORE, having fully answered Plaintiff's Complaint, the Midland Defendants pray for judgment as follows:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiff;

(2) that the claims against the Midland Defendants be dismissed;

(3) that the Midland Defendants recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(4) that the Midland Defendants recover such other and additional relief as the Court

deems proper.

      Respectfully submitted this 1st day of October, 2013.

                    KING & SPALDING LLP

                    /s/  Tully T. Blalock
                    Tully T. Blalock
                    Georgia Bar No. 476098

                    1180 Peachtree Street, N.E.
                    Atlanta, Georgia  30309
                    Telephone:  (404) 572-4600
                    Fax:  (404) 572-5100
                    Email:  TBlalock@kslaw.com

                    **Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that I presented the foregoing **ANSWER AND DEFENSES OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification to the following counsel of record:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

              /s/  Tully T. Blalock
              Tully T. Blalock
              Georgia Bar No. 476098

              1180 Peachtree Street, N.E.
              Atlanta, Georgia  30309
              Telephone:  (404) 572-4600
              Fax:  (404) 572-5100
              Email:  TBlalock@kslaw.com

              **Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**