**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 22 A ₧ 24

CLERK _____

| | |
|---|---|
| **Teri Lynn Hinkle** <br> *Plaintiff,* <br><br> vs <br><br> **MIDLAND CREDIT MANAGEMENT INC.** <br> **MIDLAND FUNDING, LLC.** <br> **ENCORE CAPITAL GROUP INC.** <br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Case No. 3:13-CV-00033**

## PLAINTIFF'S NOTICE OF FILING A MOTION TO TAKE NOTICE OF AND TO CORRECT PREMATURE LIFTING OF STAY ON CONDITIONAL TRANSFER ORDER (CTO-10)

Plaintiff Teri Lynn Hinkle has filed a Motion to Take Notice and to Correct Premature Lifting of Stay on Conditional Transfer Order (CTO-10) with the Judicial Panel on Multidistrict Litigation (*See Exhibit 2*). Plaintiff did in fact file an objection to CTO-10 on October 14, 2013 at 9:55 am EST. by fax which was received by the Panel Clerk thereby objecting to the transfer of the this case as a "tag-along action" pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML).

Plaintiff further notices the Court that this instant action is no longer ripe for inclusion in the Multidistrict Litigation, MDL No: 2286 as it does not contain TCPA allegations. The remaining counts within this case do not overlap factually or legally with any TCPA issues upon which the Multidistrict Litigation is based.

1

Plaintiff has effectively been denied due process in this matter due to the fact that no Motion to Transfer was filed into this docket or served upon Plaintiff affording her the opportunity to oppose. Only after the time limit for opposition was effectively expired was she made aware that the transfer was being sought. Plaintiff had a telephone conversation with Defendant's counsel who informed her that **IF** her client made an offer of settlement and Plaintiff chose not to accept it that the Defendants would then move to "sweep the case into the MDL". Plaintiff was told that counsel for the Defendants would get back to her the following week concerning possible settlement. Instead Defendants went forward with the transfer effort without noticing the Plaintiff and affording her the opportunity to oppose pursuant to the JPML Rules.

Respectfully Submitted, October 14, 2013

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
Plaintiff

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

## MDL No. 2286 – In Re: MIDLAND CREDIT MANAGEMENT,
## INC., TELEPHONE CONSUMER PROTECTION
## ACT LITIGATION

*Teri Lynn Hinkle v Midland Credit Management, Inc., Midland Funding L.L.C., Encore Capital Group, Inc.*, S.D. Georgia, Dublin Div., No. 3:13-00033

## MOTION TO TAKE NOTICE OF AND TO CORRECT PREMATURE LIFTING OF STAY ON CONDITIONAL TRANSFER ORDER (CTO-10)

Plaintiff, Teri Lynn Hinkle hereby states that her Notice of Opposition to Conditional Transfer Order (CTO-10) was faxed to the Clerk of the Panel at Fax number 202-502-2888 on October 14, 2013 at 9:55 am EST. Yet on this day, October 16, 2013 the stay on the Conditional Transfer Order (CTO-10) was improperly lifted without adherence to JPML Rule 4.1(a) "The Panel's notice of electronic filing shall constitute service of pleadings." (See exhibit 2 attached).

Not only is Plaintiff proceeding Pro Se in this action but also In Forma Pauperis. Plaintiff is without funds to pay for overnight delivery by United States Postal Service and has no "free" access to fax either. The Conditional Transfer Order (CTO-10) was not even delivered to Plaintiff until late on Friday, October 11, 2013 which commenced a federal holiday weekend. The order stated Plaintiff had until the 15th of October to file an Opposition, effectively prejudicing Plaintiff by eliminating a major portion of the time she had to respond. Even if the Plaintiff had the funds to overnight an Opposition through the USPS she could not have done so on a weekend or the following Monday as the USPS was closed for the holiday.

Plaintiff is being denied equal access to the court in that she is denied access to the CM/ECF system and is instead burdened with a debilitating reduction in time to respond which precludes normal use of the United States Postal Service and reasonable delivery of pleadings.

This is the second instance of denial of due process in that the Notice of Transfer action was also not delivered to Plaintiff until the time to properly respond was effectively expired. There was never a Notice of Transfer entered into the domestic Court to date thus denying Plaintiff her 21 days to object. Further, there were no documents filed into the docket in the domestic court regarding the MDL until the Clerk's notice lifting the stay improperly today, October 16, 2013.

WHEREFORE the Plaintiff requests that the Court direct the clerk to correct the record and re-instate the stay so that she may timely file her Motion to Vacate the Conditional Transfer Order (CTO-10).

Respectfully Submitted,

Teri Lynn Hinkle

322 Bethel Street, Eastman, GA 321023

478-374-4132

queensongbird@gmail.com

Plaintiff

# EXHIBIT 2



# BEFORE THE JUDICIAL PANEL ON

# MULTIDISTRICT LITIGATION

## MDL No. 2286 – In Re: MIDLAND CREDIT MANAGEMENT,

## INC., TELEPHONE CONSUMER PROTECTION

## ACT LITIGATION

*Teri Lynn Hinkle v Midland Credit Management, Inc., Midland Funding L.L.C., Encore Capital Group, Inc.,* S.D. Georgia, Dublin Div., No. 3:13-00033

### CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's MOTION TO TAKE NOTICE OF AND TO CORRECT PREMATURE LIFTING OF STAY ON CONDITIONAL TRANSFER ORDER (CTO-10) was faxed to the Clerk of the Panel at Fax number 202-502-2888 on October 17, 2013. Per Panel Rule 3.3(c)(ii) The Clerk of the Panel shall endorse the date for filing on all pleadings submitted for filing, and file the same into CM/ECF. Per Panel Rule 4.1(a)  The Panel's notice of electronic filing shall constitute service of pleadings. Registration/possession by counsel of a CM/ECF account with any United States federal court shall be deemed consent to receive electronic service of all pleadings. All known counsel receive filings by CM/ECF and are listed in the Service List below.

By: _____

Teri Lynn Hinkle (Plaintiff)

### SERVICE LIST

Amy M. Gallegos, Esq.
agallegos@jenner.com
Jenner & Block, LLP
633 West 5th Street
Los Angeles, CA  90071-2054
Phone: 213 239-2208
Fax: 213 239-2218
*Attorneys for Defendants*
Midland Funding LLC
Midland Credit Management Inc
Encore Capital Group Inc

1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I faxed a copy of the foregoing to the Clerk of the Panel and that I presented a copy of the foregoing by First Class Mail on October 17, 2013 to the following parties:


Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309


Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

Plaintiff, Case 3:13-cv-00033





U.S. POSTAGE
PAID
EASTMAN, GA
OCT 31 2013
AMOUNT
$1.12
00030247-1

30903



Clerk of District Court
P.O. Box 1130
Augusta, Georgia
30903