FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV -8  AM 9: 44

CLERK _C. Adams_
SO. DIST. OF GA.

_Nov. 5, 2013_
NUNC PRO TUNC DATE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff*, )
)
                                           ) Case No 3:13-cv-00033
vs )
)
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants*. )
)

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference: October 28, 2013

2. Parties or counsel who participated in conference:

   Plaintiff:    Teri Lynn Hinkle
                      322 Bethel Street
                      Eastman, Georgia
                      Tel.: 478-374-4132
                      queensongbird@gmail.com

   Defendant:  Keasha Ann Broussard
                      King & Spalding LLP
                      1180 Peachtree Street, N.E.
                      Atlanta, Georgia 30309
                      Tel.: 404-215-5725
                      ABroussard@kslaw.com

3. If any defendant has yet to be served, please identify the defendant and state when service is expected: <u>None known at this time</u>.

4. Date the Rule 26(a)(1) disclosures were made or will be made:

Plaintiff: <u>Within fourteen (14) days of October 28, 2013 – Plaintiff respectfully requests Defendant be held to the same commitment.</u>

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

   (a) Identify the party or parties making the objection or proposal: <u>None</u>

   (b) Specify the objection or proposal: <u>N/A</u>

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

   (a) Identify the party or parties requesting additional time: <u>Plaintiff presently requests no additional time beyond the 140-day period.</u>

   (b) State the number of months the parties are requesting for discovery: <u>No additional months beyond the 140-day period.</u>

   (c) Identify the reason(s) for requesting additional time for discovery:

   ____ Unusually large number of parties

   ____ Unusually large number of claims or defenses

   ____ Unusually large number of witnesses

   ____ Exceptionally complex factual issues

   ____ Need for discovery outside the United States

   ____ Other: _____

   (d) Please provide a brief statement in support of each of the reasons identified above: <u>None</u>

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

   (a) Identify the party or parties requesting such limits:

   <u>Plaintiff: Teri Lynn Hinkle</u>

   (b) State the nature of any proposed limits:

   <u>Plaintiff stipulates the request that discovery be strictly limited to issues within the four corners of the complaint and to specific allegations contained therein.</u>

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

   | | |
   |---|---|
   | Last day for filing motions to add | 60 days after issue is joined |
   | Last day for filing motions to add or join Parties or amend pleadings: | 60 days after Rule 26 (f) conference. |
   | Last day to furnish expert witness reports And disclosures by Plaintiff: | 60 days after Rule 26(f) conference |
   | Last day to furnish expert witness reports And disclosures by Defendant: | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
   | Last day to file motions | 30 days after close of Discovery |

   If any party requests a modification of any of these deadlines,

   (a) Identify the party or parties requesting the modification:

   <u>None</u>

    (b)    State which deadline should be modified and the reason supporting the request:

<u>None</u>

9. If the case involves electronic discovery,

    (a)    State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

<u>Plaintiff has stipulated that all electronically stored data, must be provided to Plaintiff in PDF for Word Doc. format and that any data directly connected to the allegations contained within the complaint must be discoverable and provided in written format.</u> **<u>Defendant stated no objection to this stipulation.</u>**

    (b)    Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

10. If the case is known to involve claims of privilege or protection of trial preparation material,

    (a)    State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

<u>Plaintiff has agreed to no such procedures as Defendant has not Provided a draft of scheduling proposal and only vaguely referred to any such possibility during the 26(f) conference. Plaintiff is willing to accept In Camera Review of any documents which raise the issue of privilege but is not at this time aware of what they might be. Plaintiff is also willing to agree to specific protective orders protecting such documents if applicable and reasonable.</u>

    (b)    Identify any issues regarding claims of privilege or protection as to

which the parties have been unable to reach an agreement:

<u>See</u> (a) above.

(c)   Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

<u>None.</u>

11. State any other matters the Court should include in its scheduling order:

<u>None.</u>

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case.  Please state any specific problems that have created a hindrance to the settlement of the case:

This 5th day of November, 2013.

Signed: _____
                    Plaintiff *pro se*

_____
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I presented a copy of the foregoing **INDIVIDUAL RULE 26 (f) REPORT** to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on November 5, 2013.

Sent by U.S.P.S. Mail to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

November 5, 2013

U.S. District Court, Southern District of Georgia, Dublin Division

RE: Case 3:13-cv-00033-DHB-BKE

Attn: Clerk of Court, Cindy Adams

Dear Ms. Adams,

As I related to you over the phone yesterday I have been unable to successfully acquire the cooperation of the opposing counsel to follow through with their commitment to provide me with their draft of the Joint 26(f) Scheduling Proposal. After multiple attempts and broken commitments by opposing counsel up to and through yesterday, November 4, 2013; in order to comply with the deadline for submitting the report to the court, I have enclosed my individual proposed schedule. I hereby formally beg the Court's lenience and forgiveness and request the Court to honor the post mark as I have no access to the CMF/ECF system and therefore must rely on the postal service.

Sincerely,

[signature]



Clerk of Court U.S. Dist Court
P.O. Box 1130
Augusta, Georgia
30903

Hinkle
322 Bethel St.
Eastman, GA
31023