UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27  AM 10: 05

CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle
  *Plaintiff,*

vs

MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING, LLC.
ENCORE CAPITAL GROUP INC.
  *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:13-CV-00033

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Credit Management Inc. to file responses to Plaintiff's outstanding discovery requests.

### A.  Introduction

1. Plaintiff is Teri Lynn Hinkle and defendant is Midland Credit Management Inc, (MCM).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3.  On November 14, 2013, plaintiff served discovery materials including interrogatories and requests for production on MCM US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "1").

4.  Although responses were due to be served to Plaintiff no later than December 14, 2013, MCM failed to serve any responses to interrogatories or requests for production to plaintiff or to contact Plaintiff.

5.  Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Exhibit "2") reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, after 12:00 pm to receive said responses before seeking relief from the Court.

6.  Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2)  and has failed to give any reason for its lack of response or need for an extension of time to respond.

7.  To date the Defendants have knowingly stalled and failed to cooperate with the Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the Plaintiff and hinder her ability to be afforded due process of law. Because MCM failed to respond to the discovery requests, Plaintiff requests the

Court compel MCM to provide the responses in a timely manner so that the Plaintiff may have the requested information to evaluate and request additional discovery if necessary before the discovery deadline.

## B.  Argument and Brief in Support

8.  The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34.  FRCP 37(a)(2)(B).

9.  Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  FRCP 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

10. The Court should grant Plaintiff's motion to compel for the following reasons:

   a.  MCM provided no answers to interrogatories or the requests for production propounded upon them by the plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

   b.  Even though the responses were not served upon Plaintiff within the time allowed by the Federal Rules of Civil Procedure, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond.

c.  Counsel for MCM was fully aware of the time constraint and the extended deadline.

d.  At no time during the period allowed by FRCP 33(b)(2)[1] did MCM or their counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would bar them from serving their responses to the discovery materials propounded upon them by the Plaintiff.

e.  By failing to serve the responses to the interrogatories and requests for production propounded by plaintiff, first in a timely manner and second by the extended deadline given by plaintiff, any objection to this motion by MCM should be denied as it would be nothing more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f.  Defendant has offered no reason or excuse for its failure to comply but rather requested yet more time which would in effect shorten plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g.  Defendant's failure to respond within the time provided by Court Rule warrants entry of an Order Compelling Answers to Interrogatories and Request for Production of Documents. In addition, the Court should deem that the Defendant has waived its objections to any inquiry.

---

[1] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

h.   The failure to file complete Answers to Interrogatories and Request for Production of Documents reasonably has been held to constitute a complete waiver of any right to object to the Interrogatories submitted. See for example, *Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir., 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> **"Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD**

11. Plaintiff states that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.


WHEREFORE, because plaintiff's requests are proper and because MCM has refused to comply with the rules, the Plaintiff requests the Court compel MCM to respond fully, adequately and expeditiously.

DATED this 23rd day of December, 2013

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
  *Defendants.*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BE ANSWERED UNDER OATH BY THE DEFENDANT MIDLAND CREDIT MANAGEMENT INC.

To:    Defendant Midland Credit Management Inc., hereinafter referred to as "MCM", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # **7012 2920 0000 8345 2027** Return Receipt Requested

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.*, of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## GENERAL INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorney, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel and not merely such information as in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

A. **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

B. **"Identify"** when used in connection with documents shall mean the identification in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

C. **"Representatives"** include attorney, employees, agents or other persons acting on your behalf.

D. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

E. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

F. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1. **"You"** includes Midland Credit Management Inc., the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. "You" may also be referenced herein simply as "MCM".

2. **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, des, and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions o receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical )whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording, of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes or any other medium whatsoever.

   For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

       a. The nature of the document (e.g., letter, memorandum, contract, etc.);
       b. The author or sender of the document;
       c. The recipient of the document;
       d. The date the document was authored, sent, and/or received; and
       e. The reason such document is allegedly privileged.

3. **"Person"** includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

4. **"And"** as well as **"for"** shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

5. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

6. **"Concerning"** as used herein, shall include, but not be limited to: "referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

7. The term "ACCOUNT" refers to the alleged account(s) claimed to be within the authority of the defendants in this matter to collect.

## INTERROGATORY INSTRUCTIONS

I. Interrogatories shall be answered in writing under oath (form provided) by the party upon who served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

II. Within 30 days, each question shall be answered separately, fully and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

III. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

IV. The party who is served with the interrogatories shall serve his/her answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

V. The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

VI. If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

VII. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objecting party to notify the Clerk and request a hearing on such objections as remain unsettled.

VIII.   Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

IX.   It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

X.   In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which in any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

XI.   If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1)   Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2)   If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3)   If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4) All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5) You are reasonably to supplement your responses as required by Rule 26(e).

6) Legible copies are requested to be produced in all instances.

7) If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8) When you are asked to "List all documents and the location thereof relating or referring to….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.


## **INTERROGATORIES**


**Interrogatory No. 1**

Identify the person or persons answering these interrogatories.  Include their full name, business address, business phone number, and title within MCM's organization, home address, city of residence and home phone number.

ANSWER:


**Interrogatory No. 2**

Please provide your Full Name, Full Business Name, Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.), Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.)

ANSWER:

**Interrogatory No. 3**

Please provide the following information for each person known to MCM who has knowledge of the facts relevant to this case, including but not limited to all persons interviewed by you, by your counsel or by any person cooperating with you in this action, giving a brief description thereof, for each person you may call as a witness in this case. Include, name, address, telephone number, City of residence; place of employment, business address, phone numbers; relation to MCM; and the subject and substance of the testimony the witness will give and whether or not the witness is to be tendered as an expert witness.

ANSWER:

**Interrogatory No. 4**

Describe MCM's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related in any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

ANSWER:

**Interrogatory No. 5**

MCM or Attorney: Please Identify each person who has had any contact or communication on your behalf or with you regarding Plaintiff, state where, how, when and with whom said contact or communication occurred and in detail and with particularity the substance thereof.

ANSWER:

**Interrogatory No. 6**

Please Identify and describe each exhibit you will use in the trial.

ANSWER:

**Interrogatory No. 7**

State fully, completely and at length the factual basis of each defense which you now assert or intend to assert in this action.

ANSWER:

**Interrogatory No. 8**

Please identify and provide the following information for each person or persons who accessed Plaintiff's credit file on behalf of the Defendant to include; his/her full name, home address, phone number and city of residence; position and/or title within the MCM organization; work address, telephone numbers, employee identifier and dates of employment with MCM.

ANSWER:

**Interrogatory No. 9**

Please Identify and provide the following information for each person or persons who reported trade line information on Plaintiff's credit file on behalf of Defendant to include; his/her full

name, home address, phone number and city of residence; position and/or title within the MCM organization; work address, telephone numbers, employee identifier and dates of employment with MCM.

ANSWER:

**Interrogatory No. 10**

Please provide the following information for each person with any involvement in any manner in any efforts on your behalf to collect or attempt to collect any debt(s) purportedly owing by Plaintiff, to include; his/her full name, home address, phone number and city of residence; position and/or title within the MCM organization; work address, telephone numbers, employee identifier and dates of employment with MCM.

ANSWER:

**Interrogatory No. 11**

If you answered any of the Plaintiff's Requests for Admission with anything other than an unqualified admission, list every individual reason why you did so, describe each factual position and identify all documents which support your answer.

ANSWER:

**Interrogatory No. 12**

Please Identify the cause, and/or person or persons that you alleged in your Docket Entry #29 [Defendants Amended Answer], Affirmative Defense #13; *"Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties or the co-defendant, over which Defendants had no responsibility or control and for which Defendants may not be held liable"*. In identifying that cause, please state the factual basis for your answer, identify any documents that support your answer and identify any third party or co-defendant, person or persons who were involved to include name, home address, telephone numbers, city of residence, place of employment; business name, business address, business telephone numbers; the factual basis for your answer and identify any documents that support your answer.

ANSWER:

**Interrogatory No. 13**

Explain the alleged contractual obligation between you and the Plaintiff.

ANSWER:

**Interrogatory No. 14**

Identify the persons who set up and maintained the original accounting of the alleged debts you have reported and/or are continuing to report to the Plaintiff's consumer report and supply the following:

      a.  During what years were they employed with the original creditor and in what capacity

      b.  What specific training did they receive in relation to their position and the daily performance of their employment?

ANSWER:

**Interrogatory No. 15**

From where did the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s), come from?

ANSWER:

**Interrogatory No. 16**

Identify the person who created the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s).

ANSWER:

**Interrogatory No. 17**

If the information you relied upon in your re-investigation was digital or computer generated records;

      a.  Where did it originate from and where is the main data base maintained;

      b.  who created the digital information; and

      c.  what data storage system is being used?

ANSWER:

## **OATH**

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this ____ day of _____, 2013.


_____

Signature


_____

Print Full Name & Title

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2013, by _____, who is personally known to me or who produced_____ as identification and did take an oath.


NOTARY PUBLIC


SIGN:_____

Seal:

My Commission Expires:

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Interrogatorries to Midland Credit Management Inc. by United States Certified Priority Mail **#7012 2920 0000 8345 2027** Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC
Midland Credit Management Inc.
Encore Capital Group Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
   *Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
   *Defendants.*

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION</u>
## <u>TO DEFENDANT MIDLAND CREDIT MANAGEMENT INC.</u>

To:    Defendant Midland Credit Management Inc., hereinafter referred to as "MCM", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # **7012 2920 0000 8345 2027** Return Receipt Requested

Plaintiff, Teri Lynn Hinkle, serves this request for production on defendant, MCM, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), MCM must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contract Plaintiff to make arrangement prior to date Production is due.

## <u>INSTRUCTIONS</u>

1. Answer each request for production separately by listing the documents and be describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that defendant claims is not discoverable, state:

   1) the information required by the definition of "document" below;

   2) *the author's job title and address;*

   3) the recipient's job title and address;

   4) the name and job title of all persons to whom it was circulated or who saw it;

   5) the name, job title, and address of the person now in possession of the document; and

   6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in the usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to…." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## **DEFINITIONS**

1. **Parties.** The term "plaintiff" or "defendant", as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** Term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letter, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

   a.  the nature of the document (e.g., letter, memorandum, contract, etc.);

   b.  the author or the sender of the document;

   c.  the recipient of the document;

   d.  the date the document was authored, sent, and/or received; and

   e.  the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state:

    a.  any and all names, legal, trade or assumed;

    b.  all addresses used;

    c.  all telephone and tele-fax numbers used; and, if applicable;

        i.  brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

        ii.  employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6.  **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7.  **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information:

    a.  the type of document;

    b.  the general subject matter of the document;

    c.  the date of the document;

    d.  the authors, addresses, and recipients of the document;

    e.  the location of the document;

    f.  the identity of the person or entity who has custody of the document; and

    g.  whether the document has been destroyed, and, if so, the

        i.  date of its destruction,

        ii.  reason for its destruction, and

        iii.  identity of the person who destroyed it.

8.  **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9.  **All/Each.** The terms "all" and "each" should be construed as all and each.

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data Field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data Field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any

disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Credit Worthiness.** The term "Credit Worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

22. **Credit Issuer.** The term "Credit Issuer" means any person, who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for a cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

## REQUEST FOR PRODUCTION NO. 1

Please produce the documents you allege constitute validation of the alleged account(s).

## REQUEST FOR PRODUCTION NO. 2

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

## REQUEST FOR PRODUCTION NO. 3

Produce document(s) evidencing your answer to interrogatory number two (2).

## REQUEST FOR PRODUCTION NO. 4

Produce the policy manuals, procedure manuals, or other documents, which address MCM's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

**REQUEST FOR PRODUCTION NO. 5**

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**REQUEST FOR PRODUCTION NO. 6**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**REQUEST FOR PRODUCTION NO. 7**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**REQUEST FOR PRODUCTION NO. 8**

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

**REQUEST FOR PRODUCTION NO. 9**

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

**REQUEST FOR PRODUCTION NO. 10**

Produce the documents identified in interrogatory number eleven (11).

**REQUEST FOR PRODUCTION NO. 11**

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

**REQUEST FOR PRODUCTION NO. 12**

Produce the documents in MCM's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MCM's un-redacted system notes.

**REQUEST FOR PRODUCTION NO. 13**

Produce a copy of each liability policy issued to MCM which may cover MCM's alleged liability in this suit, including declaration page and/or all endorsements.

**REQUEST FOR PRODUCTION NO. 14**

Produce the records reflecting MCM's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 1681n(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**REQUEST FOR PRODUCTION NO. 15**

Produce the documents that constitute, refer or relate to any communications between MCM and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**REQUEST FOR PRODUCTION NO. 16**

Produce the consumer reports concerning Teri Lynn Hinkle in MCM's possession, custody or control, including any historical, electronic, or archived copies.

**REQUEST FOR PRODUCTION NO. 17**

Produce the documents evidencing each affirmative defense you have alleged.

**REQUEST FOR PRODUCTION NO. 18**

Produce copies of complaints or petitions in any action filed by or against MCM in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

**REQUEST FOR PRODUCTION NO. 20**

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Requests for Production to Midland Credit Management Inc. by United States Certified Priority Mail # **7012 2920 0000 8345 2027**  Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

***Counsel of Record for the Defendants:***
Midland Funding LLC

# EXHIBIT "2"

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To _Tally T. Blalock, King & Spalding LLP_
Street, Apt No; _1180 Peachtree St. N.E._
or PO Box No.
City, State, ZIP+4 _Atlanta, Georgia 30309_

PS Form 3800, August 2006                See Reverse for Instructions

7012 2920 0000 8345 2027

| | | |
|---|---|---|
| Certified | | $2.55 |
| | | $3.10 |
| Label #: | 70122920000083452027 | |
| | | ======== |
| Issue PVI: | | $11.45 |

---

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7012 2920 0000 8345 2027 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

|                              |     |                        |
|------------------------------|-----|------------------------|
| Teri Lynn Hinkle            | )   |                        |
|        *Plaintiff,*          | )   |                        |
|                              | )   | Case No 3:13-cv-00033  |
| vs                           | )   |                        |
|                              | )   |                        |
| MIDLAND CREDIT               | )   |                        |
| MANAGEMENT INC.              | )   |                        |
| MIDLAND FUNDING LLC.         | )   |                        |
| ENCORE CAPITAL GROUP INC.    | )   |                        |
|        *Defendants*.         | )   |                        |
|                              | )   |                        |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOD TO INTERROGATORIES AND PRODUCTION AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock**, **King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**