FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27 AM 10: 05

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle** *Plaintiff*, | ) ) ) ) |
| **vs** | ) **Case No. 3:13-CV-00033** ) ) |
| **MIDLAND CREDIT MANAGEMENT INC. MIDLAND FUNDING, LLC. ENCORE CAPITAL GROUP INC.** *Defendants*. | ) ) ) ) ) ) |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27 AM 10: 05

CLERK _____
SO. DIST. OF GA.

## PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED
## AND MEMORANDUM IN SUPPORT

NOW COMES, the Plaintiff, Teri Lynn Hinkle, and Move this Honorable Court for an Order that certain Admissions be deemed by Midland Credit Management, Inc. (hereinafter "MCM"), for its failure to answer same in a timely manner as required by federal law.

### A.  Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendant is Midland Credit Management Inc., (MCM).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On November 14, 2013, Plaintiff served requests for admissions (*See* Exhibit "A"), on MCM, and did inform Defendant that responses were due within 30 days of service as prescribed by the FRCP and the L.R. of the Southern District of Georgia.

4. Plaintiff did Serve Requests for Admissions upon Defendant by US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "B").

5. Responses to the admissions were due on or before December 14, 2013 as per FRCP 36(a); today is the 39th day after the Requests for Admissions were served on the Defendant – and **NO** Answers have been served on the Plaintiff by the Defendant.

6. No order staying discovery has ever been entered, or requested – in this forum.

7. Plaintiff waited for the responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter reminding Defendant's counsel the responses to the admissions propounded upon the Defendant had not been received. Plaintiff further stated that she would wait until December 23, 2013, by 12:00 pm for a response.

8. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by Fed. R. Civ. P. 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

9. To date the Defendant has knowingly stalled and failed to cooperate with Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the

Plaintiff. The Plaintiff therefore seeks an order from the Court that each and every admission propounded to the Defendant be deemed admitted for its failure to respond or make any objections.

### B. Argument

10. If a party does not adequately respond to a request for admissions, the court may order that the matter be deemed admitted. Fed. R. Civ. P. 36(a); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988).

11. Plaintiff asks the Court to deem the admissions propounded upon MCM admitted because:

   a. The proceedings in this matter have not been stayed, and because the Defendant did fail to timely answer Requests for Admissions, they have been deemed admitted in accordance with FRCP 36(a).

   b. Even though the responses were not served upon Plaintiff within the time allowed by FRCP, Plaintiff extended the time to respond an additional nine days and never received any objection.

   c. Counsel for MCM was fully aware of the time constraint and the extended deadline.

   d. At no time during the period allowed by FRCP 36(a)(3)[1], did MCM or its counsel make ANY good faith attempt to communicate with the Plaintiff as

---

[1] (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney....

to some reason or situation which would keep it from serving its responses to the admissions in a timely manner.

e.  By failing to serve the responses to the admissions propounded by Plaintiff, first in a timely manner and even after an extended deadline given by the Plaintiff, MCM having filed no answers or objections has demonstrated it has no intention of providing them.

f.  Defendant has offered no reason or excuse for its failure to comply.

### C. Conclusion

12. Because MCM has not responded to Plaintiff's request for admissions and no objection has been made the admissions propounded upon them should be deemed admitted.

13. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, Plaintiff therefore respectfully Moves this Honorable Court for an Order to deem all the Requested Admissions admitted for all purposes.

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING LLC.
ENCORE CAPITAL GROUP INC.**
*Defendants.*

## <u>PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
TO DEFENDANT MIDLAND CREDIT MANAGEMENT INC.</u>

To:     Defendant Midland Credit Management Inc., hereinafter referred to as "MCM", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent by U.S. Certified Mail, Return Receipt Requested # **7012 2920 0000 8345 2027**

Pursuant to the Federal Rules of Civil Procedure Rule 26 and 36, and the Local Rules for the Southern District of Florida, Plaintiff, Teri Lynn Hinkle, propounds the following Requests for Admissions to Defendant, MCM, to be answered under oath within thirty (30) days from the time these requests are served as prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Georgia.

### <u>DEFINITIONS</u>

1. **"Document"** means anything which may be considered to be a document or tangible thing within the contemplation of Federal Rule of Civil Procedure 30(b)(6), and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produce in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device, such as tapes, hard or floppy disks, CDs, or mag cards, now or at any time in your possession, custody, or control; and, includes generally and without limiting the generality of the foregoing definitions, any correspondence, letters, telegrams, telexes, cables, transcripts, agreements, contracts, notebooks, calendars,

address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, report or summaries or investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring in whole or in part to any of the foregoing. Without limitation of the word "control" as used in the preceding paragraph, a document shall be deemed to be in your control if MCM has the right to secure the document or a copy therefrom from another person or public or private entity having possession or custody thereof.

2. **"All documents"** means every document and every non-identical copy known to MCM and every such document or writing which MCM can locate or discover by reasonably diligent efforts.

3. **"MCM", "you"** or **"your"** refers to the defendant, Midland Credit Management Group Inc. and/or any attorney or agent performing the services referred to herein or acting on his or its behalf.

4. **"Person"**, includes natural persons and all other legal entities.

5. **"Personal identifying information"** or **"personal identifiers"** as used herein shall mean the name, address, date of birth, Social Security number, "aka" or any other information intended to refer to or identify the plaintiff within a consumer report, consumer disclosure or file maintained or issued by any of the defendants.

6. **"Subscriber"** as used herein shall refer to any entity that furnishes consumer credit information, account data and/or personal identifying information to defendants and is allowed to access consumer credit information, account data and/or personal identifying information from defendants.

7. The terms **"identify", "identity",** or **"identification"**, shall have the following meanings: **(a)** when used in reference to an individual natural person shall mean to state the name, the present or last known business and resident addresses, the current business affiliation and position, and the position during the time specified of said individual; **(b)** when used in reference to any other entity included within the definition of "person," above, shall mean to state the current or last names, if any, the present or last known business address, the nature of the business, and the identity of the chief executive officer(s) and/or general manager(s) throughout the specified time period, of said entity: **(c)** when used in reference to a document shall mean to state the following: **(i)** the date of its preparation; **(ii)** the identity of its author and of any individual involved in its preparation and/or its production; **(iii)** what type of document it is (e.g., letter, chart, memorandum, etc.) or some other designation by which to identify it: **(iv)** its contents; **(v)** its present custodian or its location; and, **(vi)** the identification of all persons for whom it

was prepared, or who received copies of it, re-surveys, graphs, charts, photographs, phonographs, film, tapes, discs, drums, printouts, and all other data whether recorded by electronic or any other means. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be identified.

8. **"FCRA"** means the Fair Credit Reporting Act, 15 U.S.C. 1681, et. seq.

9. **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

10. **"Consumer Report"** has the same meaning as defined under the FCRA.

11. **"Credit Report", "Credit File",** or **"Consumer File"** has the same meaning as **"Consumer Report".**

12. **"Inaccurate"** means "patently incorrect" or when it is "misleading in such a way and to such an extent that it can be expected to have an adverse effect".

13. **"Account"** means Trade Line reported to a Credit Reporting Agency.

14. **"Consumer Reporting Agency"** or **"Consumer Reporting Agencies"** Means Trans Union, and/or Equifax, and/or Experian.

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of The Federal Rules of Civil Procedure, plaintiff requests the defendant to admit or deny the truth of the following for the purposes of this action only:

**Request for Admission No. 1**

Admit or Deny: MCM destroyed documents relating to Teri Lynn Hinkle, containing information about Teri Lynn Hinkle or which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**Request for Admission No. 2**

Admit or Deny: MCM has been named in similar consumer lawsuits to this one within the past four years.

**Request for Admission No. 3**

Admit or Deny: MCM did rely solely on representations of a third party with regard to Teri Lynn Hinkle.

**Request for Admission No. 4**

Admit or Deny: No contract exists between Teri Lynn Hinkle and MCM.

**Request for Admission No. 5**

Admit or Deny: The Plaintiff has no legal obligation to pay you any money.

**Request for Admission No. 6**

Admit or Deny: No verified evidence exists to prove MCM's defense in this matter.

**Request for Admission No. 7**

Admit or Deny: MCM has provided consumer reports regarding Plaintiff to third parties.

**Request for Admission No. 8**

Admit or Deny: Teri Lynn Hinkle did not request any credit from MCM nor did she have any valid account with MCM.

**Request for Admission No. 9**

Admit or Deny: At no time did either MCM or MCM's employees have Teri Lynn Hinkle's permission to obtain her consumer credit reports.

**Request for Admission No. 10**

Admit or Deny: MCM and MCM's employee(s) obtained Teri Lynn Hinkle's consumer credit report under false pretenses.

**Request for Admission No. 11**

Admit or Deny: MCM has written procedures regarding the investigation and/or re-investigation of consumer credit report disputes.

**Request for Admission No. 12**

Admit or Deny: No employee from MCM ever telephoned the plaintiff, Teri Lynn Hinkle to verify or question the accuracy of her disputes.

**Request for Admission No. 13**

Admit or Deny: MCM did conduct a reasonable re-investigation with regard to Teri Lynn Hinkle.

**Request for Admission No. 14**

Admit or Deny: Admit or Deny: MCM has published the alleged Account(s) as belonging to Teri Lynn Hinkle

**Request for Admission No. 15**

Admit or Deny: You paid less for the electronic information than you attempted to collect from the Plaintiff.

**Request for Admission No. 16**

Admit or Deny: Any claim on your part that the Plaintiff is indebted to you arose out of a purchase of digital information purportedly containing the personal identifiers of the Plaintiff.

**Request for Admission No. 17**

Admit or Deny: You did call the Plaintiff in an attempt to collect an alleged debt.

**Request for Admission No. 18**

Admit or Deny: In response to the CDV forms that it received from Credit Reporting Agencies, MCM conducted an investigation of plaintiff's dispute within thirty (30) days of its receipt of the CDV forms.

**Request for Admission No. 19**

Admit or Deny: The employees of MCM who participated in investigating/re-investigating plaintiff's disputes and completed CDV forms verified the information that MCM had reported about the alleged Account[s].

**Request for Admission No. 20**

Admit or Deny: MCM's employees sent Credit Reporting Agency CDV forms that indicated that MCM had conducted an investigation and verified the information about the alleged Account[s] as accurate.

**Request for Admission No. 21**

Admit or Deny: You do not possess copies of the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**Request for Admission No. 22**

Admit or Deny: MCM subscribes to a liability insurance policy issued to MCM which may cover MCM's alleged liability in this suit.

**Request for Admission No. 23**

Admit or Deny: You did not review the original file of any account purported to belong to the Plaintiff.

**Request for Admission No. 24**

Admit or Deny: That you threatened adverse action against the Plaintiff after Plaintiff demanded validation.

**Request for Admission No. 25**

Admit or Deny: You have no legal basis to collect any monies from the Plaintiff.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Admissions to Midland Credit Management Inc. by United States Certified Priority **# 7012 2920 0000 8345 2027** Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC.
Midland Credit Management Inc.
Encore Capital Group Inc.

# EXHIBIT "B"

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0000 8345 2027

Sent To _Tally T. Blalock, King & Spalding CLP_
Street, Apt No.; _1180 Peachtree St. N.E_
or PO Box No.
City, State, ZIP+4 _Atlanta, Georgia, 30309_

PS Form 3800, August 2006          See Reverse for Instructions

```
                          (USB Card 6)       $2.55
W Certified                                  $3.10
Label #:
               70122920000083452027
                                         ========
Issue PVI:                                 $11.45
```

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
(Transfer from service label)     7012 2920 0000 8345 2027

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff,* )
     )     Case No 3:13-cv-00033
vs )
     )
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants.* )
     )

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock**, **King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**