# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 13  AM 10: 23

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Teri Lynn Hinkle )
   *Plaintiff*, )
 )
vs ) Case No. 3:13-CV-00033
 )
MIDLAND CREDIT )
MANAGEMENT, INC. )
MIDLAND FUNDING, LLC. )
ENCORE CAPITAL GROUP, INC. )
   *Defendants*. )
 )

## PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANT TO PROPERLY RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Credit Management, Inc. to properly answer and serve responses to the Plaintiff's outstanding discovery requests.

### A. Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendant is Midland Credit Management, Inc., (MCM).

2. Plaintiff sued Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

3. On November 14, 2013 plaintiff served discovery materials including interrogatories, requests for production and admissions on MCM via USPS Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested.

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, MCM failed to serve any responses to interrogatories, requests for production or admissions to plaintiff or to contact Plaintiff by that date.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Dk.32 Exhibit "2") reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, at 12:00 pm EST to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and had failed to give any reason for its lack of response or need for an extension of time to respond. The Plaintiff stated she would not wait until after the first of the year and the stated deadline of December 23, 2013 was firm.

7. The Plaintiff mailed Motions to Deem Admissions Admitted and Motions to Compel responses to interrogatories and requests for production, (*See* Dk. 32 & 33) on December 23, 2013 several hours after Defendant failed to respond to the second deadline of December 23, 2013.

8. Defendant attempted to answer discovery later in the evening of December 23, 2013 via email. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9. Also on December 23, 2013, Defendant's counsel emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what specific information, documents or testimony Defendant expected to be deemed protected or privileged. In addition the draft identified the case it pertained to as **"Civil Action No. 3:13-cv-00033, *Edward Crespo v. Midland Credit Management, Inc., et. al*, pending in the United States District Court for the Southern District of Georgia, Dublin Division."** Plaintiff answered the email pointing out the obvious misstatement and further stated she would not agree to a blanket protective order designed to encompass anything and everything the Defendant might claim to be privileged or protected and they would need to be far more specific. To date, Plaintiff has not received a second draft Protective Order to review.

10. On December 26, 2013 the Plaintiff received via UPS the identical hard copies of the discovery responses previously sent by email contrary to this Honorable Courts order to effect service of filings using "United States Postal Service"[1]. (*See* Dk. 23).

11. The responses were sent via UPS using overnight delivery service on the night of December 23, 2013. According to FRCP 5(b)(2), service through the U.S. Postal

---

[1] Docket 23, pg 1, fn 1... "Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service."

Plaintiff's Amended Motion to Compel and Memorandum in Support   Page 3 of 13

Service is considered mailing but the use of UPS is not. ***Prince v Poulos***, 876 F.2d 30, 32 n.1 (5th Cir. 1989). Courts have held that service by private courier. (e.g., FedEx, UPS) does not constitute service by mail for purposes of FRCP 5. *E.g.*, ***Magnuson v. Video Yesteryear***, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (delivery to FedEx did not satisfy requirements of FRCP 5(b)); ***Audio Enters. v. B&W Loudspeakers***, 957 F.2d 406, 409 (7th Cir. 1992) (same); Prince, 876 F.2d at 32 n.1 (same); *see* 4B ***Wright & Miller*** §1148.

12. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Attorney of Record, Tully T. Blalock and were not certified under oath by any authorized agent or employee of the Defendant which is contrary to the requirements of FRCP 33(b)(5). Further, each Certificate of Service signed by Mr. Blalock, sent with the responses contained a statement that the foregoing had been presented to the Plaintiff by United States Mail. UPS is not United States Mail.

13. After receiving the hard copies identical to the responses sent via email, the Plaintiff attempted to reach Defendant's counsel by telephone multiple times and left messages. The purpose of the call which was to discuss and confer with counsel regarding the numerous deficiencies contained in the responses to discovery requests. When unable to reach counsel by phone Plaintiff sent an email informing counsel that she expected to be contacted no later than December 31, 2013 at 12:00 noon EST. so that she could amend her pending motions to compel in a timely manner as she had previously stated in her Notice to the Court.

14. Within minutes of sending the email counsel telephoned the Plaintiff and admonished her for having filed the original motions to compel and denied that the deadline of noon on the December 23 had been given even though that date and time had been communicated in writing both by email and by certified mail as well as orally during a previous telephone conversation with counsel. Plaintiff agreed to schedule another telephone conference to discuss discovery on the following day and counsel requested one for 11:00 am EST on December 31, 2013 to do so which Plaintiff agreed to.

15. At 10:39 am EST on December 31, 2013 the Plaintiff received an email from Defendant's counsel stating she needed to discuss the matters with her clients and asked to postpone the conference until later that afternoon.

16. At 10:52 am EST. on December 31, 2013 the Plaintiff answered counsel's request affirmatively and stated she would be available by 1:00 pm EST.

17. When Plaintiff had not heard from Defendant's counsel by approximately 3:45 pm that afternoon she sent an email advising the Defendant that she would be available the rest of the day but still expected resolution of the discovery issues by January 6, 2014. Defendant's counsel never called or responded to the emails on that day.

18. On the afternoon of January 2, 2014 Defendant's counsel telephoned the Plaintiff and asked to re-schedule again for 2:00 pm on January 3, 2014 and Plaintiff agreed.

19. At the appointed time of 2:00 pm on January 3, 2014 Defendant's counsel again failed to keep yet another appointment. Plaintiff sent another email to counsel at approximately 5:45 pm, as yet an additional reminder that the previously stated deadline of January 6, at 12:00 pm, to cure the deficiencies in the discovery

responses would stand regardless of whether or not another telephone conference took place.

20. At approximately 6:00 pm on January 3, 2014 Defendant's counsel finally called the Plaintiff to discuss the deficiencies of the responses to discovery the Plaintiff had received post deadlines. Plaintiff followed up that conference with an email to Defendant's counsel outlining the agreement reached on the evening of January 3, 2014.

21. Both parties agreed during the conference on January 3, 2014 that Defendants would correct the deficiencies in the Interrogatories and Requests for Production and serve them to Plaintiff along with the sworn certification of the signer, Mr. John Moreno no later than January 7, 2014 at close of the business day. Defendant's counsel stated she would send a re-drafted protective order for the Plaintiff to review so that documents the Plaintiff was requesting could be produced. No re-drafted protective order was sent to the Plaintiff between the call of January 3, 2014 and the agreed time for all issues to be resolved of January 7, 2014 instead of January 6 as previously stated due to counsel's weekend schedule.

22. On the afternoon of January 7, 2014 Defendant's counsel telephoned the Plaintiff and requested additional time because she was waiting for the discovery materials to be sent to her by the clients who were on the west coast and in the Pacific Time Zone. Plaintiff agreed and stated she would be willing to wait until 8 pm. Defendant's counsel also stated she would send a re-draft of the protective order as well. At approximately 8:15 pm that evening, the Plaintiff received an email from

Defendant's counsel containing four out of the six total discovery responses which were due. There was no re-drafted protective order included. There was no "**sworn certification of signature**" from Mr. Moreno or any other person answering the interrogatories for the Defendant and counsel stated she would send that when she got it from her client. It would appear that there is a likelihood the person who would be swearing to be answering the Interrogatories on the west coast did not write the answers and may not even be aware of the contents of the discovery propounded on the Defendant by the Plaintiff.

23. Once again the responses to discovery were sent after another deadline, were incomplete, without proper signatures, and by delivered via email rather than pursuant to the order of the Court. Even if the responses were also mailed on that date it would not reach the Plaintiff for several more days and would not contain the proper signatures and certifications. Since there has been no opportunity to review and accept or reject an amended protective order, Defendant has attempted to maintain an excuse for not producing documents requested by Plaintiff by claiming blanket protection or privilege yet has repeatedly failed to provide a draft protective order.

24. Defendant has engaged in continued tactics to stall, delay and has consistently failed to cooperate with the Plaintiff in regard to all deadlines imposed by the FRCP from the beginning of this case by the following actions:

    a. improperly attempted to derail the case by sweeping it into a California MDL in order to delay and create difficulty for the Plaintiff to seek due process

under the law as a *pro se* litigant after deliberately misleading the Plaintiff as to their intention to do so;

b. refused to answer communications in regard to a joint 26(f) conference and then repeatedly failing to cooperate with the Plaintiff in the process of submitting a joint 26(f) report to the Court;

c. failed to serve the Plaintiff with 26(a)1 disclosures which were due November 14, 2013 even after being reminded by the Plaintiff via written communication sent by USPS Certified Mail, in willful violation of FRCP 26(a)1(C)

d. making false statement to this Honorable Court in Defendant's 26(f) report;

e. consistently failed to keep appointments made for conferences;

f. failed to effect service by United States Postal Service first by not serving the Plaintiff at all and then by using email and UPS contrary to this Court's order. (*Id.* ¶ 10)

g. failed to perform within the FRCP, causing Plaintiff to file the 26(f) report individually in order to meet the deadline imposed by the Court's scheduling order;

h. failed to timely file discovery responses within both the deadline imposed by the FRCP and the extended deadlines granted by the Plaintiff only to then serve the answers which were incomplete and inadmissible as evidence and

containing blanket claims of protection for each and every request for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendant has had since November 12, 2013 to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP Thus attempting to provide themselves an excuse to withhold relevant information and production.

i. to date, no sworn certification of signature for the individual answering requests for Interrogatories propounded on Defendant has been provided to the Plaintiff. These responses were due in completed form December 14, 2013. They are still not in completed form 57 days after the requests were made and 27 days after the 30 days allowed under FRCP 33(b)(2) has passed;

j. consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule filed on November 12, 2013;

k. the Plaintiff has never been given reasons for the constant delays and non-cooperation beyond vague excuses such as "called away", etc., nor has the Defendant ever communicated to the Plaintiff that there "might" be a reasonable delay at any time.

25. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the

violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Because MCM has failed to respond properly and timely to the discovery requests and cure the deficiencies in the responses so that the Plaintiff may obtain the requested information the Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

### B. Argument and Brief in Support

26. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34.  FRCP 37(a)(2)(B).

27. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  FRCP 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

28. The Court should grant Plaintiff's motion to compel for the following reasons:

a. MCM provided no properly served and/or signed answers to interrogatories or the requests for production propounded upon it by the Plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

b. Even though the responses were not served upon Plaintiff within the time allowed by the FRCP, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond and when it did so after the extended time, it did so improperly without certification or any production responses. Plaintiff has received no hard copies of partial responses sent by email January 7, 2014.

c. Counsel for MCM was fully aware of the time constraint and the extended deadlines.

d. At no time during the period allowed by FRCP 33(b)(2)[2] did MCM or its counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would prevent it from serving its responses to the discovery materials propounded upon it by the Plaintiff.

e. By failing to answer and serve the responses to interrogatories and requests for production propounded by Plaintiff fully and completely, first in a timely manner and secondly by the extended deadlines given by the Plaintiff, any objection to this motion by MCM should be denied as it would be nothing

---

[2] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f. Defendant has offered no reason or excuse for its failure to comply but rather continually requested or manipulated yet more time which would in effect shorten Plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g. Defendant's failure to respond within the time allowed under FRCP discovery rules warrants entry of an Order compelling full and complete answers to interrogatories and requests for production of documents. In addition, the Court should deem that the Defendant has waived its objections to any interrogatories.

h. The failure to file complete responses to interrogatories and requests for production of documents reasonably has been held to constitute a complete waiver of any right to object to the interrogatories submitted. *See eg., Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir. 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> "**Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged,**

> is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD

29. Plaintiff states and certifies that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail on numerous occasions and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because plaintiff's requests are proper and because MCM has refused to comply with the rules, the Plaintiff requests the Court compel MCM to respond fully, completely, adequately and expeditiously.

DATED this 11th day of January, 2013

Respectfully Submitted,

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle
Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle )<br>*Plaintiff*, )<br> )<br>vs )<br> )<br>MIDLAND CREDIT )<br>MANAGEMENT INC. )<br>MIDLAND FUNDING LLC. )<br>ENCORE CAPITAL GROUP INC. )<br>*Defendants*. )<br> ) | Case No 3:13-cv-00033 |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT,** on January 11, 2014 via United States Postal Service.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

*/s/ Teri Lynn Hinkle*

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

USPS Express Mail envelope (scanned). Visible markings include: "Protect What's Inside", "Schedule package pickup", "Print postage online", "PLEASE PRESS FIRMLY", "UNITED STATES POSTAL SERVICE", "EXPRESS MAIL", "EXTREMELY URGENT", "Please Rush To Addressee", "Mailing Envelope For Domestic and International Use", "Visit us at usps.com", "FOR PICKUP OR TRACKING Visit www.usps.com Call 1-800-222-1811", "PRESS HARD. YOU ARE MAKING 3 COPIES.", "Addressee Copy Label 11-B, March 2004", postage $14.10, EASTMAN, GA 31023, JAN 10, '14, tracking number EI 353 575 897 US.