**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| And ENCORE CAPITAL GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT**
**MANAGEMENT, INC., MIDLAND FUNDING LLC,**
**AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO**
**PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND**
**MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Midland Defendants"), file their Consolidated Response in Opposition to Plaintiff's Amended Motions to Compel and Motion to Deem Requests for Admission Admitted ("Plaintiff's Motions") as follows. For the reasons set forth below, Plaintiff's Motions should be denied.

**INTRODUCTION**

Plaintiff, proceeding pro se, filed this lawsuit against the Midland Defendants alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") in relation to an account that Midland purchased. Most of Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA. The Midland Defendants intend to file a motion for summary judgment following the close of discovery.

At issue in this motion are the discovery motions that Plaintiff filed.  Plaintiff served discovery requests and the Midland Defendants, through an inadvertent oversight, did not respond within 30 days.  Once the Midland Defendants learned of the oversight, they quickly moved to served their responses and did so on December 23, 2013 – a mere four days after the responses were originally due.  Plaintiff cannot plausibly claim to be prejudiced by the short delay in receiving the discovery responses; to the contrary, the Midland Defendants would be prejudiced if Plaintiff obtains the relief she seeks.  Accordingly, the Midland Defendants ask that Plaintiff's Motions be denied so that the case can be decided on the merits rather than based upon  a mostly-contrived discovery dispute.

## RELEVANT FACTUAL BACKGROUND

Plaintiff asserts claims against the Midland Defendants under the FDCPA and FCRA. This litigious Plaintiff has filed twelve *pro se* lawsuits against various credit card companies and debt collectors in this District in the last two and one-half years.  On November 14, 2013, Plaintiff served the Midland Defendants with her set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("discovery requests").  (Declaration of K. Ann Broussard ("Broussard Decl."), ¶ 3, attached as Exhibit A.)  Due to an oversight, the Midland Defendants did not respond to the discovery requests within 33 days of service.  (*Id.*, ¶ 3.)  On or around December 19, 2013, Plaintiff sent the Midland Defendants a letter requesting the responses by  December 23, 2013 at 12:00 p.m.  (*Id.*, ¶ 4; *see also* letter from Plaintiff to the Midland Defendants, attached as Exhibit B.)  The Midland Defendants promptly complied with Plaintiff's request and, on Plaintiff's imposed deadline day of December 23, 2013, served responses and objections on her by email at approximately 6:15 p.m. and sent a copy to her by overnight delivery.  (Broussard Decl., ¶ 5; *see also* email from A. Broussard to Plaintiff, attached

as Exhibit C.)

The Midland Defendants' service of the discovery requests on Plaintiff, on her imposed deadline and only two business days of their due date, should have ended any discovery-related discussion and eliminated any potential motion practice.  But, consistent with her litigious nature in this Court, Plaintiff felt the need to initiate motion practice anyway, and on December 27, 2013, Plaintiff filed motions to compel against the Midland Defendants.  (Docs. 32, 34, 36.)  On January 2, 2014, Plaintiff filed a Motion for Extension of Time to Amend the Motions to Compel.  (Doc. 37.)  On January 3, 2014, Plaintiff and counsel for the Midland Defendants met and conferred by telephone regarding the Midland Defendants' discovery responses for approximately two hours.  (Broussard Decl., ¶ 6.)  The Midland Defendants agreed to serve amended responses to Plaintiff's discovery requests by January 7, 2014.  (*Id.*, ¶ 7.)  On January 7, 2014, the Midland Defendants served the amended responses and non-confidential documents by email and mail.  (*Id.*, ¶ 8; *see also* Exhibit D.)  The Midland Defendants enclosed verifications in support of their amended responses to the discovery requests in the service copies mailed to Plaintiff on January 7, 2014.  (*Id.*, ¶ 9.)

On January 13, 2014, Plaintiff filed the present Motions on the basis that the Midland Defendants did not properly respond to the discovery requests and that the amended responses did not cure the deficiencies in the original responses.  (Docs. 39, 40, 41.)  Plaintiff does not identify any specific Interrogatories or Requests to which she seeks the Court to determine the adequacy of the Midland Defendants' responses.  (Docs. 39. 40. 41.)  Instead, she simply requests that the Court compel the Midland Defendants to respond to "fully, completely, adequately, and expeditiously" to the discovery requests.  (*Id.*)

## ARGUMENT AND CITATION OF AUTHORITY

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "[A] district court is allowed a range of choice" in deciding whether to grant or deny a motion to compel discovery responses, which decision will stand unless it constitutes an abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). As set forth below, Plaintiff has failed to demonstrate that the Midland Defendants' discovery responses were deficient, why she is entitled to further responses, and, therefore, the Court should deny Plaintiff's motion to compel further responses.

## I.     PLAINTIFF'S MOTIONS TO COMPEL SHOULD BE DENIED.

### A.     Plaintiff's Motions Failed To Comply With S.D. Ga. L.R. 26.5 And Should Be Denied On That Basis Alone.

Although Plaintiff describes what she believes are the deficiencies in the Midland Defendants' discovery responses, Plaintiff utterly fails to comply with the local rules in her attempt to compel further responses from the Midland Defendants. *See Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 914 (11th Cir.2010) ("pro se status does not excuse non-compliance with procedural rules"). Plaintiff's Motions should be denied on this noncompliance alone. As the Court's Local Rules state:

Discovery Motions and Objections.

Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
(a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
(b) include the specific ground for the motion or objection; and
(c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

4

S.D. Ga. L.R. 26.5.

Plaintiff does not cite a single discovery request that forms the basis of her Motions. Further, Plaintiff does not even delineate the categories of information she seeks to have compelled from the Midland Defendants (which would still be deficient under the Local Rules). Plaintiff does not identify any grounds whatsoever for compelling further responses from the Midland Defendants. Plaintiff did not even bother to attach copies of the purportedly deficient responses so that the Court may evaluate the propriety of the Midland Defendants' responses.

Plaintiff offers no reason why she is entitled to further responses from the Midland Defendants other than the blanket, unsupported statement that she "states and certifies that the information requested by the Plaintiff is relevant and admissible at trial." Doc. 39 at 13. That non-sensical and irrelevant opinion aside, she makes no other effort to describe which requests were relevant and why the Midland Defendants' responses to those specific requests were deficient. Indeed, Plaintiff's Motions are harassing, frivolous, and have caused unnecessary expense to the Midland Defendants in having to respond to Motions that offer no legal or factual basis for compelling further responses and fail to adhere to the rules. Therefore, Plaintiff's Motions should be denied.

### B.    Plaintiff's Motions Failed To Comply With The Federal Rules.

As set forth above, Plaintiff offers no specificity whatsoever concerning the discovery responses that are purportedly deficient, which is also in violation of Rule 37:

> Implicit in [Rule 37] is the principle that a party who files a motion to compel must establish that the other party actually failed to respond to the discovery requests. Moreover, the moving party must inform the Court of the basis for its contention that the production of discoverable evidence should be compelled. Mere conclusory allegations that the opposing party has failed to comply with its discovery obligations do not provide the Court with adequate information upon which the Court can make a determination as to whether a party should be

compelled to do more than the party has already done.

*Dehaan v. Urology Center of Columbus, LLC*, 2013 WL 656061, *2 (M.D. Ga. Feb. 21, 2013). Simply alleging that the Midland Defendants' discovery responses are "deficient" does not provide the Midland Defendants or the Court with any guidance for correcting or addressing the alleged deficiencies. Accordingly, Plaintiff's Motions should be denied on this basis as well. *See Dehaan*, 2013 WL 656061, *2 (denying movant's motion to compel and observing that "[t]he Court is not required to do a party's work for him … [i]f a party fails to make the effort to demonstrate to the Court the basis for his motion, then that party's motion will not be rescued by the Court."); *see also Mohawk Ind., Inc. v. Interface, Inc.*, 2008 WL 5210420, *5 (N.D. Ga. Dec. 3, 2008) (denying motion to compel because, among other deficiencies, movant failed to identify specific information that it sought to be compelled); *Preston v. Settle Down Ent., Inc.*, 90 F. Supp. 2d 1267, 1282-83 (N.D. Ga. 2000) (denying motion to compel where motion lacked specificity as to the discovery response the movant sought to be compelled and, therefore, there was no basis for the Court to make a ruling).

C.      **Plaintiff's Motions Should Be Denied Because The Midland Defendants Properly Responded To Plaintiff's Discovery Requests And She Cannot Demonstrate That She Has Been Prejudiced.**

After a two-hour meet and confer telephone conference on January 3, 2014, the Midland Defendants served amended discovery responses and non-confidential documents on Plaintiff on January 7, 2014 as agreed to in the parties' conference. Broussard Decl., ¶ 8; *see also* amended discovery responses, attached as Exhibit D. Plaintiff's failure to point to specific deficiencies in the Midland Defendants' amended responses and documents produced should result in denial of her Motions. Further, she has not cited any prejudice to her in the short delay in receiving the responses. Therefore, Plaintiff's Motions should be denied on this basis as well.

## II. PLAINTIFF'S MOTION TO DEEM ADMITTED THE REQUESTS FOR ADMISSIONS SHOULD BE DENIED.

Plaintiff also seeks to have her purported requests for admissions deemed admitted. In considering Plaintiff's motion, the Court must first consider whether the withdrawal or amendment of the response to the request for admission will serve the presentation of the merits, and second, it must determine whether the withdrawal or amendment will prejudice the party who is relying upon the admission in its presentation of the case. *See Perez v. Miami–Dade County*, 297 F.3d. 1255, 1266 (11th Cir. 2002). The first step "emphasizes the importance of having the action resolved on the merits" and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id*. at 1266. The second step focuses on "the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id*. "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Id*. at 1265 (quoting *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577–78 (11th Cir. 1988)).

The first prong of the *Perez* test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation on the merits," is met here. This case should be decided on its merits rather than the alleged, four-day-late admissions. Plaintiff is a *pro se* litigant who has filed at least 12 lawsuits against various companies in this Court over the last two years. Plaintiff alleges that the Midland Defendants violated the FDCPA and FCRA in attempting to a collect an unpaid debt from her. Plaintiff's Requests ask the Midland Defendants, among other things, to admit

that Plaintiff has no legal obligation to pay them money and that the Midland Defendants have no legal basis to collect any money from Plaintiff – obvious legal conclusions that are inappropriate for requests for admissions anyway.  Therefore, the withdrawal of the admissions would aid in the "ascertainment of the truth and the development of the merits."  *Smith*, 837 F.2d at 1577. Plaintiff could obtain any discovery on these issues through interrogatories or a deposition of the Midland Defendants.

With respect to the second prong, Plaintiff cannot establish that she would be prejudiced by the withdrawal of admissions.  The Midland Defendants served responses to Plaintiff's requests on December 27, 2013, so Plaintiff has been on notice that they contest the admissions and the allegations in Plaintiff's complaint.  Plaintiff is not faced with difficulty in proving her case because of a "sudden need to obtain evidence with respect to questions previously answered by the admissions."  *Perez*, 297 F.3d at 1266.  Accordingly, Plaintiff's motion should be denied. *See U.S. v. $28,000 in U.S. Funds*, 2014 WL 118645, *3 (M.D. Ga. Jan. 10, 2014) (concluding that both prongs of the test were met and allowing withdrawal of any admissions); *Iguana LLC v. Patriot Perf. Mat'ls, Inc*., 2010 WL 3732305, *4 (M.D. Ga. Sept. 15, 2010) (determining that withdrawal of the matters admitted by Iguana would promote the presentation of the merits of the case).

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motions should be denied.

Respectfully submitted this 30th day of January, 2014.

KING & SPALDING LLP


/s/  *K. Ann Broussard*
K. Ann Broussard (*Pro Hac Vice*)
Georgia Bar No. 100142

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**Attorneys for the Midland Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that I presented the foregoing **CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

January 30, 2014.

/s/  K. Ann Broussard
K. Ann Broussard