UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle )<br>*Plaintiff*, )<br>)<br>vs )<br>)<br>MIDLAND CREDIT )<br>MANAGEMENT, INC. )<br>MIDLAND FUNDING, LLC. )<br>ENCORE CAPITAL GROUP, INC. )<br>*Defendants*. )<br>) | Case No. 3:13-CV-00033 |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 FEB -5  AM 9:52
CLERK _____
SO. DIST. OF GA.

**PLAINTIFF'S REPLY TO CONSOLIDATED RESPONSE OF
DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND
FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION
TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND
MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

Plaintiff, Teri Lynn Hinkle, files her Reply to Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Defendants"), Consolidated Response in Opposition to Plaintiff's Amended Motions to Compel and Motion to Deem Requests for Admission Admitted ("Plaintiff's Motions") as follows. For the reasons set forth below, Plaintiff's Motions should be granted.

1. Plaintiff has endeavored to comply with the FRCP and this Honorable Court's Scheduling order (see doc. #31)

2. On January 31, 2014 Defendants filed a Consolidated Response to Plaintiff's Amended Motions to Compel and Motions to Deem Requests for Admissions Admitted. In regard to Defendant's Consolidated Response, Plaintiff states the following:

   a. The docket shows the Consolidated Response was not filed within the 14 days allowed by S.D. Ga. L.R. 7.5., and there was no prior motion for an enlargement of time filed.

   b. None of Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA.

   c. The Plaintiff has endeavored to comply with the FRCP and this Honorable Court's Scheduling order (Id. ¶1). (*See also* Plaintiff's Affidavit, Exhibit A, attached.)

   d. Discovery propounded upon all Defendants was sent via USPS Certified Mail #70122920000083452027on November 12, 2013 and delivered to Defendants on November 14, 2013. (*See* Doc #34 Ex.2)

   e. Defendants NEVER offered ANY reason for failing to respond to discovery requests within the 30 days allowed by the FRCP or by the extended deadlines given by the Plaintiff.

   f. Unlike Defendants who are represented by counsel, who are able to file and be served via the CMF/ECF system, Plaintiff is proceeding *pro se* and must rely only on the USPS due to geographical distance from the Court. In order to comply with any deadlines imposed by the FRCP or the Scheduling Order in this case, Plaintiff is forced to allow 3 to 5 days for postal delivery depending upon whether or not the deadline at issue falls within a day of the weekend. This was explained to the

    Defendants' counsel each time Plaintiff agreed to an extension of time for responses to discovery. Plaintiff's access is further limited by the fact that her local post office closes at noon on Wednesdays and she has no transportation to use the next nearest post office in other towns which would be approximately 10 to 15 miles distant. The Plaintiff's local post office is within walking distance.

g. For the reasons stated above each time the Plaintiff offered Defendants additional time and set an extended deadline for delivery receipt of the Defendants' responses, Plaintiff stated verbally and in writing the date certain and a time of 12:00 pm EST to insure that any of Plaintiff's consequent necessary filings could reach the Court in a timely manner.

h. Each time Defendants failed to deliver responses to Plaintiff by the time clearly stated both orally and written, Plaintiff waited as long as she could to take any action according to the constraints of postal mail and delivery times. When Defendants' counsel requested additional time to respond the second time Plaintiff agreed to January 7, 2014, 12:00 pm EST and had explained the issue with mailing times and her commitment to the Court to amend the motions by January 13, 2014. Thus Defendants' counsel was fully aware of the reason for the time stipulation made by the Plaintiff.

i. Plaintiff filed no motions until after the Defendant's failures to comply.

j. When amended responses to discovery were received by the Plaintiff they appeared nearly identical to the first responses. The Interrogatories included a verification of signature instead of completing the Jurat the Plaintiff had propounded upon the Defendants. Other than unverified copies of registrations for

the Defendants with the Georgia Secretary of State and Defendant, Encore Capital Group's publicly accessible 2010, 2011, & 2012 SEC form 10-K reports, ALL Requests for production were either claimed to be not in the possession of the Defendants or objected to as confidential or privileged.

k. Plaintiff did in fact specify which Interrogatories and Requests for Production were not answered. (*See* Docs. 32,34,36 and attached exhibits). Plaintiff did comply with S.D. Ga. L.R. 26.5 by providing the Court with copies of all Interrogatories and Requests for Admissions and Production. It would be cost prohibitive for Plaintiff to print all copies over again and attach to each subsequent filing given the volume of the documents. Since the amended responses received by the Plaintiff after filing her amended motions appeared to be virtually identical to the first and there is no basis for claims of privilege or protection, the issue of insufficiency and omissions remain unchanged.

l. When the Plaintiff filed her original motions she had not received ANY responses. When the Plaintiff filed her amended motions she had not received the completed amended responses.

m. Defendants amended responses to Interrogatories and Requests for Production were a continuation of an attempt to evade compliance with Discovery by claiming privilege or proprietary information and demanding a protective order without providing a protective order draft for the Plaintiff to review.

n. Defendants did not provide a protective order draft until days after their amended responses were sent to the Plaintiff. When a second draft for protective order almost identical to the first seeking broad, overreaching and universally inclusive

protection, privilege or proprietary nature for anything Plaintiff might ask or request to be provided was sent, Plaintiff stated in response via email on January 23, 2014 that the draft was not acceptable and appeared to be an attempt to circumvent the federal rules as follows:

> i. *"I have reviewed the draft of the protective order. It is over broad and over reaching as the items which are specifically listed in there are specifically discoverable under the Federal Rules of Evidence or in the alternative already covered under the rules as to personal privacy etc. Further, anything that you or your client consider to be privileged should be listed in a privilege log, then notify me according to the rules concerning those documents and or information. At that point if there is a dispute we can have a hearing and let the court decide as to the status of the item in question. I expect the documents I requested in discovery and withheld for the purposes of protection or claim of privilege be mailed to me by Monday, January 27, 2014."*

o. Plaintiff outlined in detail in her Amended Motions to Compel, Doc's 39, 40 & 41, the Defendants' dilatory tactics including, failure to respond to correspondence, numerous broken appointment agreements which were requested by them, and obvious delay tactics to avoid disclosure of evidence requested by the Plaintiff. The discovery period ends February 15, 2014 and the Defendants have failed to produce the documents requested by the Plaintiff with the exception of a public document provided by Encore and copies of unverified Secretary of State registrations for the Defendants.

p. Defendants continue to claim that Plaintiff's Requests for Production of Documents can only be provided after the entry of a Protective Order. The Plaintiff requested documents which would pertain directly to her, are relevant to this case and are not proprietary by nature nor are they outside the four corners of the Complaint. Plaintiff is aware that Defendants possess documents such as one

called "Bureau Reports By Reporting Date" which would show the knowing and willful monthly re-reporting of information to the CRA's after Plaintiff's disputes that Defendants have voluntarily provided in other cases in the public record. (*See* Salmas v Midland Credit Management et al, US Dist. Court, Central District of California, Case No. 8:13-cv-00679-DOC-SH, doc #26, Ex.D)

q. Pursuant to FRCP, Rule 26(a)(1)(C), both parties must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. Plaintiff served 26(a)(1) disclosures to Defendants within the 14 day time span according to the rules. Defendants, to date, have failed or refused to do so. The 26(f) conference was held on October 28, 2013, therefore Defendants' 26(a)(1) disclosures are 98 days overdue as of February 3, 2014.

3. Defendants have continuously stonewalled with dilatory tactics in an attempt to further frustrate the Plaintiff in the discovery process. Defendants have failed to produce admissible evidence requested by the Plaintiff.

4. Defendants have engaged in dilatory tactics and obfuscation to avoid answering discovery in this case and have failed to cooperate in good faith in order to frustrate a *pro se* plaintiff and to litter the record with frivolous and unfounded accusations wasting the Court's time. This behavior would appear to be commonly used in cases involving the same Defendants in this case.[1]

---

[1] *See Scardina v Midland Credit Management, Midland Funding LLC, Encore Capital Group, Inc.*, United States District Court for the Northern District of Illinois, Eastern Division, doc #25, case number 1:11cv03149, (Plaintiff's Motion to Bar Any Objections Based on a Need For Protective Order), same case, doc. #34, Plaintiff's Motions to Compel Discovery; Rule to Show Cause and For Sanctions.; See also, Edeh v Midland Credit Management, doc #18, Plaintiff's Motion to Compel Discovery, docket://gov.uscourts.mnd.0-09-cv-01706;

5. Defendants' have made unfounded, unwarranted and false aspersions on the Plaintiff's actions and intentions in order to cast her in an unfavorable light to the Court and distract attention from its own failures.

6. Defendant's statements such as inaccurate dates in regard to statutes of limitation, deadlines imposed by the FRCP, and the facts in regard to Plaintiff's actions in this case are either false or misleading. In affirming summary judgment for the defense in an employment case, the Fifth Circuit reminded: "Although we appreciate and encourage vigorous representation by counsel, we will not tolerate representation that is 'zealous' to the point of false or misleading statements. A footnote to that reminder noted: "'zealous' is derived from 'Zealots,' the sect that, when besieged by the Roman Legions at Masada, took the extreme action of slaying their own families and then committing suicide rather than surrendering or fighting a losing battle." *Branch v. Cemex, Inc.*, No. 12-20472 (March 26, 2013, unpublished).

7. The purpose of modern discovery is the pretrial disclosure of acts, documents, and other information relevant to the lawsuit in order to give all parties full knowledge of the facts so they can prepare for trial[2]. (Discovery also requires that attorneys cooperate to identify and fulfill legitimate discovery needs and avoid costs and burdens disproportionate to what are at stake in litigation.)

## CONCLUSION

8. Plaintiff has complied fully and completely with all of the proper discovery requests provided by the Defendants in a timely manner and with specificity. Plaintiff asks this

---

[2] See *Gary Plastic Packaging Corp. v Merill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230,236 (2d Cir. 1985); see *02 Micro Int'l*, 467 F.3d at 1365; *Computer Task Group v. Brotby*, 364 F3d 1112, 1117 (9th Cir. 2004); *Football, Inc. v. Harjo*, 191 F.Supp.3d 77,80 (D.D. 2002). Its further purpose is to prevent delays at trial and conserve scarce judicial resources. See *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir.1973); see also *Mancia v. Mayflower Textile Servs.*, 253 F.R.D. 354, 58 (D.Md.2008).

Court, at this time, to require the Defendants to do the same. The rules require it and fairness dictates it.

WHEREFORE, because plaintiff's requests are proper and because the Defendants have failed to comply with the discovery process under the FRCP, the Plaintiff requests that this Honorable Court grant her Motions pending before this Court or in the alternative at least instruct Defendants to comply with FRCP 26(b)(5).

DATED this 3rd day of February, 2014

Respectfully Submitted,

*/s/ Teri Hinkle*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

# EXHIBIT

# A

# AFFIDAVIT OF FACT

NOW COMES the Affiant, Teri Lynn Hinkle of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Federal District Case No. 3:13cv-00033), Teri Lynn Hinkle v. MIDLAND CREDIT MANAGEMENT INC., MIDLAND FUNDING LLC., ENCORE CAPITAL GROUP INC.

1. Plaintiff has endeavored to comply with the FRCP and this Honorable Court's Scheduling order.

2. On January 31, 2014 Defendants filed a Consolidated Response to Plaintiff's Amended Motions to Compel and Motions to Deem Requests for Admissions Admitted.

3. The docket shows the Consolidated Response was not filed within the 14 days allowed by S.D. Ga. L.R. 7.5., and there was no prior motion for an enlargement of time filed.

4. None of Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA.

5. Discovery propounded upon all Defendants was sent via USPS Certified Mail #70122920000083452027 on November 12, 2013 and delivered to Defendants on November 14, 2013. (*See* Ex.B attached)

6. Defendants never provided any reason for failing to respond to discovery requests within the 30 days allowed by the FRCP or by the extended deadlines given by the Plaintiff.

7. Plaintiff is proceeding *pro se* and must rely only on the USPS to file with the Court due to geographical distance from the Court. In order to comply with any deadlines imposed by the FRCP or the Scheduling Order in this case, Plaintiff is forced to allow 3 to 5 days for postal delivery depending upon whether or not the deadline at issue falls within a day of the weekend. This was explained to the Defendant's counsel each time Plaintiff agreed to an extension of time for responses to discovery. Plaintiff's access is further limited by the fact that her local post office closes at noon on Wednesdays and she has no transportation to use the next nearest post office in other towns which would be approximately 10 to 15 miles distant. The Plaintiff's local post office is within walking distance.

8. For the reasons stated above each time the Plaintiff offered defendant and set an extended deadline for delivery receipt of the Defendant's responses, Plaintiff

1

stated verbally and in writing the date certain and a time of 12:00 pm EST to insure that any of Plaintiff's consequent necessary filings could reach the Court in a timely manner.

9. Each time Defendant failed to deliver responses to Plaintiff by the time clearly stated both orally and written, Plaintiff waited as long as she could to take any action according to the constraints of postal mail and delivery times.

10. When Defendant's counsel requested additional time to respond the second time Plaintiff agreed to January 7, 2014, 12:00 pm EST and explained the issue with mailing times and her commitment to the Court to amend the motions by January 13, 2014. Defendant's counsel was fully aware of the reason for the time stipulation made by the Plaintiff.

11. Plaintiff filed no motions until after the Defendants' failures to comply.

12. When the Plaintiff filed her original motions to compel and deem she had not received ANY responses.

13. When the Plaintiff filed her amended motions she had not received the completed amended responses.

14. Plaintiff's decision to file motions to compel and deem admitted was based on an already well-established pattern of dilatory tactics and non-cooperative behavior by the Defendants in this case.

SIGNATURE OF NOTARY ON NEXT PAGE

2

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved her identity to my satisfaction, and she acknowledged her signature on this Affidavit in my presence and stated that she did so fully understanding that she was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

February 3, 2014

Teri Lynn Hinkle

Name of Notary: April Sherie Holmes

Signature of Notary: 

Seal

3

# EXHIBIT B

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Tally T. Blalock, King & Spalding LLP
Street, Apt. No.; or PO Box No. 1180 Peachtree St. N.E.
City, State, ZIP+4 Atlanta, Georgia 30309

PS Form 3800, August 2006    See Reverse for Instructions

7012 2920 0000 8345 2027

```
                                    $2.55
  Certified                         $3.10
Label #:       70122920000083452027
                                    ========
Issue PVI:                          $11.45
```

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7012 2920 0000 8345 2027

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

| | |
|---|---|
| Teri Lynn Hinkle )<br>    *Plaintiff,* )<br>)<br>vs )<br>)<br>MIDLAND CREDIT )<br>MANAGEMENT INC. )<br>MIDLAND FUNDING LLC. )<br>ENCORE CAPITAL GROUP INC. )<br>    *Defendants.* )<br>) | Case No 3:13-cv-00033 |

**CERTIFICATE OF SERVICE**

    I hereby certify that I presented the foregoing copies of **PLAINTIFF'S REPLY TO DEFENDANT'S CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on February 3, 2014.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

*/s/ Teri Lynn Hinkle*

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

Hinkle
398 Bethel St.
Eastman, GA
31023

Clerk of U.S. Dist Court
P.O. Box 1130
Augusta, Georgia
30903



U.S. POSTAGE
EASTMAN, GA
31023
FEB 03, 14
AMOUNT
$1.61
0008221S-04