UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 FEB 14 AM 10: 17
CLERK
SO. DIST. OF GA.

Teri Lynn Hinkle
    *Plaintiff,*

vs

Case No. 3:13-CV-00033

MIDLAND CREDIT
MANAGEMENT, INC.,
MIDLAND FUNDING, LLC.,
ENCORE CAPITAL GROUP, INC.
    *Defendants.*

### PLAINTIFF, TERI LYNN HINKLE *PRO SE'S* MOTION FOR PROTECTIVE ORDER

COMES NOW the Plaintiff pro se, Teri Lynn Hinkle, who Moves this Honorable Court to issue an Order to protect her from Defendant's request for deposition by oral examination, under F.R.C.P. Rule 32(a)(5)(A) and states as follows:

### INTRODUCTION

1. On June 27, 2013 the Plaintiff *pro se* sued Defendants Midland Credit Management Inc., Midland Funding, LLC., and Encore Capital Group, Inc. (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act (FDCPA), and the Fair Credit Reporting Act (FCRA).

2. On February 06, 2014 Plaintiff *pro se* received an electronic copy of Defendants' notice of Taking Deposition via email. The email stated the Notice had also been sent via USPS.

3. As of today, February 10, 2014 Plaintiff *pro se* has not received Defendants' notice of Taking Deposition via USPS. The Deposition is scheduled for February 14, 2014 at 10:00 AM EST. In anticipation of receiving it eventually by USPS, the Plaintiff is filing this motion due to the time restrictions she is subject to by having to file using the USPS.

4. The Discovery period ends February 18, 2014, per Scheduling Order [Doc 31].

5. Plaintiff *pro se* has not waived her right under FRCP Rule 5 to receive service of documents in the mail. Further the Plaintiff *pro se* states that service of the Notice of Taking Deposition via email is in opposition to this Honorable Court's order to effect service using the "United States Postal Service"[1]. (*See* Doc. 23). Even if that were not the case the Notice of Taking Deposition served via email would not comport with the FRCP as stated below.

6. Defendant's discovery request is objectionable, because Plaintiff *pro se* received zero days advance notice of Deposition by USPS service. **In accordance with Federal Rule of Civil Procedure 32(a)(5)(A), no deposition shall be used against a party who, having received less than fourteen (14) calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(1)(B) requesting that the deposition not be held** or be held at a different time or place and such motion is pending at the time the deposition is held.

7. Plaintiff *pro se* certifies that she attempted to confer with Defendant in a good-faith

---

[1] Docket 23, pg 1, fn 1... "Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service."

Plaintiff's Motion for Protective Order   Page **2** of **5**

effort to resolve the matter without court intervention by telephone and email. Because Plaintiff *pro se* was unable to confer with Defendant the dispute remains unresolved, and due to the immediacy of the matter, the Plaintiff *pro se* submits her motion.

## ARGUMENT

8. A court has broad discretion to issue a protective order on a showing of good cause. *See* FRCP 26(c), see also <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors that a court should consider in granting protective order for discovery). Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *See* <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34-36 (1984); <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

9. In this case, there is good cause for the Court to protect Plaintiff *pro se* with a protective order. Thus, Plaintiff *pro se* asks the Court to exercise its discretion and grant a protective order for the following reasons:

   A. Defendant has had ample opportunity to obtain the requested information through discovery. FRCP 26(b)(2)(C)(ii).

   B. Specifically, **Plaintiff *pro se* received zero days advanced notice of Deposition.**

   C. Moreover, Defendants have not served their initial disclosures which were due no later than November 15, 2013 pursuant to FRCP 26(a)(1). The Defendants are now more than 100 days late and Plaintiff *pro se* has made

Plaintiff's Motion for Protective Order   Page **3** of **5**

multiple attempts to resolve the issue to no avail. *See* Docs 39,49,41 ¶24

D. Defendants waited until the eleventh hour to serve Discovery on the Plaintiff *pro se* which she responded to in a timely manner disclosing all information either in her possession, not already in the Defendants' possession or discoverable and relevant to this case.

E. The date Defendants seek for taking Deposition is four days before the end of the Discovery period. It is now too late to comply with FRCP 32(a)(5)(A), without extending the Discovery period which Plaintiff *pro se* is adamantly opposed to given the continuous efforts on the part of the Defendants to delay the final resolution of this case from the beginning.

## CONCLUSION

10. Because the Defendants failed to timely Notice Plaintiff *pro se* for Deposition pursuant to FRCP Rule 32(a)(5)(A), the Plaintiff *pro se* asks the Court to set her Motion for Protective Order for hearing and, after the hearing, to issue an order protecting the Plaintiff *pro se* from deposition by denying the requested discovery.

WHEREFORE, Plaintiff pro se, Teri Lynn Hinkle, Moves this Honorable Court to enter an Order granting this Motion for Protective Order, along with such other and further relief as this Court deems just and proper.

Dated: February 10 2014

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle<br>*Plaintiff,*<br><br>vs<br><br>MIDLAND CREDIT MANAGEMENT INC.<br>MIDLAND FUNDING LLC.<br>ENCORE CAPITAL GROUP INC.<br>*Defendants.* | Case No 3:13-cv-00033 |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S AMENDED MOTION FOR PROTECTIVE ORDER** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on February 10, 2014.

Sent to:

Tully T. Blalock
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023



USPS Express Mail envelope (DuPont Tyvek). Mailing label shows:

FROM: Hinkle, 332 Bethel St, Eastman GA 31023
TO: Clerk of US Dist. Court, 600 James Brown Blvd, Augusta GA 30901