ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR -3  AM 10: 04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERI LYNN HINKLE,                         )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          CV 313-033
                                          )
MIDLAND CREDIT MANAGEMENT,                )
INC., et al.,                             )
                                          )
            Defendants.                   )

ORDER

Before the Court are *pro se* Plaintiff's amended motions to compel (doc. nos. 39, 40, 41), motions to deem matters admitted (doc. nos. 33, 35, 37), and a related amended motion for a hearing (doc. no. 48).  Plaintiff filed separate motions against each of the three defendants, but they are based on the same interactions with defense counsel and raise the same arguments.  (See generally doc. nos. 33, 35, 37, 39, 40, 41.)  Because she filed amended motions, Plaintiff's original motions to compel and motion for a hearing are **MOOT**.  (Doc. nos. 32, 34, 36, 47.)  Likewise, Plaintiff's motion for an extension to amend her discovery motions is **MOOT**.  (Doc. no. 38.)  For the reasons set forth below, the Court **DENIES** Plaintiff's amended motions to compel and amended motion for a hearing, and **GRANTS** her motions to deem matters admitted.

I.      **BACKGROUND**

      Plaintiff alleges violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.  Presently at issue are Plaintiff's November 13, 2013 discovery requests, consisting of interrogatories, requests for production of documents, and requests for

admissions.  (Doc. no. 39, p. 2.)  Defendants did not respond on or before the original deadline of December 17, 2013,[1] and on December 19, 2013 Plaintiff sent Defendants a letter extending the deadline to respond to noon, December 23, 2013.  (Id.)

Defendants submitted their responses by email the evening of December 23, at approximately 6:15 p.m., and sent Plaintiff a copy by overnight delivery that same evening. (Id. at 2-3; doc. no. 44, p. 2.)  Plaintiff filed her motions to deem matters admitted and original motions to compel shortly after the noon deadline, before receiving Defendants' responses.  (Doc. no. 39, p. 2.)  On January 3, 2014, the parties met and conferred by telephone regarding Defendants' discovery responses, and Defendants agreed to serve amended responses to Plaintiff's discovery requests by January 7, 2014.  (Id. at 6.)  On January 7, Defendants served Plaintiff with amended responses, some but not all responsive documents, and verifications in support of their amended responses.  (Id. at 6-7; doc. no. 44, p. 3.)  Defendants promised to supplement their document production upon execution of a consent protective order.  (Doc. no. 39, p. 6.)

On January 11, 2014, after receiving Defendants' amended responses, Plaintiff filed her amended motions to compel, alleging Defendants did not timely serve their original discovery responses, that the original responses were deficient, and that their amended responses did not cure the deficiencies.  (See doc. nos. 39, 40, 41.)  Plaintiff does not identify specific responses alleged to be deficient, but requests that the Court compel Defendants to provide "full and complete answers to interrogatories and requests for production of documents.  In addition, the Court should deem that the Defendant[s] [have] waived [their]

---

[1] Plaintiff claims Defendants have provided inaccurate dates for the deadlines imposed by the Federal Rules of Civil Procedure in their response.  (Doc. no. 46, p. 7.) However, because Defendants had three additional days to respond pursuant to Federal Rule 6(d), and another day under Federal Rule 6(a)(1)(C), they had until December 17 to serve their responses.

objections to any interrogatories." (Doc. no. 39, p 12.)  Plaintiff also alleges a laundry list of

deficiencies in Defendants' conduct of discovery to date, including:  (1) unverified responses

to interrogatories, (2) insufficient responses to requests for production, containing broad

assertions that Defendants are not in possession of the requested documents or that the

requested documents are confidential and privileged, (3) amended responses to requests for

production that were nearly identical to the original insufficient ones, (4) failure to provide a

draft protective order, (5) original and amended draft protective orders that sought "broad,

overreaching and universally inclusive protection," (5) initial disclosures that are 98 days

overdue, and (6) constant rescheduling of phone conferences to discuss Defendants'

discovery inadequacies. (See doc. no. 39, p. 2-10; doc. no. 46, pp. 3-6.)

## II.   DISCUSSION

### A.   Plaintiff's Amended Motion for a Hearing Is Denied.

Because Plaintiff's motions include lengthy supporting arguments, and Plaintiff has

also filed a reply brief (doc. no. 46), the Court finds that oral argument is unnecessary and

**DENIES** Plaintiff's amended motion for a hearing. (Doc. no. 48.)

### B.   Because Plaintiff's Amended Motions to Compel Lack Specificity, They Do Not Comply with Local Rule 26.5 or Federal Rule of Civil Procedure 37.

Under Local Rule 26.5, a party moving to compel discovery responses must quote

verbatim each interrogatory, request for admission, or request for production to which the

motion is directed, include the specific grounds for such motion, and include the reasons

assigned as supporting the motion. Objections to discovery responses must address specific

discovery requests, and "may not be made generally." Loc. R. 26.5(c). Likewise, under Fed.

R. Civ. P. 37, "[m]ere conclusory allegations that the opposing party has failed to comply

with its discovery obligations do not provide the Court with adequate information upon which the Court can make a determination as to whether a party should be compelled to do more than the party has already done." Dehaan v. Urology Ctr. of Columbus, LLC, No. 4:12-cv-6, 2013 WL 656061, at *2 (M.D. Ga. Feb. 21, 2013). These specificity requirements ensure that courts are able to adjudicate discovery disputes effectively and efficiently.

As stated above, Plaintiff alleges myriad inadequacies in Defendants' conduct during discovery. However, it is impossible to determine the accuracy of Plaintiff's alarming accusations because she failed to provide copies of any of the critical documents, including, for example, the draft protective orders, Defendants' discovery responses, key correspondence regarding discovery, etc. Similarly, Plaintiff does not cite the specific discovery requests that form the basis of her motions, instead attaching her requests and asking that Defendants be required to answer them fully. (See doc. nos. 39, 40, 41.) Plaintiff does not provide copies of Defendants' responses and explain why specific ones are insufficient, nor does she state what specific information she seeks to have compelled. Indeed, Plaintiff's only substantive argument as to why she is entitled to additional responses is her conclusory statement "the information requested by the Plaintiff is relevant and admissible at trial." (See doc. no. 39, p. 13.) As such, she has not provided adequate information for the Court to evaluate the merits of her motions.

In sum, Plaintiff's general objections to Defendants' discovery responses are not in compliance with the requirements of Local Rule 26.5(c) and Federal Rule 37.[2] To be clear, the pattern of discovery misconduct alleged by Plaintiff is concerning to the Court. However,

---

[2] See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 914 (11th Cir. 2010) (per curiam) ("pro se status does not excuse non-compliance with procedural rules").

it is impossible to determine the merits of these allegations without specifics and supporting documentation.  Accordingly, Plaintiff's amended motions to compel are **DENIED** (doc. nos. 39, 40, 41).[3]

> **C.      Plaintiff's Motions to Deem Matters Admitted Are Granted Because It Is Undisputed that Defendants Served Their Responses to Plaintiff's Requests for Admissions After the Extended Deadline of Noon on December 23, 2013.**

*Plaintiff requests that the Court enter an order deeming admitted all of her requests for admissions because Defendants failed to timely respond to them.* (Doc. no. 39, pp. 3-4.) Under Federal Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." The party to whom the request is directed has an additional three days under Federal Rule 6(d), and the deadline is further extended under Federal Rule 6(a)(1)(C) if, as here, the deadline falls on a weekend.  The deadline may also be extended, as it was here, by stipulation of the parties.  Fed. R. Civ. P. 36(a)(3).  However, Defendants missed even Plaintiff's extended deadline of noon, December 23, 2013, by providing their responses at 6:15 p.m. that evening. (Doc. no. 44, p. 2.)

---

[3] See Dehaan, 2013 WL 656061, at *2 (denying movant's motion to compel and observing that "[t]he Court is not required to do a party's work for [her] ... [i]f a party fails to make the effort to demonstrate to the Court the basis for [her] motion, then that party's motion will not be rescued by the Court."); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[3] (per curiam) (holding that failure to comply with the Local Rules may result in summary denial of a motion); see also Pesin v. Rodriguez, 244 F.3d 1250, 1253 (11th Cir. 2001) (per curiam) (rejecting as "meritless" an appeal of trial court's denial of motion that failed to comply with local rules); Zaklama v. Mt. Sinai Med. Ctr., 906 F.2d 645, 648 (11th Cir. 1990) (recognizing "authority and enforceability accorded district courts in administering their local rules"); Mohawk Ind., Inc. v. Interface, Inc., No. 4:07-cv-0212, 2008 WL 5210420, at *5 (N.D. Ga. Dec. 3, 2008) (denying motion to compel because, among other deficiencies, movant failed to identify specific information that it sought to be compelled).

Defendants appear to concede that their responses were untimely, and that Plaintiff's requests for admission are therefore deemed admitted pursuant to Federal Rule 36(a)(3). Defendants argue that grounds exist for withdrawal of such admissions under <u>Perez v. Miami–Dade Cnty.</u>, 297 F.3d 1255 (11th Cir. 2002). (Doc. no. 44, p. 7.) However, the plain language of Rule 36(b) provides that a court can only allow withdrawal of admissions upon motion, not *sua sponte*. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended.") (emphasis added). Thus, although it appears there may be adequate grounds for allowing withdrawal, the Court cannot conclusively make such a determination without a motion and an opportunity for Plaintiff to respond. Therefore, Plaintiff's motions to deem matters admitted are **GRANTED**. (Doc. nos. 33, 35, 37.) If Defendants wish to request withdrawal or amendment of the admissions, they must file a motion requesting such.

SO ORDERED this 3rd day of March, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE