UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 13  AM 9: 58

CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle )
        *Plaintiff,* )
 )
 ) **Case No. 3:13-CV-00033**
vs )
 )
**MIDLAND CREDIT** )
**MANAGEMENT, INC.** )
**MIDLAND FUNDING, LLC.** )
**ENCORE CAPITAL GROUP, INC.** )
        *Defendants.* )
 )

## PLAINTIFF TERI LYNN HINKLE'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTIONS TO COMPEL

COMES NOW, the Plaintiff who motions this Honorable Court to reconsider its Decision and Order entered March 3, 2014 on the Plaintiff *pro se's* Amended Motions to compel, (Docs 39, 40, 41). The Plaintiff recognizes and appreciates this Honorable Court's analysis of the deficiencies contained in her motions and hereby states with specificity her reasons for requesting that the Court reconsider and issue an order for Defendants to comply with unresolved Requests for Production.

The Plaintiff pro se respectfully states and/or re-states the following:

## A.  Introduction

1.  Plaintiff is Teri Lynn Hinkle and Defendants are Midland Credit Management Inc., (MCM), Midland Funding LLC., (MIDLAND), and Encore Capital Group, Inc.(Encore).

2.  Plaintiff sued Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

3.  On November 14, 2013 plaintiff served discovery materials including  interrogatories, requests for production and admissions on all three Defendants via USPS Certified Mail RRR #7012 2920 0000 8345 2027.

4.  Although responses were due to be served to Plaintiff no later than December 17, 2013, the Defendants failed to serve any responses to interrogatories, requests for production or admissions or to contact Plaintiff by that date.

5.  Plaintiff waited a response until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Exhibit 1), reminding Defendant's counsel the responses to the discovery materials had not been received and stated further that the Plaintiff would wait until December 23, 2013, at 12:00 pm EST to receive said responses before seeking relief from the Court.

6.  Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2)  and had failed to give any reason for its lack of response or need for an extension of time to respond. The Plaintiff stated she would not wait until after the first of the year and the stated deadline of December 23, 2013 was firm.

7.  The Plaintiff mailed Motions to Deem Admissions Admitted and Motions to Compel responses to Interrogatories and Requests for Production, (*See* Dk. 34 & 35) on December 23, 2013 several hours **after Defendants failed to respond to the second deadline of December 23, 2013 at 12:00 pm EST.**

8.  Defendants attempted to answer discovery on the evening of December 23, 2013 via email. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9.  Also on December 23, 2013, Defendant's counsel emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what information, documents or testimony Defendant expected to be deemed protected or privileged. Plaintiff answered the email and stated she would not agree to a blanket protective order designed to encompass anything and everything the Defendants might want to be privileged or protected and they would need to be far more specific. (*See* Exhibit 2-7).

10. On December 26, 2013 the Plaintiff received via UPS the hard copies of the discovery responses previously sent by email after Plaintiff had already mailed her motions to the court.

11. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Attorney of Record, Tully T. Blalock and were not certified under oath by any authorized agent or employee of the Defendants which is contrary to the requirements of FRCP 33(b)(5).

12. After receiving the hard copies identical to the responses sent via email, the Plaintiff attempted to reach Defendants' counsel by telephone multiple times and left messages. The purpose of the calls was to discuss and confer with counsel regarding the numerous

deficiencies contained in the responses to discovery requests. When unable to reach counsel by phone Plaintiff sent an email informing counsel that she expected to be contacted no later than December 31, 2013 at 12:00 noon EST so that she could amend her pending motions to compel in a timely manner as she had previously stated she would in her Notice to the Court.

13. Within minutes of sending the email counsel telephoned the Plaintiff and admonished her for having filed the original motions to compel and denied that the deadline of noon on December 23, 2013 had been given. That date and time had been communicated in writing both by email and by USPS mail as well as orally during a previous telephone conversation with counsel. (*See* Exhibit 3) Plaintiff agreed to schedule another telephone conference to discuss discovery on the following day and counsel requested 11:00 am EST on December 31, 2013 to do so which Plaintiff agreed to.

14. At 10:39 am EST on December 31, 2013 the Plaintiff received an email from Defendants' counsel stating she needed to discuss the matters with her clients and asked to postpone the conference until later that afternoon. (*See* Exhibit 2-7)

15. At 10:52 am EST. on December 31, 2013 the Plaintiff answered counsel's request affirmatively and stated she would be available by 1:00 pm EST. (*See* Exhibit 2-8)

16. When Plaintiff had not heard from Defendants' counsel by approximately 3:45 pm she sent an email advising the Defendant that she would be available the rest of the day but still expected resolution of the discovery issues by January 6, 2014. **Defendants' counsel never called or responded to the emails on that day**. (*See* Exhibit 2-8)

17. On the afternoon of January 2, 2014 Defendants' counsel telephoned the Plaintiff and asked to re-schedule for 2:00 pm on January 3, 2014 and Plaintiff agreed.

18. At the appointed time of 2:00 pm on January 3, 2014 **Defendants' counsel failed to keep yet another appointment.** Plaintiff sent another email to counsel at approximately 5:45 pm, as an additional reminder that the previously stated deadline of January 6, at 12:00 pm, to cure the deficiencies in the discovery responses would stand regardless of whether or not another telephone conference took place. (*See* Exhibit 2-8)

19. At approximately 6:00 pm on January 3, 2014 Defendants' counsel finally called the Plaintiff to discuss the deficiencies in the responses to discovery the Plaintiff had received post deadlines. Plaintiff followed up that conference with an email to Defendants' counsel outlining the agreement reached on the evening of January 3, 2014. (*See* Exhibit 2-9)

20. Both parties agreed during the conference on January 3, 2014 that Defendants would correct the deficiencies in the Interrogatories and Requests for Production and serve them to Plaintiff along with the sworn certification of the signer, Mr. John Moreno no later than January 7, 2014 at close of business. Defendants' counsel stated she would send a re-drafted protective order for the Plaintiff to review so that documents the Plaintiff was requesting could be produced. **No re-drafted protective order was sent to the Plaintiff between the call of January 3, 2014 and the agreed time for all issues to be resolved** of January 7, 2014 instead of January 6 as previously stated due to counsel's weekend schedule.

21. On the afternoon of January 7, 2014 Defendants' counsel telephoned the Plaintiff and requested additional time because she was waiting for the discovery materials to be sent to her by her clients who were on the west coast in the Pacific Time Zone. Plaintiff agreed and stated she would be willing to wait until 8:00 pm EST. Defendants' counsel also stated she would send a re-draft of a protective order as well. At approximately 8:15 pm that evening, the Plaintiff received an email from Defendants' counsel **containing only four out of the six**

total discovery responses which were due. **There was no re-drafted protective order included.** There was no "sworn certification of signature" from Mr. Moreno or any other person answering the interrogatories for the Defendants and counsel stated she would send that when she got it from her client. (*See* Exhibit 2-10)

22. Once again the responses to discovery **were sent after yet another deadline**, were incomplete, without proper signatures, and delivered via email rather than pursuant to the Court order which stated responses were to be made by USPS mail. Even if the responses were also mailed on that date they would not reach the Plaintiff for several more days.

23. A draft for an amended protective order (*See* Exhibit 4) was finally sent to the Plaintiff on January 16, 2014, via email (*See* Exhibit 2-11) 8 days after the Defendants' sent amended discovery responses and **after Plaintiff's mailing of the amended motions to this Court rather than when Defendants' counsel stated it would be sent.** The Plaintiff had stated clearly during the telephone conference with counsel on January 3, 2014 she would not agree to an order which did not specify exactly what the Defendants sought to claim protection for. The second draft contained no such language. The Plaintiff responded via email on January 21, 2014 stating she would review the document and respond. (*See* Exhibits 2-13 and 4). There has been no motion for protective order submitted to the Court by the Defendants and yet they continue to use the lack of one as an excuse for not producing documents requested by the Plaintiff. (*See* Exhibits 5, 6 and 7).

24. The Plaintiff stated via email on January 23, 2014 that matters of privilege, confidentiality, propriety and trade secret should be dealt with via privilege log and requested the deficient responses to Requests for Production be sent to her via USPS by January 27, 2014. (*See* Exhibit 2-13) The only Requests for Production provided by the Defendants' with their

Amended Responses were three print outs from the Georgia Secretary of State regarding the Defendants' registry with the State and 495 pages of the 2010, 2011, 2012 SEC 10-K Reports of Encore Capital Group, Inc. which are publicly available via the Internet. The Plaintiff will show herein that documents vital to this case and the Plaintiff's allegations of violations of the FCRA and the FDCPA pertaining directly to the Plaintiff have been withheld under the excuse of a lack of a protective order which was never requested from the Court.

25. Defendant  has engaged in continued tactics to stall, delay and has consistently failed to cooperate with the Plaintiff in regard to all deadlines imposed by the FRCP from the beginning of this case by engaging in the following actions:

   A.  improperly attempted to derail the case by sweeping it into a California MDL in order to delay and create difficulty for the Plaintiff to seek due process under the law as a *pro se* litigant after deliberately misleading the Plaintiff as to their intention to do so in an initial telephone conversation between Defendant's counsel and the Plaintiff; (See Exhibit 9-1 ¶2)

   B.  refused to answer communications in regard to a joint 26(f) conference and then repeatedly failing to cooperate with the Plaintiff in the process of submitting a joint 26(f) report to the Court; (*See* Exhibits 2-2, 3, 4 and 8)

   C.  continued failure to serve the Plaintiff with 26(a)1 disclosures which were due November 14, 2013 even after being reminded by the Plaintiff via written communication sent by USPS mail, in willful violation of FRCP 26(a)1(C) and was never responded to. The disclosures have yet to be served to the Plaintiff. (*See* Exhibit 9-1 ¶1)

   D.  making false a statement to the Court in Defendant's 26(f) report in regard to a demand for settlement the Plaintiff never made; (*See* Exhibit 9-1 ¶1)

E.  consistently failed to keep appointments made for conferences; (*See* Exhibit 2-7, 8, 9)

F.  failed to perform within the FRCP, causing Plaintiff to file the 26(f) report individually in order to meet the deadline imposed by the Court's scheduling order; (*See* Exhibit 2-3, 4, 5, 6)

G.  failed to timely file discovery responses within both the deadline imposed by the FRCP and the extended deadlines granted by the Plaintiff only to then serve the responses which were incomplete and inadmissible as evidence and containing blanket claims of protection for requests for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendants have had since November 12, 2013 to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP. Thus attempting to provide themselves an excuse to withhold relevant information and production of documents;

H.  consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule filed on November 12, 2013 and amended on February 18, 2014;

I.  the Plaintiff has never been given reasons for the constant delays and non-cooperation beyond vague excuses such as "called away", etc., nor has the Defendant ever communicated to the Plaintiff that there "might" have been a reasonable delay at any time other than noted above.

## **Relief Sought**

26. During the telephone conference with Defendants' counsel on January 3, 2014, regarding the deficiencies contained in the Defendants' responses to discovery, counsel stated her clients

would stand on their answers to Interrogatories with the exception of very few. In the interest of resolving this matter at this late stage of the discovery process, the Plaintiff hereby narrows her request for assistance from the Court to the following outstanding deficiencies in the Defendant's Amended responses to Requests for Production. Each of these Requests were propounded identically on all three Defendants (*See* Exhibits 5, 6 and 7):

A. **REQUEST FOR PRODUCTION NO. 1** (*stated identically to each Defendant*) (See Exhibits 5, 6 and 7)
   Please produce the documents you allege constitute validation of the alleged account(s).

   i. **Defendant Midland's response:** *Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.* Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

   ii. **Defendant MCM's response**: MCM  objects to this Request to the extent it seeks *information that is confidential, proprietary, privileged, and/or contains trade secrets.* Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon entry of a protective order to restrict dissemination of *confidential information.*

   iii. **Defendant Encore's response:** Identical to the Midland response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1692g(b), 15 U.S.C.§ 1692g(a)(1),(2),(3),(4),(5), 15 U.S.C.§ 1692e(2) and 15 U.S.C.§ 1692d and d(5). The information sought by the Plaintiff pertains directly to the Plaintiff and is of a confidential nature only to the Plaintiff. The

Plaintiff has not sought a protective order as the damage caused by the Defendants' actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff. Yet for purposes of this discovery Request two of the three Defendants claim they are not in possession of documents requested and the other attempts to hide behind a non-existent protective order that was never requested from the Court.

B. **REQUEST FOR PRODUCTION NO. 5** (stated identically to each Defendant). (See Exhibits 5,6 and 7)
Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

   iv. **Defendant Midland's response:** Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

   v. **Defendant MCM's response**: MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon entry of a protective order to restrict dissemination of confidential information.

vi.  **Defendant Encore's response:** Identical to the Midland response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1681*et seq*, and specifically 15 U.S.C.§ 1681s-2(b).The information sought by the Plaintiff pertains directly to the Plaintiff and is of a confidential nature only to the Plaintiff. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff.  Yet for purposes of this discovery Request two of the three Defendants claim they are not in possession of documents requested and the other attempts to hide behind a protective order that was never requested from the Court.

C.  **<u>REQUEST FOR PRODUCTION NO. 6</u>** (stated *identically to each* Defendant) (See Exhibits 5, 6 and 7)
Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect

vii.  **Defendant Midland's response**: Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon entry of a protective order to restrict dissemination of confidential information.

viii.   **Defendant MCM's response** :  Identical to the Midland Response

**Defendant Encore's response:** Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C. § 1681 *et seq*, and specifically 15 U.S.C. § 1681s-2(b) as well as her allegations under the FDCPA *Id.* The information sought by the Plaintiff pertains directly to the Plaintiff and is of a confidential nature only to the Plaintiff. If in fact any contract is in existence which would obligate the Plaintiff to pay the Defendants any monies it would certainly not be privileged and the Plaintiff has a right to see it and challenge it. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff. Yet for purposes of this discovery Request one of the three Defendants claims it is not in possession of documents requested and the others attempt to hide behind a protective order that was never requested from the Court and an absurd claim that the document requested which would directly pertain to the Plaintiff would somehow be considered privileged.

D. **REQUEST FOR PRODUCTION NO. 7** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

    ix.  **Defendant Midland's response:** Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

    x.  **Defendant MCM's response:** MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

    xi.  **Defendant Encore's response:** Identical to the Midland response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C. § 1681 *et seq*, and specifically 15 U.S.C. § 1681s-2(b) as well as her allegations under the FDCPA *Id.* The information sought by the Plaintiff pertains directly to the Plaintiff and would be of a confidential nature only to the Plaintiff. If in fact any original account ever existed the Defendants would be obligated to review it in order to

comply with the requirements of a reasonable investigation after dispute by the consumer.[1]

The Plaintiff has not sought a protective order as the damage caused by the Defendants

actions in sharing and disseminating her private information has already occurred and no

protective order could undo it. This Request relates to actions taken by the Defendants

against the Plaintiff prior to the filing of this case and therefore could in no way be

considered privileged or work product. All three Defendants have stated in their responses

that they have retained all documents and information relating to the alleged accounts they

maintain belong to the Plaintiff.  Yet for purposes of this discovery Request one of the three

Defendants claims it is not in possession of documents requested and the others attempt to

hide behind a protective order that was never requested from the Court and claim that the

document requested directly pertaining to the Plaintiff would have no relevance to this case

and would somehow be considered privileged.

E. **REQUEST FOR PRODUCTION NO. 8** (stated identically to each Defendant) (See
   Exhibits 5, 6 and 7)
   Produce the sale agreement containing Plaintiff's personal identifiers connected with any

   alleged accounts purported to belong to the Plaintiff which you claim you have the legal

   right to collect.

   xii. **Defendant Midland's response:** Midland Funding objects to this Request to the

   extent it seeks information that is confidential, proprietary, privileged, and/or

---

[1] ***Brim v. Midland Credit Management, Inc.,*** 795 F. Supp.2d 1255 (2011) After a contentious
trial, a jury awarded a consumer $100,000 in actual damages and $623,000 in punitive damages
for Midland Credit's "willful noncompliance" of its duties under federal law (Fair Credit
Reporting Act) to adequately investigate the consumer's repeated credit report disputes over a 2-
year period. The trial court revealed: Midland credit receives about 8,000 disputes per year; In
95% of those disputes, Midland merely checks its own electronic information as a means of
validating the debt; and Midland's debts are purchased at discount from creditors unable to
collect them. The jury determined defendant's conduct to be reprehensible.

contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

xiii.   **Defendant MCM's response:** Identical to the Midland response

xiv.   **Defendant Encore's response:** Encore objects to this Request to the extent that it seeks information that is confidential, proprietary, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C. § 1681*et seq*, and specifically 15 U.S.C. § 1681s-2(b) as well as her allegations under the FDCPA *Id*. The information sought by the Plaintiff pertains directly to her and is of a confidential nature only to her. The Plaintiff has a right to demand the Defendants produce any "forward flow" agreement or "bill of sale" which contains the Plaintiff's personal identifiers connected with any alleged debt which they claim affords them ownership. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff. Yet for purposes of this discovery Request one of the three Defendants claims it is not in possession of documents requested and the others attempt to

hide behind a protective order that was never requested from the Court and an absurd claim that the document requested directly pertaining to the Plaintiff would somehow be considered privileged, proprietary or a trade secret. Defendant Encore, as the whole owner of the other two Defendant entities would most certainly have access to any documents, information and or evidence held by them.

F. **REQUEST FOR PRODUCTION NO. 16** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)
Produce the consumer reports concerning Teri Lynn Hinkle in MIDLAND's possession, custody or control, including any historical, electronic, or archived copies.

xv. **Defendant Midland's response:** Midland Funding objects to this Request to the *extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.* Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

xvi. **Defendant MCM's response:** MCM objects to this Request on the basis that it is vague and ambiguous and the term "consumer report" has not been defined. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it is not in possession of documents responsive to this Request.

xvii. **Defendant Encore's response:** Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent that it seeks information that is confidential, proprietary, privileged, and/or contains trade

secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C. § 1681 *et seq*, as well as her allegations under the FDCPA *Id*. The information sought by the Plaintiff pertains directly to her and is of a confidential nature only to her. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff.  Yet for purposes of this discovery Request all three Defendants claim they are not in possession of the documents requested. The Plaintiff is highly alarmed that the Defendants obtained her consumer credit reports on multiple occasions and now claim not to have them. If this is true what did they do with them, how did they dispose of them, and who specifically had access to them?[2]

G. **REQUEST FOR PRODUCTION NO. 19** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)
   Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

---

[2] http://www.business.ftc.gov/documents/bus33-consumer-reports-what-information-furnishers-need-know  **Disposing of Consumer Report Information** - When you are finished using a consumer report, you must securely dispose of the report and any information you gathered from it. That can include burning, pulverizing, or shredding paper documents, and disposing of electronic information so that it can't be read or reconstructed.

xviii.   **Defendant Midland's response:**  Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

xix.   **Defendant MCM's response** : MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

xx.   **Defendant Encore's response:** Identical to Midland's response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of the FDCPA *Id.* The document sought by the Plaintiff pertains directly to her and is of a confidential nature only to her. The Plaintiff never received such a "notice" and finds it patently ridiculous that something which was required by law to have been sent to her personally could be claimed by the Defendants to be privileged, proprietary, or a trade secret. The Plaintiff has not sought a protective order as the damage caused by the Defendants' actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they

maintain belong to the Plaintiff. Yet for purposes of this discovery Request two Defendants claim they are not in possession of the document requested and the other attempts to hide behind a protective order which has never been requested from this Court. The document requested could not in the wildest of imaginations be deemed privileged or confidential to anyone but the Plaintiff.

27. All of the above Requests for Production propounded on the Defendants relate specifically to documents and information directly linked to the Plaintiff. Anything the Defendants possess which is directly linked or pertains to the Plaintiff and existed prior to the filing of this case, cannot be considered proprietary, or a trade secret. Likewise, such materials cannot be considered privileged as the Plaintiff has not asked for anything created by Defendants' counsel so as to be considered work product. FRCP 34, *See* Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir.2005), "We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."

28. In the Defendants' Answers and Defenses filed October 1, 2013 (doc. 14), they collectively deny any violations of the FCRA (¶ 3), and the FDCPA (¶ 4) yet they continually resist providing documents requested by the Plaintiff which would prove those statements if in fact they were true.

29. Requests for Production numbers 1, 5, 6, 7, and 8, would help to establish whether or not the Defendants ever could have validated[3] the alleged debts as the Plaintiff had demanded long before filing this case. In answers to the Interrogatories propounded by the Plaintiff,

---

[3] The debt collector must actually review the file. 15 USC 1692e(g). Claims under the Fair Debt Collections Practices Act adhere to the unsophisticated consumer standard. See Gammon v. GC Services Ltd. Partnership, C.A.7 (Ill.) 1994, 27 F.3d 1254, on remand 162 F.R.D. 313.

Defendants claim they reviewed the files of the sources but identify the sources as other debt buyers. Nothing has been produced which would show any authentication of any legitimate debt belonging to the Plaintiff despite Plaintiff's repeated requests for such documents. Plaintiff specifically seeks this information in Requests for Production as it relates to specific violations alleged in the Complaint.

30. Requests for Production numbers 5, 6, 7, 8, and 19 would establish whether or not the Defendants complied with the requirements of both the FCRA and the FDCPA.

31. Requests numbers 5, 6, 7, and 8, relate directly to the Plaintiff's allegations of violations of 15 U.S.C. § 1681 *et seq*, and specifically 15 U.S.C. § 1681s-2(b).

32. Request number 19 relates directly to Plaintiff's allegation of violations of 15 U.S.C. § 1692 *et seq*.

33. Request for Production number 16 relates directly to the reason the Plaintiff was and continues to be stressed and extremely alarmed by the actions of the Defendants. Prior to moving to the State of Georgia the Plaintiff was the first person to seek and successfully cause a homicidal stalker targeting her and a family member to be prosecuted and jailed under the Internet Stalking Law. That afforded the Plaintiff time to get her family beyond his reach and to a location unknown to him. After reading about debt collectors hiring known felons to man their call centers and having access to consumers' entire personal and financial information including exact location[4] the Plaintiff is far more than a little concerned about where her personal information obtained by the Defendants in this case ended up.

---

[4] http://www.startribune.com/investigators/111727934.html?page=all&prepage=1&c=y#continue "These are people who can find out where you bank, where you live, even where your friends and relatives live, and the state doesn't seem to care if they are hardened criminals. Why even register collectors if you register criminals?" "Their crimes include identity theft, rape, check forgery, assault, and most frequent, serious drunken driving offenses. Most offenders can legally work as collectors because state law excludes only those convicted of fraud or any felony within five years of their application."

34. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Because the Defendants have failed to respond properly and timely to the Requests for Production and cure the deficiencies in the responses so that the Plaintiff may obtain the requested information the Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

### B. Argument and Brief in Support

35. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B).

---

http://westsherburnetribune.com/submitted-news/commerce-department-working-keep-convicted-felons-out-your-wallet "Turning loose convicted felons on vulnerable Minnesota consumers is a dangerous recipe for fraud and financial abuse," said Commissioner Rothman. "That is why our investigators are thoroughly examining the hiring practices of debt collection agencies doing business in Minnesota. Employing convicted criminals to collect sensitive personal information from financially stressed consumers is against the law – and it cannot be tolerated." http://www.examiner.com/article/meet-the-scavengers-debt-collectors-hard-at-work This should be a major embarrassment to the Federal Trade Commission; however this issue seems to remain unaddressed. The Dateline NBC special, "Debt: The next big American crisis?" depicts the real inner workings of a felon and his criminal associates in the scavenger debt collection business. http://www.msnbc.msn.com/id/29881849/ns/dateline_nbc-the_hansen_files_with_chris_hansen/t/debt-next-big-american-crisis/

36. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.   FRCP 26(b).   Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

37. The Court should grant Plaintiff's motion to compel for the following reasons:

    A. The Defendants provided deliberately deficient responses to Requests for Production propounded upon them by the Plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to respond under FRCP 37(a)(3)(B)(iii).

    B. Even though the responses were not served upon Plaintiff within the time allowed by the FRCP, Plaintiff extended the time limit an additional nine days yet the Defendants failed to respond and when they did so after the extended time, the responses to Requests for Production were deficient and evasive.

    C. Counsel for the Defendants was fully aware of the time constraint and the extended deadlines.

    D. At no time during the period allowed by FRCP 33(b)(2)[5] did the Defendants or their counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would prevent it from serving its responses to the discovery materials propounded upon it by the Plaintiff.

    E. Defendant has offered no reason or excuse for its failure to comply but rather continually requested or manipulated yet more time which would in effect shorten Plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

---

[5] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

F. Defendant's failure to respond with proper responses to Requests for Production in the time allowed under FRCP discovery rules warrants entry of an Order compelling compliance with requests for production of documents identified herein.

G. The failure to file complete responses to interrogatories and requests for production of documents reasonably has been held to constitute a complete waiver of any right to object to the requests for production submitted. *See Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production)., the court confronted a situation where a party who was served with requests for production failed to timely respond, but untimely responded and moved for a protective order. The court concluded that "Although defendant's position, had it been asserted in a timely fashion, might well have proven meritorious, failure to object to a discovery request in a timely fashion constitutes a waiver of the objection," *Hansel v. Shell Oil Corporation*, 169 F.R.D. 303, 305 (E.D. Pa. 1996). Gamesmanship to evade answering as required is not allowed. In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> **"Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD**

38. The basis of Plaintiff's complaint is that the Defendants reported false information to the CRA's, about the Plaintiff, knew it was false, failed to investigate after Plaintiff's disputes and in so doing, willfully violated the FCRA and the FDCPA. The listed requests for production above are directly relevant to the allegations in the complaint and specifically

number 8 alone could lead to admissible evidence for trial. *See*, e.g., Discovery Order in *Gold v Midland Credit Mgmt Inc*, et al., 13-cv-02019-WHO (N.D. Cal. Feb. 20, 2014).[6]

39. Plaintiff states and certifies that the information requested by the Plaintiff is relevant to specific allegations in this case and is directly linked to her. Plaintiff certifies that she has conferred with the Defendants who state by email that they will oppose this motion and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because Plaintiff's requests are proper and because the Defendants have refused to comply with the rules, the Plaintiff requests the Court reconsider its Decision and Order and compel the Defendants to respond expeditiously to the Requests for Production contained herein.

Dated: March 10, 2014

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

---

[6] Available at
http://scholar.google.com/scholar_case?case=14390888451764458862&hl=en&lr=lang_en&as_sdt=8006&as_vis=1&oi=scholaralrt (ordering production of unredacted recovery agreement between creditor and debt buyer as directly relevant to FDCPA and related claims)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

     I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTIONS TO COMPEL** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS mail on March 10, 2014

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

    322 Bethel Street

    Eastman, Georgia 31023

    queensongbird@gmail.com

    **Plaintiff, Case 3:13-cv-00033**

# EXHIBIT 1

December 19, 2013

King & Spalding LLP

1180 Peachtree Street N.E.

Atlanta, Georgia 30309-3521

Attn: Tully T. Blalock

RE:  Case No. 3:13-cv-00033


Dear Mr. Blalock,

Please be advised; I have propounded discovery upon your clients which was received by your office on November 14, 2013. The responses were due on December 14, 2013. To date I have received no response. Please provide responses for each of your clients by Monday, December 23, 2013 no later than 12:00 pm. Otherwise I will have choice but to seek appropriate relief from the Court.


Respectfully,

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

478-374-4132

# EXHIBIT 2



**Hinkle v. Midland, et al.**     Inbox   x

**Broussard, Ann** <ABroussard@kslaw.com>     9/30/13
to me, Tony

Ms. Hinkle-

This confirms our conversation wherein you agreed to an extension through tomorrow (October 1, 2013) for the Midland Defendants to file an answer to the amended complaint in this case.  Thanks.

Ann

**Teri Hinkle** <queensongbird@gmail.com>     10/21/13
to abroussard, bcc: me

Ms. Broussard,

I have yet to receive any copies of filings from your office. According to the FRCP Rule 5, all filings must be served upon Pro Se parties by USPS.  Not doing so is sanctionable by the court.

The Judge has reminded you to send me things by mail in this order Docket number 23.

Please check your internal policies and procedures to make sure they comport with federal law.

**Teri Hinkle** <queensongbird@gmail.com>                    10/22/13

to abroussard, bcc: me

Ms. Broussard,

As we discussed over the phone the other day this case must move forward in the domestic jurisdiction until such time as the transfer is decided by the JPML. This may take some time as I have filed a motion to vacate and remand. I have sent two formal letters requesting a tele-conference for the required 26F **conference** and have been ignored.

I have the following dates and times available. Please either choose one or suggest another within the next seven days:

October 23, 24,25,28 or 29th between 10:00 am and 3:00 pm EDT.

Any time after 3:00 pm EDT during the week can be problematic due to the fact that my five year old granddaughter stays with me after school and we would be likely to experience interruptions. Five year olds don't tend to grasp the meaning of patience and courtesy.

Your cooperation in this matter will be greatly appreciated.

**Broussard, Ann** <ABroussard@kslaw.com>                      10/22/13  ■  ↰

to me  ▾

I have not ignored you.  Are you available to conduct this conference this afternoon?  I am available at 5:00 p.m.

Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                      10/22/13  ↰  ▾

to Ann  ▾

I was referring to Mr. Blalock. He is the one the letters were sent to. As I said in my email after 3 pm can be problematic because of the grandchild and today it is raining so she will be cooped up in the house. As long as you don't mind possible interruptions from her 5pm is fine for me. Please advise.


**Broussard, Ann** <ABroussard@kslaw.com>                      10/22/13  ↰  ▾

to me  ▾

Not bothered by interruptions.  Let's make it 5:30 pm instead.

Thanks.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com
        **From:** Teri Hinkle [mailto:queensongbird@gmail.com]

**Teri Hinkle** <queensongbird@gmail.com>                     10/22/13
to Ann ▾

## Ok that's fine. I will call you at 5:30 then

---

**Teri Hinkle** <queensongbird@gmail.com>                     10/22/13
to Ann ▾

## I am getting your answering machine. Please call me instead. I have until 6 and then I have to get the tot fed and and bathed.

---

**Broussard, Ann** <ABroussard@kslaw.com>                     10/22/13
to me ▾

I'm sorry – I got tied up with another matter.  Are you available to have a call tomorrow?  Thanks.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

---

**Teri Hinkle** <queensongbird@gmail.com>                     10/22/13
to Ann ▾

## Yes preferably before 3pm though, Wednesday's are a bit hectic around here and I have a permanent commitment in the evening. Let me know.

**Teri Hinkle** <queensongbird@gmail.com>     11/1/13
to Ann

Anne,

I have not received the draft for the 26F report. Please send as soon as possible as we do have the Tuesday deadline and I will need time to insert my additions and get it back to you in a timely manner.

Thank you,

---

Rule 26(f) report     Inbox   x

**Broussard, Ann** <ABroussard@kslaw.com>     11/4/13
to me

I will send you the draft report today for your review.  Thanks.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

---

**Teri Hinkle** <queensongbird@gmail.com>     11/4/13
to Ann

Ann,

I have not received anything from your office. If we can't get this completed by 2:00 pm tomorrow, November 4 I will have to mail in mine separately. I have to be here for my granddaughter from 3 pm on. Do **not** file the report without my approval. Once we have agreed on the schedule I can sign, scan and send back to you. That is if we can get it done by 2 pm. I am not in the habit of missing deadlines.

Hinkle -- Rule 26(f) report     Inbox   x



**Broussard, Ann** <ABroussard@kslaw.com>                    11/5/13
to me

Ms. Hinkle, I am putting the finishing touches on the report and will email it to you shortly.  I had other commitments yesterday and was unable to send it to you.  Thanks.

K. Ann Broussard
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail com>                    11/5/13
to Ann

Ann,

As I said in my email yesterday I could only wait until 2pm today before mailing an individual one in. I did that this afternoon when I heard nothing from you. Today is the deadline and I requested the court honor the post mark. I have mailed your office a copy as well. *I have been suffering extreme toxic reaction to a massive dose of wasp venom which is causing me to be unable to see for more than a few minutes at a time clear enough to read or be at the computer screen. I have to take advantage of the ability to work on documents during the times the pain and drainage stops sufficiently even if temporary.*

**Broussard, Ann** <ABroussard@kslaw.com>                    ☞ 12/23/13          ↰

to me  ▾

Ms. Hinkle-

Attached is a draft Protective Order in this case so that some confidential documents may be produced.  Please review
it and advise whether you approve and I will have it filed with the Court.  Thanks.

Ann

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
**Tel:**  (404) 215.5725
**Fax:** (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                       12/23/13          ↰

to Ann  ▾

This is not the Edward Crespo action and you will have to be very specific about which
documents you seek to protect. My internet has been down today so I couldn't get back to you
sooner.

. . .

--
Teri

**Broussard, Ann** <ABroussard@kslaw.com>                       12/31/13          ↰

to me  ▾

Ms. Hinkle-

I have to discuss this matter with my client, so I will need to postpone our call until later today.  Are you available later
this afternoon?  Thanks.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
**Tel:**  (404) 215.5725
**Fax:** (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                                      12/31/13

to Ann

Yes however I do have my granddaughter today so please understand any interruptions which may occur from a five year old. I do have a couple of errands to run today but will take care of those at 11 instead of having our call. I should be back by 1 pm.

---

**Teri Hinkle** <queensongbird@gmail.com>                                      12/31/13

to Ann

Ann,

As I said on the phone yesterday I am only willing to wait until January 6th, 2014 to receive the corrected discovery responses regardless of whether or not we manage to have a telephone conference today.

I have filed a Notice to the Court that I will amend the motions currently before the court and intend to keep my word to the court on the time period I stated to get them submitted.

I will be in the rest of the day but I will be serving dinner between 4:15 and 4:45 pm.

Teri Hinkle

---

**Teri Hinkle** <queensongbird@gmail.com>                                      Jan 3

to Ann, tblalock, bcc: me

Ms. Broussard,

What happened to you?

We had a scheduled appointment at 11 am on the 31st, and you missed it.

We rescheduled for that afternoon and you missed that too.

We rescheduled again for 2pm today, and you missed it again.

That's three strikes, or is it just dilatory?

I have made repeated good faith efforts to conference, have you?

If you have not contacted be by telephone by high-noon on Monday the 6th of January, 2014 and have the corrected discovery in my hands by then, I will have no choice but to seek relief from the Court.

The Interrogatories are missing the jurat. They are also evasive and  full of baseless objections which you obviously wish not to defend.

The admissions are just blanket unqualified objections.

The Production requests fail to state the basis of any claimed privilege, etc. and are also full of baseless blanket objections.

I have attempted to discuss this on the phone with you to no avail. Each and every time you have stated you needed to consult with your clients you have never followed through.

Either contact me and comply with the rules as stated, or we can just let the Court decide.

Your actions, or lack thereof, appear sanction-able.

Sincerely,

Teri Hinkle

## Hinkle v Midland      Inbox   x                                          

 **Teri Hinkle** <queensongbird@gmail.com>                                    Jan 4     
to Ann, tblalock, bcc: me

Anne,

As per our telephone conference last evening, January 3, 2014 I will allow an extension of the deadline to deliver to me corrected/updated and properly signed and sworn to by Mr. Moreno (FRCP 33(b)(5), discovery materials from Monday, January 6, 2014 at 12pm EST to Tuesday, **January 7th, 2014 by 5:00pm** EST due to your travel schedule this weekend.

I will also expect to receive a re-drafted protection order containing specificity as to what and/or whom your clients wish to cover in that agreement. If it is acceptable and I agree to it I will expect you to honor it from that point forward.

As to your offer of settlement of $2,000.00, I stated to you that is not in any way acceptable. As per my letter sent to your office by USPS Certified Mail on December 3, 2013, I have never at any time made a demand for settlement of $99,000.00 nor any other amount in reference to the amended complaint until I sent that letter. Even though the amended complaint increased the amount of statutory damages I stated I would be willing to accept half of the amount of $99,000.00 or any reasonable offer your clients might make from that starting point. As always I am willing to discuss and negotiate settlement at any time your clients wish to make a reasonable offer and you have obtained settlement authority to have that discussion.

I hope you have a pleasant trip with no delays or bad weather issues. The fish restaurants in the Sound there are excellent especially the small mom n pop bar and grill type. If you're a seafood enthusiast you might enjoy one of them.


Regards,

Teri Hinkle


**Broussard, Ann** <ABroussard@kslaw.com>                    ⊂⊃  Jan 7        ↩    ▾

to me ▾

Ms. Hinkle-

The Midland Defendants' amended discovery responses are attached.  I sent the documents to you by mail because of the number of pages.  If you want me to email them to you, please let me know.  Also, I will forward the verifications for the interrogatory responses as soon as I receive them from my client.  Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**4 Attachments**



🔖 [Untitled].pdf        🔖 [Untitled].pdf        🔖 [Untitled].pdf

🔖 [Untitled].pdf

The Plaintiff was away from home for a few days on January 16th and received the following 3 emails when she returned.



**Broussard, Ann** <ABroussard@kslaw.com>                          Jan 16

to me

Ms. Hinkle-

The draft protective order is attached. "Documents" in paragraph 1(e) has been defined to include specific documents as we discussed.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309

**Broussard, Ann** <ABroussard@kslaw.com>                    Jan 16  ★    ↰

to me ▾

Ms. Hinkle-

I just tried calling you and was unable to leave a message.  I wanted to follow up with you regarding the pending motions.  Please call me when you are available.  Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com


**Broussard, Ann** <ABroussard@kslaw.com>                    Jan 17       ↰

to me, Tony ▾

Ms. Hinkle-

I tried calling you again this morning.  I am writing to follow up on the status of the protective order.  The documents that the Midland Defendants seek to protect are specifically identified in the draft protective order that I sent to you.  Please advise whether you will agree to this order and I will have it filed today.  Thanks.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                                       Jan 21

to Ann

Anne,

I have been out of town since last week and am catching up with hundreds of email messages. I have many commitments over the next couple days but I will review the doc and get back to you.

**Teri Hinkle** <queensongbird@gmail.com>                                       Jan 23

to Ann

Anne,

I have reviewed the draft of the protective order. It is over broad and over reaching as the items which are specifically listed in there are specifically discoverable under the Federal Rules of Evidence or in the alternative already covered under the rules as to personal privacy etc. Further, anything that you or your client consider to be privileged should be listed in a privilege log, then notify me according to the rules concerning those documents and or information. At that point if there is a dispute we can have a hearing and let the court decide as to the status of the item in question. I expect the documents I requested in discovery and withheld for the purposes of protection or claim of privilege be mailed to me by Monday, January 27, 2014.

Thank you,

Teri Hinkle

**Broussard, Ann** <ABroussard@kslaw.com>                                       Jan 24

to me

Ms. Hinkle-

Do you have any objection to Midland seeking an extension through 1/30/14 to respond to your pending motions (motions to compel and motions to deem matters admitted)?  Thanks.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                    Jan 24

to Ann ▾

Ann,

Yes I do object. Quite frankly you have had more than ample time to respond to the motions. I need to move this case forward and know what I have from discovery. There have been far too many inexcusable delays already.

Regards,

Teri Lynn Hinkle

---

**Teri Hinkle** <queensongbird@gmail.com>                    Feb 3

to Ann ▾

Ann,

Please advise whether you approve or oppose a motion for hearing on the motions to compel and deem admitted. If I have not heard from you by noon tomorrow, Jan 4th I will have to file without your answer due to mailing constraints.

---

## Hinkle v. Midland          Inbox   x

**Broussard, Ann** <ABroussard@kslaw.com>                    Feb 4 ★

to me ▾

Ms. Hinkle-

Are you available on 2/13 for your deposition?

Ann

*K. Ann Broussard*
*King & Spalding LLP*
*Direct: (404) 215-5725*

**Teri Hinkle** <queensongbird@gmail.com>                              Feb 5

to Ann

Ann,

No I am not. Also I have requested the motion hearing to be telephonic due to the Dublin Division being closed and the excessive geographic distance to the Augusta Division. That may   be more convenient for you as well. I will be out the rest of the day on a family matter.

Regards,

Teri

. . .

**Broussard, Ann**                                                   Feb 5

to me

Please give me dates that you are available.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

## Hinkle v. MCM, et al.          Inbox   x

**Broussard, Ann**                                         Feb 5

to me

Ms. Hinkle-

See attached correspondence (also sent by regular mail).

Ann

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725

**Teri Hinkle** <queensongbird@gmail.com>                                         Feb 8

to Ann

Ann,

I still have not received a copy by mail and your sending it to me via email does not comport with the rules but in good faith I am attempting to confer with you to tell you that I am filing a motion for a protective order.  Do you oppose or not?

...

---

**Hinkle v. Midland, et al.**                Inbox   x

**Broussard, Ann**                                                               Feb 10

to me

Dear Ms. Hinkle: I am following up on our call from earlier today concerning your deposition in this case which is set for February 14.  You stated that you have filed a motion for protective order, but we have not seen it yet.  If you can email a copy to me, it would be helpful.

As far as the deposition, you stated that you were generally available on Sundays and I offered to take your deposition on Sunday, February 16.  You declined this offer and said that you would appear on the 14th as noticed, but that you maintained that the deposition would not be usable since your motion for protective order is pending.  Please let me know by close of business today which date you are willing to go forward with your deposition – either the 14th as noticed or the 16th.  I can also do it on the 17th or 18th if that is better for you.  If we do not hear from you, we will proceed as noticed on the 14th.

Ann

---

**Teri Hinkle** <queensongbird@gmail.com>                           Feb 11

to Ann

Ms. Broussard,

The motion will be available to you as soon as the clerk gets it docketed but here is an advance copy. I am having internet/email difficulties and not sure where the problem is.

I did state I am "generally available" on Sundays but that is not the same thing as specifically available on a particular Sunday. I stated I would appear at the time and place you specified in the notice even though I had not received it in the mail. The fact that a motion for a protective order has been filed does not prohibit you from conducting the deposition nor does it release me from the legal obligation to show up. I object to the deposition altogether as is evident by my filing the motion. I stated in our telephone conversation I will have to leave by 2:30 pm as I must be home for the arrival of the school bus delivering my 5 year old granddaughter to me after school.

Have a Happy Valentines Day



**MOTION FOR PR...**   **SIG PG AND RECI...**

---

**Broussard, Ann**                                            Feb 13

to me ▾

Ms. Hinkle-

Due to the inclement weather, I am requesting that we postpone the deposition until early next week or another day next week. Our office has been closed since Tuesday and I will not be able to travel to the deposition tomorrow. We have icy/snowy conditions and it is impossible for me to travel today or tomorrow. Please confirm that you are available on Monday 2/17 or Tuesday 2/18. I look forward to hearing from you. Thanks.

Ann

*K. Ann Broussard*
*King & Spalding LLP*
*Direct:*  *(404) 215-5725*

---

# Hinkle v. Midland            Inbox   x

**Broussard, Ann**                                            Feb 13 ★

to me ▾

**Ms. Hinkle-**

I never received a response to you regarding rescheduling your deposition in light of current weather conditions. I also called you twice, but voicemail did not pick up so I was unable to leave you a message. Given weather conditions, this email confirms that I will not appear for your deposition tomorrow and we will need to reschedule it.

Given this postponement, please confirm that you have no objection to Midland seeking a 30-day extension of the discovery and dispositive motions deadlines. If I do not hear from you by tonight, Midland will move for the extension and specify that there was no response from Plaintiff. Thanks.
Ann

*K. Ann Broussard*
*King & Spalding LLP*
*Direct:* *(404) 215-5725*

**Teri Hinkle** <queensongbird@gmail.com>                                         Feb 13

to Ann

Ann,

I just got home and opened your emails. I do not have voice mail or answering machine nor do I have a cell phone. My daughter is very sick and I was out helping her.

No I am not available next week and I will oppose any enlargement of discovery as I stated in my motion. You have had more than ample time to accomplish whatever discovery processes you needed.

I hope Atlanta thaws out for you tomorrow. It looks a mess on the news.

Teri

## Hinkle v Midland     Inbox   x

  **Teri Hinkle** <queensongbird@gmail.com>                     Feb 19

to Ann, bcc: me

Ann,

I can be available for deposition the 11th, 14th or 16th of March. As I explained to you over the phone, during the week I do have to be home in the afternoons after 2:30 pm and all day on Saturdays to care for my 5 year old granddaughter. Although I generally don't have her on Sundays there are Sundays that I do have her for other reasons besides my daughters work schedule.

Please do not rely on email communication as I have had three computer crashes in the last three weeks as well as connectivity problems with the Internet which is also most likely attributable to this computer.

**Broussard, Ann**                                    Feb 19    ↩    ▾

to me  ▾

Ms. Hinkle-

Thank you for sending the dates.  March 16 is a Sunday.  Please provide a third possible date that is not a Sunday.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax: (404) 572.5100
ABroussard@kslaw.com

---

**Teri Hinkle** <queensongbird@gmail.com>                    Feb 19

to Ann  ▾

**Ann,**

**March 18th, a Tuesday**

. . .


**Hinkle v. Midland**          Inbox   x                                    🖶

**Broussard, Ann**                        📎 Feb 21    ↩

to me  ▾

Ms. Hinkle-

Attached is a copy of the notice of deposition placed in the mail to you yesterday.

Ann


K. Ann Broussard
**KING & SPALDING LLP**

# EXHIBIT 3

December 30, 2013

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

478-374-4132 queensongbird@gmail.com


KING & SPALDING

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

ATTN: Tully T. Blalock

RE: Case No: 3:13-cv-00033

Mr. Blalock,

    Enclosed, please find a copy of a Motion to Take Notice, submitted to the court today. Also attached is page 6 of the original Request for Admissions propounded upon the Defendant Midland Credit Management Inc. The page was not missing when the documents were sent to your office and I am positive of that. However in good faith, I am providing another copy of that page containing Admissions numbers 16-21 which must be responded to.


Regards,

Teri Lynn Hinkle

*Plaintiff*

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, the Parties (as that term is defined below) stipulate to the entry of the following protective order and in order to preserve and maintain the confidentiality of personal, private, confidential, trade secrets, confidential research, training and development technology, and proprietary information that may be disclosed or obtained by the Parties to this case -- Midland Credit Management, Inc.("MCM"), Midland Funding LLC ("Midland Funding"), Encore Capital Group, Inc. ("Encore"), and/or Teri Lynn Hinkle ("Plaintiff") through testimony and/or the production of certain records by and between the Parties during the course of discovery. The Parties agree that good cause exists for this Agreed Protective Order for the purpose of preserving and maintaining the confidentiality of personnel records or any other information that may be disclosed or obtained by the Parties through the production of certain confidential or proprietary Documents and to preserve the privacy rights of non-Parties to this Action. The Court specifically finds that good cause exists for this Agreed Protective Order.

1.     As used herein, the following definitions apply:

1

(a)     "Plaintiff" means Teri Lynn Hinkle, her attorneys, representatives, and any and all other persons who have acted for, or may act for, on her behalf.

(b)     "Defendants" means MCM, Midland Funding, and/or Encore and their attorneys, representatives, and any and all other persons who have acted for, or may act for, on their behalf.

(c)     "Parties" means, collectively, Plaintiff and Defendants.

(d)     "Action" means this suit, Civil Action No. 3:13-cv-00033, *Teri Hinkle v. Midland Credit Management, Inc., et. al*, pending in the United States District Court for the Southern District of Georgia, Dublin Division.

(e)     "Document" means and includes, but is not limited to, all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies and all attachments and appendices thereto of the following: (1) Bill of Sale; (2) Exhibit A to Bill of Sale (Assignment); (3) Archive Account Notes (including collection detail, GUI notes, and production notes); (4) Letters from MCM to Plaintiff. "Document" or "Documents" means and includes all matter within the foregoing description that is in the possession, control, or custody of Plaintiff or in the possession, control, or custody of any attorney for Plaintiff. The Midland Defendants reserve the right to amend this definition to include additional documents.

(f)     "Confidential Information" or "CONFIDENTIAL" means any information or Documents (regardless whether in electronic or hard copy format) that is personal or private or confidential information relating to Plaintiffs; or Defendant's employees, officers, directors, managers, or agents such as personal financial information, social security numbers, and personal medical information;

(g)     "ATTORNEYS EYES ONLY" means any information or Documents (regardless whether in electronic or hard copy format) that shall include any legitimate confidential and proprietary business information, or such information or Documents not known to the general public, the disclosure of which could cause serious injury or damage to the Parties.

2.     This Agreed Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this Action. All information that is or has been produced or discovered in this Action, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this Action unless the information is available to

the general public without a breach of the terms of this Agreed Protective Order. The measures designated by the Parties in this Agreed Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

3.      This Agreed Protective Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the Parties in this Action, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

4.      By entering into this Agreed Protective Order the Parties do not intend to waive any objections raised in response to discovery requests, nor does this Agreed Protective Order in any way obligate any party to produce any specific Document or records in the future that a party deems inappropriate for production.

5.      This Agreed Protective Order is intended to preserve and maintain personal, private, confidential, trade secrets, confidential research, training and development, technology and proprietary business information not known to the general public, the disclosure of which could cause serious injury or damage to the Parties. This Agreed Protective Order is also intended to preserve and protect any confidential and proprietary business information that may be discovered or produced through the inspection of any party's electronic data regardless of where stored, including through the inspection of any personal or business computer by any party's expert. This Agreed Protective Order may also pertain to additional records of a proprietary nature that will be specifically designated by the disclosing party as they are determined by that party to fall within the protections of this Agreed Protective Order. This Agreed Protective Order is also intended to preserve personal, private, and Confidential

Information pertaining to Plaintiffs and to individuals who are not Parties to this Action such as personal financial information, personal medical information, social security numbers, and other sensitive, personal, or private information.

6.    Any Documents produced subject to the terms of this Agreed Protective Order shall be considered either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" and shall be given confidential treatment as described below.  All Documents produced subject to this Agreed Protective Order shall be designated or stamped "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

7.    Documents designated as "CONFIDENTIAL" shall be limited to any type or classification of financial information concerning Defendants or their respective operation that have not been released to the public; manuals, memoranda, instructions, and other Documents that discuss, describe, or set forth standards, criteria, guidelines, policies, or practices relating to the addition of interest to debts and/or the collection of debts; organizational charts of Defendants; insurance policies of Defendants; Documents setting forth Defendants' Document destruction and retention policies; **account notes and/or call logs**; and/or personal, private, and Confidential Information pertaining to Plaintiff and to individuals who are not Parties to this **Action and as personal, financial information, personal medical information, social security numbers, and other sensitive, personal, or private information.**

8.    Documents designated as "ATTORNEYS EYES ONLY" for purposes of this Agreed Protective Order shall include any legitimate confidential, financial, and proprietary business information, and such other information or Documents not known to the general public, the disclosure of which would cause serious injury or damage to the Parties. Additional Documents may be later identified that shall be given similar protections pursuant to this Agreed

Protective Order as specifically designated by and agreed to by the Parties during the course of this Action.

9.      CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned Action.  Except as provided for in this Agreed Protective Order, the Parties shall keep all Documents or information covered by the terms of this Agreed Protective Order from all persons as provided for by the terms of this agreement.

10.      Neither the receiving party nor its representatives shall disclose Documents designated as Confidential, other than to the following persons (hereinafter referred to as "Qualified Persons – Confidential"):

(a)      Designated representatives of Defendants or designated counsel of record in this Action;

(b)      Employees of Defendants' counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(c)      Plaintiff or any of Plaintiff's designated counsel of record in this Action;

(d)      All attorneys for the Parties in this Action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel, and Defendants' human resources administrators and staff assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(e)      Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific Action;

(f)      Witnesses for each party, provided that such witnesses expressly agree to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL Documents or information, but shall not be provided with copies of the CONFIDENTIAL Documents or information; and

(g)      The Court (including any agent of the Court) and any court reporter used during depositions.

This Agreed Protective Order permits the Parties and their designated representatives to view Documents or information designated as CONFIDENTIAL exclusively for purposes of this Action; however, the Parties and their designated representatives are precluded from sharing and/or disclosing that information to anyone other than their designated counsel of record in this Action. Accordingly, the Parties and their designated representatives expressly agree to maintain the confidentiality associated with those Documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than their designated counsel of record in this Action at any time either during the pendency of this Action or subsequent to the conclusion of the Action. To the extent CONFIDENTIAL Documents are used as exhibits or attachments to any filing with the Court in the above-captioned Action, the party so using the CONFIDENTIAL Documents will file the Documents with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, and the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains Documents that were filed in this case by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, and the contents are not to be displayed or revealed except by, or upon order of, the Court.

11.   Counsel for the receiving party shall not disclose Documents designated as ATTORNEYS EYES ONLY, as defined in Paragraph 9 above, other than to the following persons (hereinafter referred to as "Qualified Persons – Highly Confidential"):

(a)   Defendants' designated counsel of record in this Action;

(b)   Plaintiff and/or Plaintiff's designated counsel of record in this Action;

(c)   All attorneys for the Parties in this Action, including in-house attorneys, and those individuals specifically acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial in this Action, including their assistants, associates, paralegals, clerks, stenographic personnel,

6

and assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(d)     Independent experts and consultants retained by any party whose assistance is necessary for the preparation or trial for this specific Action; and

(e)     The Court (including any agent of the Court) and any court reporter used during depositions.

To the extent an "ATTORNEYS EYES ONLY" Document is used as an exhibit or attachment to any filing with the Court in the above-captioned Action, the party so using the Document will file the ATTORNEYS EYES ONLY Document with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, the legend "ATTORNEYS EYES ONLY: SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains Documents that were filed in this case by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, and the contents are not to be displayed or revealed by, or upon order of, the Court.

12.     Counsel may seek permission of counsel for the disclosing party to have particular "ATTORNEYS EYES ONLY" Documents or information presented to and/or viewed by a party or its representatives (other than those identified in Paragraph 10) by submitting a verbal or written request that references the specific Document(s) by a description sufficient to identify the Document for which the party's counsel is seeking permission for disclosure to the disclosing party.  In the event a dispute arises as a result of this procedure or as a result of any denial of a specific request, the Parties shall confer and attempt to resolve such dispute.  In the event a dispute cannot be resolved after the Parties have met and conferred, then the Parties agree that the person or party challenging the confidentiality and/or disclosure of a particular Document may submit that discovery dispute to the Court for consideration.  Nothing in this Agreed Protective Order shall be construed as precluding a party from seeking additional

protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

13.    Nothing contained in this Agreed Protective Order precludes or limits a party from viewing its own CONFIDENTIAL or ATTORNEYS EYES ONLY Documents.

14.    The use of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

15.    CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information subject to this Agreed Protective Order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under Paragraphs 9 and 10.

16.    The agreement of the Parties to this Agreed Protective Order shall not be construed as an agreement or admission: (i) that any material or Document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance, or materiality of any Document or thing designated as confidential.

17.    A party shall designate as other Confidential Information disclosed during any deposition in this matter as "CONFIDENTIAL" by notifying all other Parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information.  Each party shall attach a copy

8

of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

18.    Nothing shall prevent disclosure beyond the terms of this Agreed Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this Action, or if the Court, after notice to all affected Parties, orders such disclosure.

19.    The provisions of the Agreed Protective Order shall survive the conclusion of this Action.

20.    This Agreed Protective Order shall not prohibit disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

21.    Upon written request by counsel for the disclosing party or person, the party having received any Documents or information subject to this Agreed Protective Order shall return these items at the close of Action.

The Parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

Respectfully submitted this ____ day of _____, 2014.


KING & SPALDING LLP


/s/ _____


1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100


9

**Attorneys for Encore Capital Group, Inc.,
Midland Funding LLC, and Midland
Credit Management, Inc.**

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

**Pro Se Plaintiff**

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle,**

  *Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
*ENCORE CAPITAL GROUP INC.,*

  *Defendants.*

## DEFENDANT MIDLAND FUNDING LLC'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant Midland Funding LLC ("Midland Funding"), by its undersigned counsel, serves its amended responses and objections to Plaintiff's First Requests for Production ("Requests") as follows:

## GENERAL OBJECTIONS

A. Midland Funding objects to Plaintiff's Requests, including the definitions and instructions therein, to the extent they purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

B. Midland Funding has not concluded its investigation of facts relating to this case or completed formal discovery or preparation for trial. For that reason, there may exist information responsive to the Requests of which Midland Funding does not yet have knowledge or has not yet located, identified, or reviewed. All of the following responses are, therefore, based only on such information and documents that are presently known or available to Midland Funding.

C.      Midland Funding reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.  Midland Funding objects to each and every one of the Requests insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other proceeding.

D.      Nothing contained herein shall be construed as an admission by Midland Funding relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Request.

E.      Midland Funding objects to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

F.      Midland Funding will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as Midland Funding understands and interprets the Request.  If Plaintiff subsequently asserts any interpretation of any Request that differs from Midland Funding's interpretation, Midland Funding reserves the right to supplement its

2

objections and responses.

      G.     Midland Funding objects to the Requests on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence.  A one-year or two-year statute of limitations applies to Plaintiff's claims in this case.  Consequently, for purposes of responding to the Requests, Midland Funding will consider the relevant time period to be April 30, 2011 through April 30, 2013 for Fair Credit Reporting Act ("FCRA") claims and April 30, 2012 through April 30, 2013 for Fair Debt Collection Practices Act ("FDCPA") claims.

## SPECIFIC OBJECTIONS TO REQUESTS

      Subject to the foregoing general objections, which are incorporated into each response below as if fully set forth therein, Midland Funding specifically objects and responds to the Requests as follows:

### REQUEST FOR PRODUCTION NO. 1:

      Please produce the documents you allege constitute validation of the alleged account(s).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

      Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

      Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, see attached verification.

### REQUEST FOR PRODUCTION NO. 3:

Produce document(s) evidencing your answer to interrogatory number two (2).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Midland Funding objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

### REQUEST FOR PRODUCTION NO. 4:

Produce the policy manuals, procedure manuals, or other documents, which address MIDLAND's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Midland Funding objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Midland Funding's "procedure and policy with respect to the maintenance, presentation, and destruction of documents" is not relevant to any claim or defense asserted in this lawsuit.  Further, Midland Funding states that all documents related to Plaintiff's account and collection efforts have been preserved.

4

**REQUEST FOR PRODUCTION NO. 5:**

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 9:**

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Midland Funding objects to this Request on the basis that it is vague and ambiguous, not limited in scope, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Further, Midland Funding does not have any employees and does not engage in the collection of debts. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce the documents identified in interrogatory number eleven (11).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Midland Funding objects to this Request on the basis that it is overbroad, unduly

burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 11:

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Midland Funding objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

Produce the documents in MIDLAND's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MIDLAND's un-redacted system notes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of each liability policy issued to MIDLAND which may cover MIDLAND's alleged liability in this suit, including declaration page and/or all endorsements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Midland Funding objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the records reflecting MIDLAND's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 168ln(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Midland Funding objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15:**

Produce the documents that constitute, refer or relate to any communications between MIDLAND and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

8

Midland Funding objects to this Request on the basis that it is vague and ambiguous and to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 16:**

Produce the consumer reports concerning Teri Lynn Hinkle in MIDLAND's possession, custody or control, including any historical, electronic, or archived copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce the documents evidencing each affirmative defense you have alleged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Further, Midland Funding objects to this Request to the extent it calls for a legal conclusion.  Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce responsive documents after the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of complaints or petitions in any action filed by or against MIDLAND in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Midland Funding objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 19:**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing general objections, Midland Funding states that Plaintiff has withdrawn the TCPA claims in this case.

Dated: January 7, 2014.

KING & SPALDING LLP

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys   for   Encore   Capital
Group, Inc., Midland Funding LLC,
and  Midland  Credit  Management,
Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **MIDLAND FUNDING LLC'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle,**

     *Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.,**

     *Defendants.*

### DEFENDANT MIDLAND CREDIT MANAGEMENT INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Midland Credit Management, Inc. ("MCM"), by its undersigned counsel, serves its amended responses and objections to Plaintiff's First Requests for Production ("Requests") as follows:

### GENERAL OBJECTIONS

A.     MCM objects to Plaintiff's Requests, including the definitions and instructions therein, to the extent they purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

B.     MCM has not concluded its investigation of facts relating to this case or completed formal discovery or preparation for trial. For that reason, there may exist information responsive to the Requests of which MCM does not yet have knowledge or has not yet located, identified, or reviewed. All of the following responses are, therefore, based only on such information and documents that are presently known or available to MCM.

C.     MCM reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.  MCM objects to each and every one of the Requests insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other proceeding.

D.     Nothing contained herein shall be construed as an admission by MCM relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Request.

E.     MCM objects to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

F.     MCM will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as MCM understands and interprets the Request.  If Plaintiff subsequently asserts any interpretation of any Request that differs from MCM's interpretation, MCM reserves the right to supplement its objections and responses.

G.     MCM objects to the Requests on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither

relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence.  A one-year or two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Requests, MCM will consider the relevant time period to be April 30, 2011 through April 30, 2013 for Fair Credit Reporting Act ("FCRA") claims and April 30, 2012 through April 30, 2013 for Fair Debt Collection Practices Act ("FDCPA") claims.

## SPECIFIC OBJECTIONS TO REQUESTS

Subject to the foregoing general objections, which are incorporated into each response below as if fully set forth therein, MCM specifically objects and responds to the Requests as follows:

## REQUEST FOR PRODUCTION NO. 1:

Please produce the documents you allege constitute validation of the alleged account(s).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 2:

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

MCM objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor

reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, see attached verification.

## REQUEST FOR PRODUCTION NO. 3:

Produce document(s) evidencing your answer to interrogatory number two (2).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

MCM objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

## REQUEST FOR PRODUCTION NO. 4:

Produce the policy manuals, procedure manuals, or other documents, which address MCM's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  MCM's "procedure and policy with respect to the maintenance, presentation, and destruction of documents" is not relevant to any claim or defense asserted in this lawsuit. Further, MCM states that all documents related to Plaintiff's account and collection efforts have been preserved

## REQUEST FOR PRODUCTION NO. 5:

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade

secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged  documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

### REQUEST FOR PRODUCTION NO. 8:

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

### REQUEST FOR PRODUCTION NO. 9:

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

MCM objects to this Request on the basis that it is vague and ambiguous, not limited in scope, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

### REQUEST FOR PRODUCTION NO. 10:

Produce the documents identified in interrogatory number eleven (11).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

## REQUEST FOR PRODUCTION NO. 11:

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 12:

Produce the documents in MCM's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MCM's un-redacted system notes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 13:

Produce a copy of each liability policy issued to MCM which may cover MCM's alleged liability in this suit, including declaration page and/or all endorsements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and

seeks information that is neither relevant to any issue in this case nor reasonably calculated to

lead to the discovery of admissible evidence.  Further, MCM objects to this Request to the extent

it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the records reflecting MCM's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 168ln(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and

seeks information that is neither relevant to any issue in this case nor reasonably calculated to

lead to the discovery of admissible evidence.  Further, MCM objects to this Request to the extent

it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

Subject to and without waiving the foregoing general and specific objections, see documents

produced herewith.

**REQUEST FOR PRODUCTION NO. 15:**

Produce the documents that constitute, refer or relate to any communications between MCM and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

MCM objects to this Request to the extent it seeks information that is confidential,

proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the

foregoing general and specific objections, MCM states that it will produce non-privileged documents that are responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 16:**

Produce the consumer reports concerning Teri Lynn Hinkle in MCM's possession, custody or control, including any historical, electronic, or archived copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

MCM objects to this Request on the basis that it is vague and ambiguous and the term "consumer report" has not been defined.  Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce the documents evidencing each affirmative defense you have alleged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Further, MCM objects to this Request to the extent it calls for a legal conclusion.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents that are responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of complaints or petitions in any action filed by or against MCM in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

MCM objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 19:**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce responsive documents after the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 20:**

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing general objections, MCM states that Plaintiff has withdrawn the TCPA claims in this case.

Dated: January 7, 2013.

KING & SPALDING LLP

Tully T. Blalock
Georgia Bar No. 476098

10

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital
Group, Inc., Midland Funding
LLC, and Midland Credit
Management, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **MIDLAND CREDIT MANAGEMENT, INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

# EXHIBIT 7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle,**

*Plaintiff,*

**vs**

**MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING LLC.
ENCORE CAPITAL GROUP INC.,**

*Defendants.*

## DEFENDANT ENCORE CAPITAL GROUP INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Encore Capital Group, Inc. ("Encore"), by its undersigned counsel, serves it responses and objections to Plaintiff's First Requests for Production ("Requests") as follows:

### GENERAL OBJECTIONS

A.      Encore objects to Plaintiff's Requests, including the definitions and instructions therein, to the extent they purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

B.      Encore has not concluded its investigation of facts relating to this case or completed formal discovery or preparation for trial.  For that reason, there may exist information responsive to the Requests of which Encore does not yet have knowledge or has not yet located, identified, or reviewed.   All of the following responses are, therefore, based only on such information and documents that are presently known or available to Encore.

C.      Encore reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise assert

factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Encore objects to each and every one of the Requests insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other proceeding.

   D.  Nothing contained herein shall be construed as an admission by Encore relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Request.

   E.  Encore objects to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

   F.  Encore will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as MCM understands and interprets the Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Encore's interpretation, Encore reserves the right to supplement its objections and responses.

   G.  Encore objects to the Requests on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence. A one-year or two-year statute of limitations applies to Plaintiff's claims in this case.

Consequently, for purposes of responding to the Requests, Encore will consider the relevant time period to be April 30, 2011 through April 30, 2013 for Fair Credit Reporting Act ("FCRA") claims and April 30, 2012 through April 30, 2013 for Fair Debt Collection Practices Act ("FDCPA") claims.

<u>**SPECIFIC OBJECTIONS TO REQUESTS**</u>

Subject to the foregoing general objections, which are incorporated into each response below as if fully set forth therein, Encore specifically objects and responds to the Requests as follows:

**<u>REQUEST FOR PRODUCTION NO. 1</u>:**

Please produce the documents you allege constitute validation of the alleged account(s).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, see attached verification.

**<u>*REQUEST FOR PRODUCTION NO. 3*</u>:**

Produce document(s) evidencing your answer to interrogatory number two (2).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:**

Encore objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 4:**

Produce the policy manuals, procedure manuals, or other documents, which address ENCORE's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore's "procedure and policy with respect to the maintenance, presentation, and destruction of documents" is not relevant to any claim or defense asserted in this lawsuit.  Further, Encore states that all documents related to Plaintiff's account and collection efforts have been preserved

**REQUEST FOR PRODUCTION NO. 5:**

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

4

**REQUEST FOR PRODUCTION NO. 6:**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.   Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Encore objects to this Request on the basis that it is vague and ambiguous, not limited in scope, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce the documents identified in interrogatory number eleven (11).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Produce the documents in ENCORE's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including ENCORE's un-redacted system notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of each liability policy issued to ENCORE which may cover ENCORE's alleged liability in this suit, including declaration page and/or all endorsements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the records reflecting ENCORE's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 1681n(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the

extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15:**

Produce the documents that constitute, refer or relate to any communications between MCM and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Produce the consumer reports concerning Teri Lynn Hinkle in ENCORE's possession, custody or control, including any historical, electronic, or archived copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce the documents evidencing each affirmative defense you have alleged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Further, Encore objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Encore states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of complaints or petitions in any action filed by or against ENCORE in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Encore objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 19:**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing general objections, Midland Funding states that Plaintiff has withdrawn the TCPA claims in this case.

Dated:  January 7, 2014.

KING & SPALDING LLP

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **ENCORE CAPITAL GROUP, INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

 

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

# EXHIBIT 8

October 7, 2013

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

478-374-4132   queensongbird@gmail.com


KING & SPALDING

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

ATTN: Tully T. Blalock


Mr. Blalock,

      Please find enclosed copies of DISCLOSURE OF INTERESTED PARTIES, NOTICE OF NO/IMPROPER SERVICE BY DEFENDANTS and RULE 26 DISCLOSURES for Case No. 3:13-cv-00033-DHB-BKE.

      My schedule may be a bit hectic over the next few weeks so I would greatly appreciate it if you would contact me after checking yours so that we can agree on a date and time for a telephonic 26F conference.


Regards,

Teri Lynn Hinkle

# EXHIBIT 9

December 3, 2013

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

478-374-4132  queensongbird@gmail.com


KING & SPALDING

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

ATTN: Tully T. Blalock

RE: Case No. 3:13-cv-00033

Mr. Blalock,

There are two issues I wish to address as of this date. First, your client's Rule 26(a)(1) Disclosures were due on November 14, 2013 and I have yet to receive them. Second, contrary to the claim made in the Rule 26F Report filed by your office in item number 12; "The Midland Defendants represent that Plaintiff has notified them of her settlement demand, but the parties have been unable to reach a settlement", not only have I NOT notified your office of any settlement demand in writing or by telephone, there has been no good faith efforts by your office or your clients to enter into any settlement discussion.

This complaint was amended and accepted by the Court and the original complaint was therefore replaced by the second. Before that occurred I had offered to begin settlement negotiations on the basis of half the amount of statutory damages alleged in the original complaint. No response to that offer was made. After the complaint was amended, on multiple occasions over the telephone, Ms. Broussard of your office asked if I were willing to discuss settlement and she stated repeatedly that my demand was $99,000.00 (the amount of statutory damages in the original complaint), which was never at any time stated by me. I repeatedly corrected her and stated multiple times that I had made no settlement demand on the amended complaint and that I would be willing to consider any reasonable offer of settlement your clients might make. Each time she raised the subject I asked if she had settlement authority and she said no. I asked her to get settlement authority from your clients so that we could discuss it. I was then told that if I were to refuse their offer which she said she would get from them, the clients would remove the case from the Federal District Court to the California MDL. In truth that effort had already been started without my knowledge. As you know the TCPA counts in the current complaint have been dismissed and the MDL has remanded the case back to the Federal District Court. Again, no effort was made to confer with your clients and get back to me as promised.

So far I have had very little reasonable cooperation from your office and in order to comply with Civ. Rules of Procedure, after formal letters, emails and telephone calls just to schedule a simple 26F conference, I had to file my portion of the Joint Rule 26F report separately after several failures by your office to get to me your draft of the report for my review and approval, just to meet the deadline.

While a heavy case load in your office can understandably cause delays on your end, a lack of communication in response to written letters and false statements to the court such as the ones in the 26F report and the telephone conversation with Ms. Broussard, are not acceptable to me. In an effort to clarify and state officially what my position is on the subject of a good faith attempt to settle this case in the interest of saving the courts valuable time and limited resources, I will outline as follows:

1. I attempted on multiple occasions to mitigate these matters with all three defendants prior to litigation.

2. Although the statutory damages alleged in the original complaint were at the time a total of $99,000.00 largely comprised of continuing violations of the FCRA § 1681s-2(b), I have never at any time demanded that amount in settlement before or after the filing of this case. The violations continued and still continue even after the filing of the amended complaint.

3. In the Magistrate Judges order he stated that the statutory damages alleged against MCM, and Midland Funding would apply to Encore as well. That effectively doubles the basic amount of $99,000.00 in statutory damages without the continued violations still accruing to date.

4. The TCPA violations alleged in the amended complaint have been dismissed and are not included in the $198,000.00 in statutory damages before the court.

5. To date your clients have made no attempt and indeed no offers reasonable or otherwise to settle this matter.

6. I did state before the complaint was amended and the original complaint replaced that I would settle for half the statutory damages which were at that time $99,000.00. That would have been $49,500.00. I also expressed multiple times that I was willing to negotiate on any offer made by your clients. Even though the statutory damages are effectively doubled now in the amended complaint I have expressed multiple times that I would still be willing to start negotiations from that original point but would remain open to any REASONABLE offer from your clients.

7. The total statutory damages included in the amended complaint (FDCPA & FCRA) are now $198,000.00 not including costs and fees on my part and not including the ongoing FCRA violations since its filing to be added after the closing of discovery.

8. However I am still willing to accept $49,500.00 waiving costs and fees to settle this matter in which case I would accept a check or money order and file a motion to dismiss the case with prejudice within five days of the receipt of payment. In the alternative,

should your clients wish to make a reasonable counter offer of settlement, I am as always willing to negotiate in good faith.

At no time has your office indicated it has settlement authority from your clients so that we could have a substantive settlement discussion. Once you have settlement authority, I am willing to come to the table to discuss the same, in good faith. Please communicate to your client my willingness to enter into a settlement discussion, and confirm with me in writing that you have done so.

Regards,

Teri Lynn Hinkle

*Plaintiff*




# EXPRESS MAIL

**UNITED STATES POSTAL SERVICE**

## EXTREMELY URGENT

### Please Rush To Addressee

## Mailing Envelope

### For Domestic and International Use

**Visit us at usps.com**



U.S. POSTAGE
$19.15

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).

Please Recycle

EP13C

## EXPRESS MAIL

**UNITED STATES POSTAL SERVICE**

Addressee Copy

Post Office To Addressee

**DELIVERY (POSTAL USE ONLY)**

**CUSTOMER USE ONLY**

**ORIGIN (POSTAL SERVICE USE ONLY)**

Postage

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call 1-800-222-1811

Place Mail



PLEASE PRESS FIRMLY

**RECIPIENT**
The sender has requested notification upon delivery.
Immediately upon receipt, please telephone:
NAME:
Tel. No.: ( )

PLEASE PRESS FIRMLY

**DuPont™ Tyvek®**
Protect What's Inside™
Schedule package pickup right from your home or office at ups.com/pickup
Print postage online - Go to usps.com/postageonline