**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

Teri Lynn Hinkle
*Plaintiff,*

vs

MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING, LLC.
ENCORE CAPITAL GROUP INC.
*Defendants.*

Case No. 3:13-CV-00033

## PLAINTIFF TERI LYNN HINKLE'S RESPONSE IN OPPOSITION TO DEFENDANTS, MIDLAND CREDIT MANAGEMENTM INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP INC.'S MOTION TO WITHDRAW ADMISSIONS

COMES NOW, the Plaintiff who responds to Defendant's Motion to Withdraw Admissions and states as follows:

1. On March 13, 2014 Plaintiff, Teri Lynn Hinkle filed a Motion to Reconsider the Decision and Order of the Court on Plaintiff's Motions to Compel. (*See* Doc. 55)

2. On March 19, 2014 Plaintiff received via email one hundred and six pages of discovery responses from Defendants in a pdf file with no indication as to what specific Requests for Production or which of the three Defendants the enclosed documents pertained to.

3. On March 20, 2014, the last day of discovery, the Plaintiff received via UPS delivery, hard copies of the above mentioned documents with a cover letter which simply stated, "Please find enclosed the Midland Defendant's document production numbered

MIDLAND-HINKLE-000001-000106." (*See* copy of previously filed Exhibit 11 attached.)

4. Defendants failed to delineate or specify what documents provided were in response to which specific Requests for Production for each individual Defendant.

5. Although it is clear that the documents sent are at least partial responses to Requests for Production there is a complete failure by the Defendants to identify which of the one hundred and six pages of documents provided are responses to which specific Request for Production and for which Defendant(s) they apply to.

6. On March 19, 2014 Defendants filed a Motion to Withdraw Admissions in response to this Court's order to Deem Matters Admitted dated March 3, 2014.

7. Under the federal rules, a party may propound written requests to admit the truth of matters related to "facts, the application of law to fact, or opinions about either, and the genuineness of any described documents." FRCP 36(a). See also In re Carney, 258 F.3d 415, 419 (5th Cir. 2001)[1]

8. When matters are deemed admitted due to an untimely response, those matters are "conclusively established unless the court, on motion, permits the admissions to be withdrawn or amended." FRCP 36(b). The court has discretion to allow withdrawal or amendment of admissions if, to do so, "would promote the presentation of the merits of the action [;]" **without prejudicing the party who obtained the admission** (emphasis added), in presenting its case. FRCP 36(b). The court has discretion to deny a request to withdraw admissions even if both of these factors are met. In re Carney, 258 F.3d at 419.

---

[1] Stating that the breadth of the rule allows litigants to narrow the issues down to disputed matters for trial. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." FRCP 36(a); *See* also In re Carney, 258 F.3d at 419.

9.  Defendants in this matter have continuously attempted to stall the discovery process prohibiting the Plaintiff from having ample time left in the discovery schedule to fully investigate the scant responses and documents provided prior to the last day of discovery. (*See* Doc 55 and Exhibits attached). Defendants waited until the 11th hour of the original discovery schedule to propound discovery on the Plaintiff or seek a deposition from her. This effectively occupied the Plaintiff's remaining discovery time in the schedule while the Defendants continued to stonewall her attempts to obtain documents in Requests for Production from all three Defendants.

10. Defendants' claims that most of the Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA are false.

11. Defendants claim "inadvertent oversight" and "excusable neglect" in defense of their failure to respond to the Plaintiff's Requests to Admit. If there had not already existed a consistent track record of dilatory delay, always stretching the rules just shy of sanction-able behavior on the part of the Defendants from the onset of this case as evidenced by the Plaintiff's prior pleadings, (*See* Doc 55 and Exhibits attached) the Plaintiff may have accepted such a statement as plausible if it had ever been offered to her in the first place. However, no reason whatsoever for the failures to meet deadlines was ever communicated to the Plaintiff.

12. The Plaintiff *pro se* is barred from access to the CMF/ECF system and must therefore rely only on the USPS which unfortunately is not what it used to be regarding timely delivery of mail. Even when incurring the cost to mail documents to this Court by overnight delivery, there has been a three to five delay in filing from date of mailing. (*See* for example Doc 32-1 USPS postal stamp). Defendants state that Plaintiff filed her

motions to compel on December 27, 2013 however they fail to acknowledge the fact that the Plaintiff had stated her specific response deadlines only because of her required reliance on the USPS. The Plaintiff has stated this fact on many occasions in telephone conversations with counsel for the Defendants. Defendants also fail to point out that each and every time an agreement was reached in regard to discovery responses an exact time was stated **and agreed to** strictly because of the Plaintiff's handicap created by her lack of access to the CMF/ECF system.

13. The Plaintiff did not call for any legal conclusions in her Requests for Admissions. On the contrary, the documents finally sent to the Plaintiff on March 19, 2014 via email by the Defendants show the truth of the very admissions the Defendants consider to be calling for legal conclusions, among other issues. (*See* Declaration of Teri Lynn Hinkle, Exhibit 12, with Exhibits, attached hereto).

14. The Plaintiff stands by her statements as to the specific facts and the order of events as they occurred from the beginning of this instant action submitted to the Court in her Motion to Reconsider, (*See* Doc 55 and Exhibits).

15. The outlandish and uncalled for attempt by the Defendants to besmirch the Plaintiff's integrity, motives, intent and character by once again referring to her as litigious in order to imply maliciousness or dishonorable intent is both maligning and libelous. None of the Plaintiff's previously filed cases are in any way similar in nature to this instant action, are not relevant to it nor were they against a "number of credit card companies" or innocent bystander collection agencies. The Plaintiff *pro se* has learned to stand up for her rights and fight back when those Constitutionally protected and Congressionally upheld and legislated rights are violated. In the interest of respect for this Court, decorum, good

manners and a wish to remain a lady, the Plaintiff will not engage in a mud fight by throwing unfounded accusations with the Defendants and will say no more on the subject at this time.

## ARGUMENT AND AUTHORITIES

16. Defendants have argued that the Plaintiff has not met the two prong test of FRCP 36(b), however Plaintiff contends just the opposite as attested to in her Declaration attached hereto. *See Raiser v Utah City.*, 409 F.3d 1243, 1246 (10th Cir. 2005). The first prong of the FRCP 36(b) "'test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.' Here, the admissions at issue conceded the core elements of [P's] case. Indeed, *the district court's grant of summary judgment was based on the admissions.* Thus, allowing the admissions to be withdrawn would subserve the presentation of the merits of the action."

17. The Defendants also claim a lack of possible "prejudice" suffered by the Plaintiff if the deemed admissions are withdrawn however the Defendants' actions and behavior throughout the case and the discovery process to date clearly evidence the Plaintiff *pro se* will be effectively prejudiced in the extreme by the granting of their motion to withdraw admissions which have now been supported by their own partial responses to the Plaintiff's Requests for Production. (*See* Declaration of Teri Lynn Hinkle, Exhibit 12 and Exhibits attached hereto). See also, Sonoda v Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001). "The prejudice contemplated by [FRCP] 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the

unavailability of key witnesses in light of the delay." See also, Conlon v U.S., 474 F.3d 616, 623 (9th Cir.2007) (court should focus on prejudice nonmoving party would suffer at trial).

## <u>CONCLUSION</u>

18. At every instance of a deadline imposed by the FRCP since the onset of this case the Defendants have failed to cooperate, answer written communications, keep appointments they requested and set and deliberately pushed the window for the Plaintiff to comply with the rules to the last possible moment. Plaintiff is proceeding *pro se*, has no support staff or office help and is severely limited and restricted by the necessity of relying the USPS exclusively and yet has met each deadline imposed on her in a timely manner.

19. Plaintiff has complied with the Court's scheduling orders despite Defendant's consistent failures to cooperate in discovery as evidenced by the exhibits attached to Plaintiff's Motion to Reconsider, (*See* Doc 55). The time and expense for Plaintiff to meet her responsibilities as Plaintiff in this case has been considerable and is exacerbated by the Defendants' dilatory tactics at every turn. The Plaintiff is entitled to rely on the rules of procedure, and the Court has discretion to require compliance with discovery orders so that it can manage its docket efficiently.

20. Defendant's only excuse for failing to respond to the Requests for Admissions in a timely manner is a claim of "inadvertent oversight" yet not a single reason, even one as weak as that, was ever at any time offered to the Plaintiff when she attempted to resolve the issues. The Plaintiff had only the Defendants' well established track record of failure to perform from the beginning of the case as evidence of a reason for the lack of response to discovery in a timely manner. Plaintiff had no choice but to rely on that track record to

dictate her actions in order to remain within the deadlines imposed by this Court's scheduling order.

21. As Defendants have not fully cooperated in discovery and still have not provided their FRCP 26a(1) Disclosures, they are likely intending to rely on evidence never seen by the Plaintiff at trial. This would prejudice the Plaintiff beyond repair and bar her from due process of law.

WHEREFORE, the Plaintiff, Teri Lynn Hinkle requests this Honorable Court deny the Defendants Midland Credit Management Inc., Midland Funding LLC, and Encore Capital Group's Motion to Withdraw Admissions.

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

# EXHIBIT 11

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

K.Ann Broussard
Direct Dial: +1 404 215 5725
Direct Fax: +1 404 572 5100
abroussard@kslaw.com

March 19, 2014

**VIA OVERNIGHT DELIVERY**

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

Re:     **Hinkle v. Midland Funding LLC, Midland Credit Management Inc.**

Dear Ms. Hinkle:

Please find enclosed the Midland Defendants' document production numbered MIDLAND-HINKLE-000001-000106.

Sincerely,

K. Ann Broussard

KB:pdw
Enclosures

# EXHIBIT 12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle** <br> *Plaintiff,* <br><br> **vs** <br><br> **MIDLAND CREDIT** <br> **MANAGEMENT INC.** <br> **MIDLAND FUNDING, LLC.** <br> **ENCORE CAPITAL GROUP INC.** <br> *Defendants.* | Case No. 3:13-CV-00033 |

## DECLARATION OF TERI LYNN HINKLE IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANTS, MIDLAND CREDIT MANAGEMENTM INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP INC.'S MOTION TO WITHDRAW ADMISSIONS

I, Teri Lynn Hinkle, hereby declare as follows:

1.   I, Teri Lynn Hinkle am the Plaintiff, proceeding *pro se* in the above-captioned case.

2.   I submit this Declaration on behalf of myself as Plaintiff in opposition to Defendant's Motion to Withdraw Admissions filed March 19, 2014 and in support of my Motion for Summary Judgment which will be filed henceforth.

3.   Prior to May of 2011 on the occasion of the first time I viewed my credit reports from all three credit reporting agencies I had never heard of Midland Credit Management Inc., Midland Funding LLC or Encore Capital Group Inc. (the Defendants). I had never been contacted by the Defendants or communicated with them in any manner.

4. I served on Defendants my first Set of Interrogatories, Requests for Production and Requests to Admit (the "Discovery Requests") pursuant to FRCP 36(a)(1) on November 14, 2013. The Discovery Requests included Requests to Admit, ("Requests to Admit"). My purpose in issuing the Requests to Admit, as well as certain of my other Discovery Requests, was (a) to establish proof of certain issues that are essential to my case and not in question and (b) to narrow the issues in question in the case in order to guide the development of the case, including determining what matters would need to be further explored in the discovery process, what depositions may be necessary or helpful for me to take, and what pre-trial motions may be appropriate for me to bring.

5. *Defendant's responses to the Discovery Requests were due pursuant to FRCP 36 on December 17, 2013.* When the Defendants failed to serve responses to "Discovery Requests" by the due date I contacted Defendants' counsel via email and stated I would delay seeking recourse from the Court until December 23, 2013 at 12:00pm. The discovery period was scheduled to end on February 18, 2014 per the Court's order and I was severely limited by having to rely on USPS to file pleadings with the Court. Defendant's counsel telephoned me and offered no reason whatsoever why the Defendants had not responded by the due date but asked for an extension until after the first of the year which I objected to.  I then mailed the motions to compel and motions to Deem Admissions Admitted hours after Defendants **again failed to meet the deadline.** (*See* Doc 32-1 USPS postal stamp). I have on numerous occasions expressed to Defendants' counsel that the deadlines I insist on are not arbitrary but for reasons of being restricted to the use of the USPS for filing pleadings with the Court.

6. Defendants emailed responses to the Discovery Requests on the **evening** of December 23, 2013 and sent hard copies to me via UPS delivery. As I have submitted to the court in my Motions to Compel (*See* Docs 32,34,36,47,55), and attached exhibits, many of the responses were insufficient and without any sworn Declaration or Jurat attached. I requested they be amended. After a lengthy telephone conference with Defendants' counsel reviewing each discovery request for all three Defendants it was agreed by both sides that the amended responses would be served to me no later than January 6, 2014 by close of business day. Defendants' counsel later requested an extension to January 7, 2014 which I agreed to. The responses were much the same as the first ones and the Defendants claimed they would produce the items not sent in response to my Requests for Production after a protective order was entered which had not been agreed to nor has one ever been sought from the Court.

7. I contacted Defendants via email on January 23, 2014 (*See* Doc 55, Exhibit 2 pg 13), again and stated that I would expect to have the missing responses to Requests for Production served to me no later than January 27, 2014 which the Defendants ignored.

8. Each delay in the discovery process has significantly limited the time available for me to conduct additional discovery, take depositions, identify parties with fact evidence, explore new case strategies, address new issues raised by Defendants in their discovery responses and/or file any necessary or helpful pre-trial motions.

9. Defendants **failed to timely respond** to my Requests to Admit or any of my other Discovery Requests by the extended Response Deadline.

10. Defendants requested and were granted an extension of the discovery response period to March 20, 2014 in order to depose me. Said deposition took place on March 11, 2014.

Declaration of Teri Lynn Hinkle Page **3** of **8**

Defendants then continued their **failure to respond** to certain Requests for Production until the **eve of March 19, 2014** effectively preventing any remaining time for me to conduct additional discovery as stated above.

11. The documents sent to me on March 19, 2014 contain information which supports my allegations in this case and indicate that the Deemed Admissions are true.

12. The entire discovery period in this case even with the Court ordered extension has been spent in an effort by me to be served with proper and complete responses to my **first set** of "Discovery Requests" to the Defendants.

13. On March 3, 2014 my motion to deem matters admitted was granted by the Court. As I have not timely received any of the discovery to which I am legally entitled in this case, my case strategy and preparation for trial has revolved around Defendants' responses to each of the Requests to Admit, which were automatic pursuant to the FRCP December 17, 2014, a **scant few** properly responded to Interrogatories, and documents in response to an equally few Requests for Production. The responses to the Requests for Production have yet to be identified as to which Defendants or which Requests for Production they pertain to. I, through no fault of my own, have not had an ability to develop a case strategy or prepare for trial on any other basis.

14. Based on the Defendants' admissions and incomplete Discovery Requests I did not pursue depositions of the Defendants or discovery from third parties that may otherwise provide factual support for the allegations deemed admitted. For example, in reliance on the Defendants' admissions, I have not pursued document or deposition discovery from individuals or entities who may have relevant information, including but not limited to:

    a.  TransUnion Credit Reporting Agency

    b.   Equifax Credit Reporting Agency

    c.   Experian Credit Reporting Agency

    d.   J. Brandon Black, President and CEO of Encore Capital Group Inc., and Midland Credit Management Inc.

    e.   Paul Grinberg, Executive Vice President and Chief Financial Officer of Encore Capital Group Inc.

    f.   Ashish Masih, Senior Vice President, Legal Collections Operations for Encore Capital Group Inc.

    g.   Carl Eberling, Senior Vice President, Information Technology and Chief Information Officer for Encore Capital Group Inc.

    h.   Jim Syran, Senior Vice President, Operations and Chief Marketing Officer for Encore Capital Group Inc.

    i.   Lori Swanson, Attorney General for the State of Minnesota

    j.   Darrell McGraw, Attorney General for the State of West Virginia

    k.   John Moreno, declarant for the Midland/Encore Defendants

    l.   Dean Kavanagh, Vice President of AIS Services LLC

    m.   Donald Schwartz, Manager for Debt Recovery Solutions

15.  If Defendants' Motion to Withdraw Admissions were granted, I would have no time before trial to (a) obtain additional evidence or testimony from witnesses needed to establish **certain issues which have been admitted** by Defendants or (b) develop a new trial strategy from the one that I have been pursuing.

16. Additionally, Defendants' March 19, 2014 responses to Requests for Production contain factual and legal issues which support the deemed Admissions and my allegations in the complaint such as:

    a.  The first alleged account the Defendants were attempting to collect from me between 2011 and 2013 was paid in full in 2008 which establishes that I did not owe the Defendants any money in regard to the alleged account they claimed to own and continued to report to all three credit reporting agencies. Although the Defendant's own records reflect a marked discrepancy of dates of payment their records state verbatim, "SETTLED ACCOUNT-GOOD JOB!.... 12/23/2008" (*See* Exhibit 13(a),(b) attached herein).

    b.  The fact that the above mentioned alleged account was paid off in 2008 (See exhibit 13(a),(b),(c),(d)(e) attached hereto), is absolute proof that the Defendants knew they were violating the FDCPA and the FCRA by continuing to report it to the credit reporting agencies after my disputes which is in fact a collection action as well as an action crossing the line from civil to criminal liability.

    c.  The "Bills of Sale" (See Exhibit 14(a),(b) attached hereto), for both alleged accounts indicate they were purchased from other debt buyers without recourse, warranty, or supporting documentation. Additionally in neither "Bill of Sale", is there any indication or reference to any specific accounts let alone any purported to belong to me.

    d.  Defendants own in house records reveal no substantiating documentation for the alleged accounts and no effort to obtain any after my disputes with the credit

reporting agencies or my demands for validation. Instead, the Defendants attempted to shift the burden of proof onto me. (*See* Exhibit 15(a),(b)

17. Defendants have consistently thwarted all efforts to move the case forward at every turn, wasted my time in a deposition which they knew beforehand would produce nothing more than I had already given them, threatened me with sanctions over my responses to their Discovery Requests after never indicating at any time prior to the deposition that they were dissatisfied in any way with them, and still have not served me with their 26(a)(1) disclosures which were **due November 14, 2013**.

18. I have relied upon Defendant's admissions and the documents finally sent to me March 19, 2014 to prepare this case for trial. Given the fact that the discovery period has now ended and the well documented record of noncooperation established by the Defendants actions throughout the case, I would be severely prejudiced by the Court allowing Defendants to withdraw their admissions.

19. I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information and belief, and respectfully request that the Court deny Defendant's Motion to Withdraw Admissions.

NOTARY AND SIGNATURE ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved her identity to my satisfaction, and she acknowledged her signature on this Affidavit in my presence and stated that she did so fully understanding that she was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

March 24, 2014

Teri Lynn Hinkle

Name of Notary: Tammy Jones McCranie

Signature of Notary:

# EXHIBIT 13

**Exhibit 13-a**

Collection Detail for account # 8528711764          GA Local: 08:50 AM (E)

No Value Account                                  023-OK TO WORK-DISPUTE OUTSIDE VAL
                                                   PER

026-VERBAL/WRTTEN CEASE-DESIST/REFUSE

| Payment Plan | Update Address | Verify Employer | Update Phone | Additional Data |
|---|---|---|---|---|
| | | Payment History | | |

**Terri Hinkle**                     GE/ MEIJER - 6005065003614729        Inv#: 1597   K Port#: 797

|  | Best#: | Last Wk: | 05/01/2013 | Purch Bal: | $357.56 |
|---|---|---|---|---|---|
| **322 Bethel St (H)** | Home: | Int Rate: | 5.00% | Int+Fees: | $40.55 |
| | Work: | Last Pd: | 10/13/2008 | Total Paid: | $398.11 |
| **EASTMAN GA 31023** | Last Ltr: | 12/24/2008 | Last Pd$: | $237.49 | |
| **SSN:** ▓▓▓▓▓ | Ltr Dis%: | 0.00% | Ltr Exp: | Balance: | $.00 |
| **Dte Birth:** | SIF Amt: | $.00 | Dte C/O: | 08/07/2006 | SOL Exp: | 10/13/2014 |

CC: **D5R** Name: **ANDREW ASCH**          [Xfr]   Site: **SD**  Ext: **X31244**  Team: **C954**

| Comments | Status | CC | By | Followup | Amount | Entered | Time |
|---|---|---|---|---|---|---|---|
| LAWSUIT FILED AGAINST MCM, ET AL. ON 4/30/13 IN USDC SOUTHERN DIST OF GA DUBLIN DIV. CASE NO. 3:13-CV-00033-DHB-WLB | COMM | D5R | HCB | 05/01/2013 | 0.00 | 05/01/2013 | 15:16:53 |
| Account assigned from BU8 to D5R by MASHIRO | TRNF | D5R | HCB | | 0.00 | 05/01/2013 | 15:16:15 |
| Account assigned from STL to BU8 by CROBIN2 | TRNF | BU8 | ELF | | 0.00 | 05/01/2013 | 11:51:38 |
| REVIEWED CORRESPONDENCE FWRD'D TO COMPLIANCE, WILL ADD TO CU DEMANDS | COMM | STL | ELF | 05/01/2013 | 0.00 | 05/01/2013 | 11:51:34 |
| PER MULT CONSUMER RQSTD CND ON MULTIPLE, WILL CND ACCT | COMM | STL | GT9 | 04/24/2013 | 0.00 | 04/24/2013 | 08:42:04 |
| RCVD SIGND LTR FROM TERI LYNN HINKLE. PM ON 4/5/2013. RCVD IN CSS ON 4/10/2013. CU STS THIS IS A WAY OF COURTESY TO APPRAISE MCM, NOTES ON ALL THREE ENTITIES, FACT ACT, HAVE BEEN TRYING TO RESOLVE ISSUES FOR PAST. | COMM | STL | GT9 | 04/23/2013 | 0.00 | 04/23/2013 | 15:35:28 |

MIDLAND-HINKLE-000045

Exhibit 13-b

| SENT PAID-OFF ACCT WITH MCM STAT | LT21 | X10 | *** | | 0.00 | 12/23/2008 00:29:09 |
|---|---|---|---|---|---|---|
| SETTLED ACCOUNT-GOOD JOB! | STTL | X10 | AZJ | 12/23/2008 | 0.00 | 12/23/2008 00:17:57 |
| SETTLED ACCOUNT-GOOD JOB! | STTL | X10 | AZJ | 12/22/2008 | 0.00 | 12/22/2008 07:22:40 |
| HIGH AND DRY 7343794368 | COMM | X10 | | | 0.00 | 12/15/2008 07:55:41 |
| OT * LEFT MESSAGE 7343794368 | COMM | X10 | BOT | | 0.00 | 12/15/2008 08:00:28 |
| PLS STTL | RVEW | AZJ | BOT | 01/31/2009 | 0.00 | 12/15/2008 08:00:08 |
| LT LT1A ( 40% disc on bal/debt val ltr), Settlement offer of $237.49. Letter sent 10/01/2008, Offer Expires 11/15/2008. | SLTR | SMB | *** | 09/30/2008 | 0.00 | 09/30/2008 09:38:45 |

MIDLAND-HINKLE-000047

## Exhibit 13-c

**mcm**
michael colter management, inc.

⊕ 800 message(s) ⊕

8528711764 - Terri Hinkle - $.00
◁◁ ◁◁ Add Comm (Last 5)

Account number:  8528711764    Find

### Bureau Reports by Reporting Date

| Date | Comment Code | Stat | Compliance Condition | Status_Desc |
|---|---|---|---|---|
| 11/17/08 | | 93 | | Account assigned to internal or external collections |
| 12/15/08 | | 93 | | Account assigned to internal or external collections |
| 01/13/09 | | 62 | | Account paid in full, was a collection account. |
| 02/15/09 | | 62 | | Account paid in full, was a collection account. |
| 03/16/09 | | 62 | | Account paid in full, was a collection account. |

MIDLAND-HINKLE-000048

**Exhibit 13-d**

Payment History          Next Due Date:                                          Print

| N R | Tran Code/Fund | Collector Code | Post Date | Trans Amount | Prnc Amount | Interest Amount | Balance | Due Date |
|---|---|---|---|---|---|---|---|---|
| | 551 NC | X10 | 12/22/2008 | 160.62 | 159.10 | 1.52 | .00 | |
| | 101 LB | IN2 | 10/13/2008 | 237.49 | 198.46 | 39.03 | 159.10 | |
| | | | **Total:** | **398.11** | **357.56** | **40.55** | | |
| | | | **Cash:** | **237.49** | | | | |

MIDLAND-HINKLE-000049

Customer Additional Data                                                                                    Print

**Issuer Information**
**Purch. from APPLIED INCOME SCIENCES on 09/24/08, purch.bal.= $ 357.56 .**

| | | | | | |
|---|---|---|---|---|---|
| Original Account #: | 6005065003614729 | Account Open Date: | 04/10/2005 | Issuer Last Payment Amount: | .00 |
| Original Lender: | **GE/ MEIJER** | Issuer Last Payment Date: | 12/13/2005 | Issuer Interest Rate: | .0000% |
| Product Type: | **Credit Card** | Charge Off Date: | 08/07/2006 | Interest Status: | |
| Affinity | | Charge Off Balance: | .00 | | |
| Desc 1: | | **GE MONEY** | | | |
| Desc 2: | | | | | |
| Desc 3: | | | | | |

| **Balance Information** | | **Payment Information** | | **General Information** | |
|---|---|---|---|---|---|
| TOTAL DUE NOW: | .00 | MCM Last Payment: | .00 | Date of Occurrence: | 01/12/2006 |
| Int + Fees: | .00 | Last Payment Received: | 10/13/2008 | State Statute Expiration Date: | 10/13/2014 |
| Unpaid Balance: | .00 | First Due: | | Days Left in Statute: | 1055 |
| MCM Interest Rate: | 5.000% | Next Due: | | Last Worked Date: | **05/01/2013 by HCB** |
| Interest Method: | **Interest accrued from charge-off date** | Monthly Day Due: | 0 | Site: | **SAN DIEGO** |
| Interest Paid Through: | 12/21/2008 | Down Payment: | .00 | Deceased Date: | |
| | | Monthly Payment: | .00 | Investor: | 1597 |
| | | Settlement Amount: | .00 | Open/Closed: | **O** |
| | | | | Days Delinquent: | 0 |
| | | | | Payments Delinquent: | 0 |
| | | | | Times Delinquent: | |

MIDLAND-HINKLE-000044

# EXHIBIT 14

## Exhibit 14-a

### BILL OF SALE

AIS Services, LLC, ("Seller"), for value received and pursuant to the terms and conditions of Accounts Purchase Agreement ("Agreement") dated as of September 24, 2008 between Seller and Midland Funding LLC ("Buyer"), does hereby sell, assign and convey to Buyer, its successor and assigns, all right title and interest of Seller in and to those Accounts described in the Agreement and listed on Exhibit "A" attached thereto, without recourse and without representations of, or warranty of, collectibility, or otherwise, except to the extent provided for within the Agreement. For the purpose of this Bill of Sale the Sale File date shall be September 22, 2008.

EXECUTED this 24 day of September, 2008

AIS Services, LLC
By:
Name: Dean Kavanagh
Title:   Vice President

16

MIDLAND-HINKLE-000001

## Exhibit 14-b

### ASSIGNMENT AND BILL OF SALE

Debt Recovery Solutions LLC ("Seller") and Midland Funding, LLC ("Purchaser") have entered into an Account Purchase Agreement dated December 6, 2011 ("Agreement"), for the sale by Seller to Purchaser of the Purchased Accounts described in the Account Schedule delivered by Seller to Purchaser on the Closing Date for this Bill of Sale pursuant to the provisions of the Agreement. Such Purchased Accounts were purchased by Purchaser on December 6, 2011. To the extent not otherwise defined herein, all capitalized terms appearing in this Bill of Sale shall have the meanings defined for such terms in the Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller hereby sells, assigns, transfers, conveys and delivers to Purchaser all rights, title and interests in and to each and every one of the Purchased Accounts described in the Account Schedule.

To the best of Seller's knowledge and belief, all of the information contained in the Accounts Schedule and Seller's Accounts Information, is and shall be true, complete, accurate and not misleading in any material respect. Further, all of the information contained in Seller's Accounts Information (a) constitutes Seller's own business records regarding the Purchased Accounts; and (b) accurately reflects in all material respects the information about the Purchased Accounts in Seller's possession. All of Seller's Accounts Information has been kept in the regular course of Seller's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Seller's business records, or (ii) who caused the data to be entered into and maintained in Seller's business records. It is the regular practice of Seller's business to maintain and compile such data.

THIS BILL OF SALE IS EXECUTED WITHOUT RECOURSE OR WARRANTIES EXCEPT AS STATED AND PROVIDED FOR IN THE AGREEMENT.

IN WITNESS WHEREOF, Seller and Purchaser have signed, and Seller has delivered this Bill of Sale to Purchaser, effective as of December 6, 2011.

DEBT RECOVERY SOLUTIONS LLC

By: _____

Print
Name: _Dwald Schwartz_

Print
Title: _Manager_

MIDLAND FUNDING LLC

By: _____

Print
Name: _____

Print                    **J. Brandon Black**
Title: _____**President**__

Approved by Legal

-17-

MIDLAND-HINKLE-000055

# EXHIBIT 15

| Exhibit 15-a |

Collection Detail for account # 8544300953          GA Local: 07:48 AM (E)

Mini Miranda required on answer mach msg      023-OK TO WORK-DISPUTE OUTSIDE VAL
                                              PER

026-VERBAL/WRTTEN CEASE-DESIST/REFUSE

| **Payment Plan**   **Update Address**   **Verify Employer**   **Update Phone**   **Additional Data** |
| **Payment History** |

| | | | | |
|---|---|---|---|---|
| **Teri Hinkle** | | T-MOBILE - 445799415 | | Inv#: 2488  K Port#: 1394 |
| | Best#: | Last Wk: | **05/01/2013** | Purch Bal: | **$300.80** |
| **322 Bethel St (H)** | Home: | (478) 374-4132 | Int Rate: | **0.00%** | Int+Fees: | **$.00** |
| | Work: | Last Pd: | | Total Paid: | **$.00** |
| **EASTMAN  GA  31023** | Last Ltr: | **04/30/2013** | Last Pd$: | **$.00** | |
| **SSN:** ▬▬▬ | Ltr Dis%: | **0.00%** | Ltr Exp: | | Balance: | $300.80 |
| **Dte Birth: 05/26/1952** | SIF Amt: | **$.00** | Dte C/O: | **12/29/2007** | SOL Exp: | **06/02/2013** |

CC: **D5R** Name: **ANDREW ASCH**   [Xfr]   Site: **SD** Ext: **X31244** Team: **C954**

| Comments | Status | CC | By | Followup | Amount | Entered | Time |
|---|---|---|---|---|---|---|---|
| Account assigned from BU8 to D5R by MASHIRO | TRNF | D5R | HCB | | 0.00 | 05/01/2013 | 15:17:38 |
| LAWSUIT FILED AGAINST MCM, ET AL. ON 4/30/13 IN USDC SOUTHERN DIST OF GA DUBLIN DIV. CASE NO. 3:13-CV-00033-DHB-WLB | COMM | BU8 | HCB | 05/01/2013 | 0.00 | 05/01/2013 | 15:17:36 |
| CR INFO NOT ABLE TO INVESTIGAT | QC01 | BU8 | GT9 | 04/30/2013 | 0.00 | 04/30/2013 | 08:19:49 |
| RCVD RESPONSE FROM COMPLIANCE, THIS ACCOUNT HAS BEEN NOTATED AND ADDED, OUTSIDE VALIDATION WITH NO MEDIA IN HOUSE, WILL SEND QC01B | COMM | BU8 | GT9 | 04/30/2013 | 0.00 | 04/30/2013 | 08:19:44 |
| REVIEWED CORRESPONDENCE FWRD'D TO COMPLIANCE INBOX 04/23/2013, WILL ADD TO CU DEMANDS | COMM | BU8 | ELF | 04/26/2013 | 0.00 | 04/26/2013 | 16:10:32 |
| CREATED ACCT IN CRS | COMM | BU8 | GT9 | 04/23/2013 | 0.00 | 04/23/2013 | 13:25:18 |
| ****IN ADDITION FACT ACT | COMM | BU8 | GT9 | 04/23/2013 | 0.00 | 04/23/2013 | 13:22:09 |

MIDLAND-HINKLE-000032

by BSINGH5

| Description | | | | | Amount | Date | Time |
|---|---|---|---|---|---|---|---|
| OT * NO MESSAGE LEFT 4783744132 | COMM | IND | E52 | | 0.00 | 04/04/2012 | 06:01:05 |
| LT 5G70( 40% Discount), Settlement offer of $180.48. Letter sent 04/05/2012, Offer Expires 05/05/2012. | SLTR | IND | *** | | 0.00 | 04/04/2012 | 18:51:25 |
| HUNG UP WHILE ON HOLD 4783744132 | COMM | IND | | | 0.00 | 04/03/2012 | 16:27:58 |
| OT * NO MESSAGE LEFT 4783744132 | COMM | IND | FFA | | 0.00 | 04/03/2012 | 10:02:53 |
| INVENTORY MGMT | TRNF | IND | FTJ | | 0.00 | 04/02/2012 | 18:43:45 |
| Acct not eligible for legal at this time | TRNF | SMB | FE1 | | 0.00 | 03/26/2012 | 17:27:14 |
| SENT TO MCM LEGAL CC0130R | RVEW | L01 | *** | 02/05/2012 | 0.00 | 02/05/2012 | 23:29:34 |
| PASSED ACCOUNT 4783744132 | COMM | E5G | E5G | | 0.00 | 02/05/2012 | 15:01:33 |
| EE | COMM | E5G | E5G | 02/05/2012 | 0.00 | 02/05/2012 | 15:00:58 |
| REQUEST TO PROVIDE PROOF | QCPP | E5G | *** | 02/04/2012 | 0.00 | 02/04/2012 | 22:13:24 |
| OK to work-Dispute outside validation period. Consumer needs to send proof. | COMM | E5G | *** | 02/18/2012 | 0.00 | 02/04/2012 | 20:48:01 |
| OT * NO MESSAGE LEFT 4783744132 | COMM | VDQ | E5G | | 0.00 | 12/28/2011 | 06:54:20 |
| Verbal Dispute within 45 days. | RVEW | VDQ | *** | 12/28/2011 | 0.00 | 12/28/2011 | 20:48:25 |
| FRAUD/ID THEFT - CONSUMER CLAIMS FRAUD. RPC DCC MM QA CONSUMER SAID THAT SHE DOESN'T OWE THAT BILL AND SHE HAS TOLD US ABOUT IT AND SHE'LL FILE A LAWSUIT AND HUNG UP. | RPOT | E5G | E5G | 12/29/2011 | 0.00 | 12/28/2011 | 06:53:47 |
| Account assigned from IND to E5G by ASHASHI | TRNF | E5G | E5G | | 0.00 | 12/28/2011 | 06:52:55 |
| OT * NO MESSAGE LEFT 4783744132 | COMM | IND | FDC | | 0.00 | 12/27/2011 | 16:41:45 |
| LT LT1A ( 10% disc on bal/debt val ltr), Settlement offer of $270.72. Letter sent 12/21/11, Offer Expires 02/04/12. | SLTR | IND | *** | 12/20/2011 | 0.00 | 12/20/2011 | 20:09:52 |
| Please do not make exceptions to the recommended discount/settlement strategy. This account has been selected as part of a Marketing/Operations test | COMM | IND | *** | | 0.00 | 12/20/2011 | 15:11:11 |
| Load to IND | COMM | IND | CXN | | 0.00 | 12/19/2011 | 16:14:29 |

MIDLAND-HINKLE-000035

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants*. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO WITHRAW ADMISSIONS** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on March 24, 2014.

Sent to:

Tully T. Blalock
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Hinkle
382 Bethel St.
Eastman, GA
31023

Clerk of U.S District Court
P.O. Box 1130
Augusta, Georgia
30901



U.S. POSTAGE
PAID
EASTMAN GA
31023
MAR 24 14
AMOUNT
$2.03
00030267-03