UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 APR 15 AM 9: 41

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| Teri Lynn Hinkle<br>*Plaintiff*,<br><br>vs<br><br>MIDLAND CREDIT<br>MANAGEMENT INC.<br>MIDLAND FUNDING, LLC.<br>ENCORE CAPITAL GROUP INC.<br>*Defendants*. | Case No. 3:13-CV-00033 |

## PLAINTIFF, TERI LYNN HINKLE'S REPLY TO MIDLAND DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Teri Lynn Hinkle (Plaintiff) hereby replies in response to Defendants, Midland Credit Management Inc., Midland Funding LLC, and Encore Capital Group Inc.'s, (MCM, Midland, Encore, collectively, Defendants), Response in Opposition To Plaintiff's Motion To Reconsider Decision And Order Of The Court On Plaintiff's Motion To Compel. For the reasons set forth below the Plaintiff's Motion To Compel should be granted.

### CLARIFICATION

1. Plaintiff is not revisiting discovery, rather Plaintiff is attempting to resolve outstanding discovery issues which the Defendants have cleverly continued to avoid throughout the discovery period. The Defendants' current motion in opposition is again filed after the deadline of April 7, 2014 imposed by this Court.

2. Plaintiff's current motion to compel with accompanying documentation and exhibits was filed as a motion to reconsider a prior motion. The motion contained specific issues outstanding and details in an effort to cure deficiencies pointed out by this Honorable Court. The motion to reconsider was converted to a wholly new and separate motion to compel by this Court's Order (Doc 59).

3. Plaintiff supplied an abundance of evidence that she did indeed attempt in good faith on multiple occasions to resolve discovery disputes with the Defendants. The Defendants do not deny this fact. However, in order to strictly comply with FRCP 37(a)(1), and S.D. Ga. L.R. 26.5 and in acknowledgment that she did not use the word "certify" in her motion to reconsider, Plaintiff hereby states:

    a. Plaintiff certifies that she did confer in good faith with the Defendants' counsel in an effort to resolve the discovery disputes without the need for court action. (*See* attached Certification)

4. There were exactly two attempts made by the Defendants to obtain the Plaintiff's approval of a protective order. Plaintiff did not approve the document submitted to her and hereby certifies that she clearly and concisely explained to counsel why it was not acceptable. No real effort was made to cure the overbroad and all inclusive language contained in the document and no protective order was ever submitted to this Court by the Defendants. The issue however, is moot as the Plaintiff has requested nothing which

could be considered privileged, proprietary or qualify as protected by the Defendants or that does not pertain directly to the Plaintiff.

5. Defendants did produce 106 pages of documents to Plaintiff however the statements made by Defendants as to the content of those documents is misleading and inaccurate.

6. Of the 106 pages provided, 70 are duplicate copies of letters Plaintiff sent to the Defendants in an effort to resolve disputes prior to litigation and three copies of Plaintiff's 16 page original complaint. Until the Defendants filed their motion to oppose Plaintiff's current motion to compel they had failed to indicate what outstanding requests for production any of the documents applied to or for which Defendant. The Plaintiff inquired by email requesting clarification on this issue but never received an answer.

7. Of the remaining 36 pages of documents provided to the Plaintiff, 9 were also duplicates of correspondence dated after this dispute first began in 2011 either from the Plaintiff to the Defendants or vice versa. The Plaintiff requested no such documents.

8. In the Defendants' Response in Opposition To Plaintiff's Motion To Reconsider Decision And Order Of The Court On Plaintiff's Motion To Compel, (*See* Doc 64) they cite the specific Requests For Production the 106 pages were in response to:

    a. The Defendants state they produced BATES records MIDLAND-HINKLE, documenting actions taken on alleged accounts and alleged communications with the Plaintiff, letters sent and received and phone calls placed to the Plaintiff. The file called MIDLAND-HINKLE containing numbers on the bottom of the pages appears to be one created for the purpose of this litigation only. The original page numbers at the top on the documents contained in the file are out of sequence and

omit pages of the record. For instance some of the internal records pertaining to the alleged accounts contain the following omissions:

    i. Page 1 of 3 (pages 2 and 3 omitted)

    ii. Page 1 of 3 (again pages 2 and 3 omitted)

    iii. Page 1 of 3 (again pages 2 and 3 omitted)

    iv. Page 1 of 3 (again pages 2 and 3 omitted)

b. The numbering sequence of these documents would indicate that there are pages contained in the original file which were deliberately omitted. If the files supposedly pertain to the Plaintiff as indicated by their original headers then all the documents contained therein should be discoverable and provided to the Plaintiff. The missing pages could well explain the many inconsistencies (dates, amounts and status entries), contained in the information the Defendants provided to the credit reporting agencies.

c. The Defendants claim that the documents provided satisfy the specific requests for Production that the Plaintiff has moved this Court to compel. However, none of the documents provided in regard to Requests No.'s 6 and 8, (Bills of Sale), show any connection to the Plaintiff whatsoever. The documents provided in response to Request No. 7 include a page which appears to have been totally fabricated. It contains entries which appear to show transactions between the Plaintiff and the Defendants which never took place, could not have taken place and does not fully comply with the request. The documents in response to Request

number I have nothing to do with the specific information requested. The documents from the original file are out of sequence and missing information.

d. The documents the Defendants claim are responsive to Request No. 19 in regard to the "notice of debt" sent to the Plaintiff within 5 days of the first reporting to the CRA's pursuant to 15 U.S.C. § 1692g have nothing at all to do with the request. There are no letters included prior to the Plaintiff's first correspondence with the Defendants in 2011 yet the Credit Reporting Agencies show a much earlier date for the first reporting of the alleged account the Plaintiff's first dispute pertained to. There are no original letters provided which were supposedly sent to the Plaintiff in regard to this request for either alleged account. Nothing in the 106 pages of paper which the Defendants have provided in any way addresses this request.

e. None of the letters ever sent to the Plaintiff addressed the first alleged account which the Plaintiff disputed in 2011. To the contrary, the documents provided in response to Requests for Production show the account was paid in full four months BEFORE the Defendants ever reported it to the CRA's in February of 2009.

f. In regard to Plaintiff's Request for Production No. 16, Defendants state they are not in possession, custody or control, including any historical, electronic, or archived copies. Yet in responses to interrogatories propounded upon them by the Plaintiff they state they did access Plaintiff's credit files, that they are in possession of all records pertaining to the Plaintiff which they ever had and also that they never destroyed any documents. This would appear to be highly

contradictory. Either they accessed Plaintiff's credit files and they still have them or they accessed Plaintiff's credit files and destroyed or discarded them in some way. This question is highly relevant to this case and Plaintiff's allegations of violations. It is also a matter of dire concern to the Plaintiff as to just exactly what they did with her personal information and where it ended up. The Defendants cannot have it both ways.

g. The missing pages in the sequence sent to the Plaintiff would suggest that the Defendants are seeking to avoid disclosure of information relevant to this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions should be granted.

Respectfully submitted this 11th day of April, 2014.

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia
31023

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle *Plaintiff*, | ) ) ) ) ) |
| vs | ) ) ) |
| MIDLAND CREDIT MANAGEMENT INC. MIDLAND FUNDING LLC. ENCORE CAPITAL GROUP INC. *Defendants*. | ) ) ) ) ) ) ) |

Case No 3:13-cv-00033

## CERTIFICATION OF CONFERENCE

I, Teri Lynn Hinkle, Plaintiff in this case, hereby certify that at all relevant times and in regard to all Motions to Compel submitted by me to this Honorable Court, that I did confer in good faith with the Defendants prior to filing the motions pursuant to FRCP 37(a)(1), and S.D. Ga. L.R. 26.5.

Respectfully submitted this 11th day of April, 2014.

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff*, )
)  Case No 3:13-cv-00033
vs )
)
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants*. )
)

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF, TERI LYNN HINKLE'S REPLY TO MIDLAND DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on April 11, 2014.

Sent to:

Tully T. Blalock
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*(signature)*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023



U.S. POSTAGE PAID
EASTMAN, GA
31023
APR 11 '14
AMOUNT
$1.19
00030247-03

30903

Clerk of U.S. Dist. Court
P.O. Box 1130
Augusta, Georgia
30903

320 Bethel St.
Eastman, GA
31023