IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-033 |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants' motion to withdraw admissions and Plaintiff's motion to compel discovery. (Doc. nos. 55, 57.) For the reasons set forth below, the Court **GRANTS** Defendants' motion to withdraw admissions (doc. no. 57) and reserves ruling on Plaintiff's motion to compel.

**I.  DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS**

On March 3, 2014, the Court granted Plaintiff's motions to deem matters admitted pursuant to Federal Rule 36(a)(3) because Defendants served their responses to Plaintiff's requests six hours later than the agreed deadline extension, which expired at noon on December 23, 2013. (Doc. no. 54.) Defendants seek withdrawal of these admissions, and the Court hereby **GRANTS** the request because it will facilitate a trial on the merits.

"Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*. That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly." Perez v. Miami–Dade Cnty., 297 F.3d 1255, 1268 (11th Cir. 2002)

(emphasis in original) (internal quotation marks omitted).  In considering whether to grant a motion to withdraw an admission, the Court must consider whether withdrawal will (1) serve the presentation of the merits, and (2) prejudice the party who is relying upon the admission in the presentation of its case.  See id. at 1264 (citing Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

The first prong "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."  Id. at 1266 (internal quotation marks and citations omitted).  The second prong focuses on "the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions."  Id.  "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the *importance of having the action resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to [its] prejudice.'"  Id. at 1265 (emphasis in original) (quoting Smith, 837 F.2d at 1577-78).

Here, the first prong is satisfied because Defendants seek to withdraw admissions that represent the very crux of this case, and to deem such legal conclusions and contested facts admitted would effectively decide the case without any presentation of the merits.  Indeed, the admissions at issue include that (1) Plaintiff has no legal obligation to pay them money, (2) Defendants have no legal basis to collect any money from her, (3) Defendants obtained her credit report under false pretenses, and (4) no evidence exists to prove Defendants' defenses.  (Doc. no. 33, pp. 9-10.)  The withdrawal of these critical

admissions would aid in the "ascertainment of the truth and the development of the merits." Smith, 837 F.2d at 1577.

The second prong is also satisfied because Plaintiff would not be prejudiced by withdrawal. Defendants submitted their responses to Plaintiff's requests for admission merely six hours after the stipulated deadline (doc. no. 39, pp. 2-3; doc. no. 44, p. 2), and although the matters were therefore deemed admitted by operation of Federal Rule 36(a)(3), Plaintiff cannot show prejudice due to six hours of reliance on such admissions. Plaintiff does not explain any difficulty she will have proving her case, and in fact she states her belief that Defendants have now produced documentary evidence supporting the very matters she sought to have admitted. (Id. at 4.)

Plaintiff's concern that she will be prejudiced by not having time to conduct adequate discovery is negated by the fact that the Court has stayed all deadlines, and will address the need for any additional discovery as set forth herein. Although Plaintiff claims she has not pursued certain avenues of discovery in reliance on the admissions, she has known since six hours after the missed deadline that Defendants contested the admissions and the allegations in her complaint. Thus, any difficulty Plaintiff may have in proving her case due to a "sudden need to obtain evidence with respect to questions previously answered by the admissions," is of her own making. Perez, 297 F.3d at 1266.

Because withdrawal of the admissions will enable this case to be decided on the merits and will not result in prejudice to Plaintiff, the Court **GRANTS** Defendants' motion to withdraw admissions (doc. no. 57). Id. at 1264-1265; see also U.S. v. $28,000 in U.S. Funds, No. 3:11-CV-130, 2014 WL 118645, at *3 (M.D. Ga. Jan. 10, 2014) (both prongs of the test were met and withdrawal of any admissions was permitted); Iguana

LLC v. Patriot Performance Materials, Inc., No. 7:08-CV-141, 2010 WL 3732305, at *4 (M.D. Ga. Sept. 15, 2010) (same). Therefore, as to those matters deemed admitted by Defendants pursuant to Federal Rule 36(a)(3) and the Court's March 3rd Order, such admissions are withdrawn.

## II.   PLAINTIFF'S MOTION TO COMPEL

In its March 3rd Order, the Court also denied three motions to compel filed by Plaintiff because her objections to Defendants' discovery responses were too general and she did not provide adequate information for the Court to evaluate the merits of the motions. (Doc. no. 54.) Plaintiff thereafter filed the instant motion to compel, seeking documents in response to seven of her requests for production. (Doc. no. 55.) Defendants state, and Plaintiff affirms, that they responded to Plaintiff's motion by producing documents responsive to these seven requests for production. (Doc. nos. 64, 69.) Defendants assert that they have now fully complied with the requests for production, and possess no other responsive documents. (See doc. no. 64, pp. 4-7.)

In her reply brief, Plaintiff alleges several inadequacies in Defendants' supplemental production, raises questions concerning the relevance and import of such productions, and speculates that Defendants have withheld discoverable information. (Id. at 4.) However, most of Plaintiff's concerns would be better resolved during depositions of Defendants, and her allegations are again too generalized and discuss documents in the abstract without providing copies for review by the Court. Furthermore, it is apparent that Plaintiff has not conferred with Defendants regarding these concerns.

Therefore, the Court **DIRECTS** the parties to confer within seven days of the date of this Order to attempt to discuss the concerns raised in Plaintiff's reply brief regarding

the documents produced by Defendants in response to the seven requests for production at issue. Following the parties' conference, this case will proceed in one of the two following ways, depending on whether all the discovery issues are resolved.

(1) If the discovery issues are resolved, the parties shall so notify the Court and attend a telephone hearing at 11:00 a.m. on Wednesday, April 30, 2014 to determine if additional discovery is needed, after which the Court will set forth the remaining deadlines in this case. The Court will initiate the hearing by calling the parties at the appointed time using the numbers listed on the docket. The parties should notify the Court prior to the April 29th hearing if unresolved issues remain, so that the Court can terminate that hearing. Such notice should be provided by email to the Courtroom Deputy Clerk, Mrs. Rebecca Cirillo, at Rebecca_Cirillo@gas.uscourts.gov.

(2) If the discovery issues are *not* resolved, Defendants shall have seven days to file a surreply addressing the unresolved discovery issues, and the parties shall attend a telephone hearing at 3:00 p.m. on Wednesday, May 7, 2014 to discuss these issues and the need, if any, for additional discovery. After considering Defendants' surreply and the parties' comments during the hearing, the Court will rule on Plaintiff's motion to compel and set forth the remaining deadlines in this case.

Because the Court stayed all deadlines (doc. no. 67) and will reset any necessary deadlines as set forth herein, Plaintiff's motion for an extension of discovery is **MOOT**. (Doc. no. 56.) In conducting the conference with Defendants, Plaintiff should consider that unsupported suspicions that Defendants have failed to produce all documents in their possession are insufficient on their own to overcome Defendants' representation that they have produced all responsive documents. See, e.g., Guest v. Carnival Corp., 917 F. Supp.

2d 1242, 1247-48 (S.D. Fla. 2012) (defendant's representation that it had produced the responsive documents rendered plaintiff's motion to compel moot as to such matters); Alexander v. AirTran Airways, Inc., No. CIVA 1:05CV1179, 2006 WL 3709614, at *4 (N.D. Ga. Nov. 2, 2006) (motion to compel moot as to matters regarding which defendant represented it had produced all responsive documents and plaintiff provided no evidence to the contrary); Gutescu v. Carey Intern., Inc., No. 01-4026-CIV, 2003 WL 25586750, at *3 (S.D. Fla. June 23, 2003) (motion to compel moot because defendant produced all responsive documents in its possession). Instead, it is her burden to demonstrate that the motion to compel should be granted by providing specific information to enable the Court to rule on the merits. Dehaan v. Urology Ctr. of Columbus, LLC, No. 4:12-cv-6, 2013 WL 656061, at *3 (M.D. Ga. Feb. 21, 2013) ("A party who is dissatisfied with an opponent's discovery responses must spell out specifically the discovery that [she] seeks to have compelled and the legal basis supporting such relief.").

    SO ORDERED this 22nd day of April, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA