IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-033 |
| ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**
_____

*Pro se* Plaintiff alleges that Defendants committed violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") while attempting to report and collect on allegedly delinquent accounts of Plaintiff that Defendants purchased from other entities. Plaintiff filed the instant motion to compel on March 13, 2014 (doc. no. 55), and Defendants responded by producing additional documents (see doc. no. 64, pp. 4-7). On April 22, 2014, the Court directed the parties to confer regarding Defendants' supplemental production and attempt to resolve any remaining discovery issues. (Doc. no. 70.) Because the parties were unable to resolve two of the discovery disputes, the Court held a teleconference on May 7, 2014. (See doc. no. 75.) For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion. (Doc. no. 55.)

**I.  MOTION TO COMPEL**

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to

lead to the discovery of admissible evidence." Relevancy is broadly construed and is determined by consideration of the facts and circumstances of each case. Republic Envtl. Sys., Inc. v. Reichhold Chems., Inc., 157 F.R.D. 351, 352 (E.D. Pa. 1994). The Federal Rules of Civil Procedure strongly favor full discovery, Farnsworth v. Proctor & Gamble, 758 F.2d 1545, 1547 (11th Cir. 1985), and "[w]hen there is doubt about relevance, a court should tend toward permitting discovery," Republic Envtl. Sys., Inc., 157 F.R.D. at 353.

Because the parties agree that only two discovery issues remain in dispute, the Court **DENIES AS MOOT** Plaintiff's motion to compel as to all but those two issues. The first unresolved issue, as described by Plaintiff, is purported inconsistencies, mistakes, or irregularities in some of the documents produced by Defendants. However, Plaintiff concedes that Defendants have now produced all documents responsive to her requests for production. To the extent Plaintiff believes the documents suggest inconsistencies, mistakes, or other irregularities, she should inquire further by interrogatories or deposition. Accordingly, the Court **DENIES** Plaintiff's motion to compel as to this first issue.

The second discovery dispute concerns whether Plaintiff is entitled to production of agreements evidencing Defendants' purported purchase of delinquent accounts allegedly owed by Plaintiff. Although Defendants have produced bills of sale from the transactions in which they claim to have acquired these accounts, the general terms and conditions of the transactions are contained in purchase agreements that Defendants have not produced. Plaintiff disputes the validity of the accounts on which Defendants attempted to collect and claims Defendants violated FCRA and FDCPA by failing to adequately investigate the validity of the accounts once she disputed them. Plaintiff argues that the general terms and conditions contained in the purchase agreements may contain information concerning

Defendants' expectations about the the validity of the purchased accounts, as well as procedures and other information for post-sale investigation of accounts that customers dispute. Counsel for Defendants was not familiar enough with the agreements to comment with specificity as to whether such information is contained in them, but objected to producing them because they contain sensitive information.

Because the purchase agreements may contain provisions related to the validity of the purchased accounts and validation of disputed accounts, they are relevant to Plaintiff's claims or, at the very least, may lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1); Republic Envtl. Sys., Inc., 157 F.R.D. at 352. Accordingly, the Court **GRANTS** Plaintiff's motion to compel production of the purchase agreements pursuant to which the disputed accounts were acquired, and **ORDERS** Defendants to produce them by email to Plaintiff within twenty-four hours of the Court's entry of a protective order. Defense counsel is reminded of his obligation to submit a draft protective order tomorrow.

**II.     EXTENSION OF DISCOVERY**

Defense counsel stated during the teleconference that Defendants do not need to conduct further discovery, but Plaintiff requested additional time to take a deposition. The Court hereby lifts the stay on all deadlines (doc. no. 67), and **ORDERS** the parties to complete discovery on or before June 27, 2014 and to file summary judgment motions on or before July 28, 2014.

SO ORDERED this 13th day of May, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA