## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

TERI LYNN HINKLE,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, and ENCORE CAPITAL GROUP, INC.,

    Defendants.

Case No. 3:13-cv-00033-DHB-BKE

### CONFIDENTIALITY AGREEMENT AND CONSENT PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, L.R. 79.7, and for good cause shown, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), Encore Capital Group, Inc. ("Encore"), and Teri Lynn Hinkle ("Plaintiff") (collectively the "Parties") stipulate to the entry of the following protective order to preserve and maintain the confidentiality of personal, private, confidential, trade secrets, confidential research, training and development technology, and proprietary information that may be disclosed or obtained by the Parties to this case -- through testimony and/or the production of certain records by and between the Parties during the course of discovery. The Parties agree that good cause exists for this Protective Order for the purpose of preserving and maintaining the confidentiality of sensitive business and financial records or any other information that may be disclosed or obtained by the Parties through the production of certain confidential or proprietary Documents and to preserve the privacy rights of non-Parties to this Action. The Court specifically finds that good cause exists for this Protective Order.

1

1. As used herein, the following definitions apply:

    (a) "Plaintiff" means Teri Lynn Hinkle, her attorneys, representatives, and any and all other persons who have acted for, or may act, on her behalf.

    (b) "Defendants" means MCM, Midland Funding, and/or Encore and their attorneys, representatives, and any and all other persons who have acted for, or may act for, on their behalf.

    (c) "Parties" means, collectively, Plaintiff and Defendants.

    (d) "Action" means this suit, Civil Action No. 3:13-cv-00033, *Teri Hinkle v. Midland Credit Management, Inc., et. al*, pending in the United States District Court for the Southern District of Georgia, Dublin Division.

    (e) "Document" means and includes, but is not limited to, all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies and all attachments and appendices thereto. "Document" or "Documents" means and includes all matter within the foregoing description that is in the possession, control, or custody of Plaintiff or in the possession, control, or custody of any attorney for Plaintiff. The Midland Defendants reserve the right to amend this definition to include additional documents.

    (f) "Confidential Information" or "CONFIDENTIAL" means any information or Documents (regardless whether in electronic or hard copy format) that is personal or private or confidential information, including trade secrets, relating to Defendants; or Defendant's employees, officers, directors, managers, or agents such as personal financial information, social security numbers, and general non-public business information;

    (g) "TRADE SECRET" means any Confidential Information or Documents (regardless of whether in electronic or hard copy format) that shall include any legitimate confidential and proprietary business information, or such information or Documents not known to the general public, from which the disclosing party derives economic value and a competitive advantage in the marketplace from not being generally known to others, the disclosure of which could cause irreparable injury or damage to the disclosing party.

2. This Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this Action. All information that is or has been produced or discovered in this Action, regardless of whether designated confidential, shall be

used solely for the prosecution or defense of this Action unless the information is available to the general public without a breach of the terms of this Protective Order. The measures designated by the Parties in this Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

3. This Protective Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the Parties in this Action, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

4. By entering into this Protective Order the Parties do not intend to waive any objections raised in response to discovery requests, nor does this Protective Order in any way obligate any party to produce any specific Document or records in the future that a party deems inappropriate for production.

5. This Protective Order is intended to preserve and maintain personal, private, confidential, trade secrets, confidential research, training and development, technology and proprietary business information not known to the general public, the disclosure of which could cause serious injury or damage to the Parties. This Protective Order is also intended to preserve and protect any confidential and proprietary business information that may be discovered or produced through the inspection of any party's electronic data regardless of where stored, including through the inspection of any personal or business computer by any party's expert. This Protective Order may also pertain to additional records of a proprietary nature that will be specifically designated by the disclosing party as they are determined by that party to fall within the protections of this Protective Order. This Protective Order is also intended to preserve

personal, private, and Confidential Information pertaining to Plaintiff and to individuals who are not Parties to this Action such as personal financial information, personal medical information, social security numbers, and other sensitive, personal, or private information.

6. Any Documents produced subject to the terms of this Protective Order shall be considered either "CONFIDENTIAL" or "TRADE SECRET" and shall be given confidential treatment as described below. All Documents produced subject to this Protective Order shall be designated or stamped "CONFIDENTIAL" or "TRADE SECRET."

7. Documents designated as "CONFIDENTIAL" shall be limited to any type or classification of financial information concerning Defendants or their respective operation that have not been released to the public; manuals, memoranda, instructions, and other Documents that discuss, describe, or set forth standards, criteria, guidelines, policies, or practices relating to the addition of interest to debts and/or the collection of debts; organizational charts of Defendants; insurance policies of Defendants; Documents setting forth Defendants' Document destruction and retention policies; account notes and/or call logs; and/or personal, private, and Confidential Information pertaining to Plaintiff and to individuals who are not Parties to this Action and as personal, financial information, personal medical information, social security numbers, and other sensitive, personal, or private information. Notwithstanding the foregoing, CONFIDENTIAL documents shall not include Documents exchanged produced by either Party prior to May 13, 2014.

8. Documents designated as "TRADE SECRET" for purposes of this Protective Order shall include any legitimate confidential, financial, and proprietary business information, and such other information or Documents not known to the general public, from which the disclosing part derives economic value and a competitive advantage in the marketplace from not

being generally known to others, the disclosure of which would cause serious injury or damage to the disclosing Party. Additional Documents may be later identified that shall be given similar protections pursuant to this Protective Order as specifically designated by and agreed to by the Parties during the course of this Action.

9. CONFIDENTIAL or TRADE SECRET Documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned Action. Except as provided for in this Protective Order, the Parties shall keep all Documents or information covered by the terms of this Protective Order from all persons as provided for by the terms of this agreement.

10. Neither the receiving party nor its representatives shall disclose Documents designated as Confidential or Trade Secret, other than to the following persons (hereinafter referred to as "Qualified Persons – Confidential"):

(a) Designated representatives of Defendants or designated counsel of record in this Action;

(b) Employees of Defendants' counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(c) Plaintiff or any of Plaintiff's designated counsel of record in this Action;

(d) All attorneys for the Parties in this Action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel, and Defendants' human resources administrators and staff assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(e) The Court (including any agent of the Court) and any court reporter used during depositions.

This Protective Order permits the Parties and their designated representatives to view Documents or information designated as CONFIDENTIAL or TRADE SECRET exclusively for purposes of this Action; however, the Parties and their designated representatives are precluded

from sharing and/or disclosing that information to anyone other than their designated counsel of record in this Action. Accordingly, the Parties and their designated representatives expressly agree to maintain the confidentiality associated with those Documents designated as CONFIDENTIAL or TRADE SECRET and agree that they will not disclose or otherwise share such information with anyone other than their designated counsel of record in this Action at any time either during the pendency of this Action or subsequent to the conclusion of the Action. To the extent CONFIDENTIAL or TRADE SECRET Documents are used as exhibits or attachments to any filing with the Court in the above-captioned Action, the party so using the CONFIDENTIAL or TRADE SECRET Documents will file the Documents with the Court under seal in accordance with Local Rule 79.7.

Specifically, if a Party desires to quote, attach as an exhibit, or otherwise include in any filing any CONFIDENTIAL or TRADE SECRET information disclosed by the opposite Party, the filing Party shall provide no less than seven days' notice to the disclosing Party prior to filing so that the disclosing Party may submit a motion to the Court seeking authorization for such CONFIDENTIAL or TRADE SECRET information to be filed under seal pursuant to L.R. 79.7(b).

11. Nothing in this Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

12. Nothing contained in this Protective Order precludes or limits a party from viewing its own CONFIDENTIAL or TRADE SECRET Documents.

13. The use of CONFIDENTIAL or TRADE SECRET Documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines. However, notwithstanding the foregoing, if a Party desires to utilize at a trial or hearing any CONFIDENTIAL or TRADE SECRET information disclosed by the opposite Party, the filing Party shall provide reasonable notice to the disclosing Party prior to trial or hearing so that the disclosing Party may submit a motion to the Court seeking authorization for such CONFIDENTIAL or TRADE SECRET information to be filed under seal pursuant to L.R. 79.7(b).

14. CONFIDENTIAL or TRADE SECRET Documents or information subject to this Protective Order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under Paragraphs 9 and 10. Each person who has access to material that has been designated as CONFIDENTIAL or TRADE SECRET shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. The agreement of the Parties to this Protective Order shall not be construed as an agreement or admission: (i) that any material or Document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance, or materiality of any Document or thing designated as confidential.

16. A party shall designate as other Confidential Information disclosed during any deposition in this matter as "CONFIDENTIAL" by notifying all other Parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages

and lines of the transcript that contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

17. Nothing shall prevent disclosure beyond the terms of this Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this Action, or if the Court, after notice to all affected Parties, orders such disclosure.

18. The provisions of the Protective Order shall survive and remain in full force and effect after the conclusion of this Action.

19. This Protective Order shall not prohibit disclosure of CONFIDENTIAL or TRADE SECRET Documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

20. Upon written request by counsel for the disclosing party or person, the party having received any Documents or information subject to this Protective Order shall return these items at the close of Action, and will certify to the disclosing party that the receiving party has returned or destroyed all copies of the CONFIDENTIAL or TRADE SECRET Documents. The Party receiving CONFIDENTIAL or TRADE SECRET Documents shall not be permitted to retain a file copy after the conclusion of this Action.

21. The Parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Protective Order.

APPROVED and SO ORDERED this 17th day of June, 2014.

_____
Brian K. Epps
United States Magistrate Judge

Respectfully submitted this 12th day of June, 2014.

                Balch & Bingham LLP LLP

                _____

                Matthew B. Ames
                Georgia Bar No.
                30 Ivan Allen Jr. Blvd. NW, Suite 700
                Atlanta, Georgia 30308
                Telephone: (404) 261-6020

                **Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

                _____
                Teri Lynn Hinkle
                322 Bethel Street
                Eastman, GA 31023

                **Pro Se Plaintiff**