FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JUL 16  AM 10: 07

CLERK
SO. DIST. OF GA.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff,* )
  )
  )     **Case No. 3:13-CV-00033**
vs )
  )
**MIDLAND CREDIT** )
**MANAGEMENT INC.** )
**MIDLAND FUNDING, LLC.** )
**ENCORE CAPITAL GROUP INC.** )
    *Defendants.* )
  )

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT MIDLAND CREDIT MANAGEMENT TO RESPOND TO REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Credit Management Inc. to file an amended response to Plaintiff's outstanding discovery requests.

Plaintiff certifies pursuant to FRCP 26(c), 37(a)(1), and S.D. Ga. L.R. 26.5 that she has conferred in good faith with Defendants' counsel in an effort to resolve the outstanding discovery dispute outlined below without the necessity for the Court's involvement and assistance. Counsel has stated Defendants will oppose this motion. (*See* Exhibit 16(a),(b) attached). This motion is not made for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

## A. Introduction

1. Plaintiff is Teri Lynn Hinkle and defendant is Midland Credit Management Inc., (MCM).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On May 21, 2014 and May 23, 2014, plaintiff served discovery materials including Requests for Production on Defendant by USPS.

4. Plaintiff received responses to the discovery requests on June 25, 2014. The responses were largely non-responsive and incomplete. However, for the second time since discovery began in this case the Defendants produced documents it had previously stated did not exist or were not in its possession. Plaintiff will address this issue in further pleadings.

5. Plaintiff contacted Defendants' counsel on June 26, 2014 via email and stated with specificity what the deficiencies were and requested the Defendants amend their responses.

6. Plaintiff received amended responses via email on June 30, 2014 which included a generic document downloaded from the T-Mobile website and another page from Defendants' internal records labeled "Midland – Hinkle 00221" which was clearly a part of the record previously provided to Plaintiff but one which had been omitted. Plaintiff will address this issue in further pleadings.

7. In response to Plaintiff's Third Request for Production number 7 to Defendant, MCM responded with the following in responses received by Plaintiff on June 25, 2014:

    a. REQUEST 7: Produce **MCM's written request to the Seller** for the "Terms and Conditions" historically associated with the Purchased Account MCM alleges belongs to the Plaintiff. (emphasis added), (this request referred to a particular paragraph included in a document currently designated "Confidential" and subject to protective order and the reference was cited with the request)

    b. RESPONSE: Defendants direct Plaintiff to enclosed documents bates labeled Midland-Hinkle 000204-000218, which are the terms and conditions that were in effect prior to the account charge off date of 12/29/07, and **retrieved from the T-Mobile website by Defendants**. (emphasis added).

    c. Plaintiff clearly did not request the document provided and MCM did not address what **was** requested in their response.

8. Defendant's amended response to Request number 7, received on June 30, 2014 was as follows:

    a. This request **seeks "Terms and Conditions** historically associated with any" of the Plaintiff's accounts. Midland produced the T-Mobile terms and conditions that were in effect during the relevant time period, retrieved from T-Mobile's website. Midland does not have any additional documents that

are responsive to this request. A defendant cannot be compelled to produce records that do not exist. *See Purdee v. Pilot Travel Ctrs., LLC*, 2009 U.S. Dist. LEXIS 13093 (S.D. Ga. Feb. 19, 2009). (emphasis added)

    b.  Again Plaintiff did not request "Terms and Conditions" but instead requested "MCM's Written Request To The Seller" when they asked for the terms and conditions and this response is yet another attempt to distract and misdirect from the actual document requested. Plaintiff expects a response directed at the actual request made. This question goes to the heart of their defense of the allegation made in connection with the FCRA§ 1861s-2(b) and therefore is a critical element for discovery and has not been objected to on any grounds.

9.  Plaintiff contacted Defendants' counsel again via email with objections to the amended responses on July 1, 2014 and requested a second corrected response to Request for Production number 7. (*See* Exhibit 16(a),(b) attached)

10.  Because MCM failed to fully respond to the discovery requests, Plaintiff requests the Court to compel MCM to provide the proper response to Request for Production number 7 in a timely manner so that the Plaintiff may have the requested information to evaluate before preparation of further pleadings.

### B. Argument and Brief in Support

11.  The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an

interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B).

12. A party may seek production of any document, electronically stored information, or tangible thing within the scope of FRCP 26(b) – that is, anything relevant and not privileged. See FRCP 34(a)(1); *See Gile v. United Airlines, Inc.,* 95 F.3d 492 (7th Cir. 1996).

13. The requesting party must ask the court to compel production if the responding party objects to a request, does not respond to a request, or does not permit inspection as requested. See FRCP 37(a)(3)(B)(iv); *GFI Computer Indus. v. Fry*, 476 F.2d 1,3 (5th Cir. 1973).

14. The Court should grant Plaintiff's motion to compel for the following reasons:

    a. Defendant MCM did not respond properly to the specific item requested in Requests for Production number 7 of Plaintiff's third Requests for Production propounded upon them contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

    b. Defendant MCM has stated in responses to interrogatories when asked to describe the procedures involved in their "reinvestigation" of the Plaintiff's disputes to the CRAs that they simply obtained the information from the

"sellers" they purchased the electronic data connected with the alleged accounts from.

c. Defendant MCM has provided nothing other than information which would have been included in the initial purchase to indicate they did in fact contact the "sellers" or make any requests for information from them subsequent to the Plaintiffs disputes with the CRAs.

d. Request for Production number 7 at issue in this motion was made pursuant to a procedure described to the Defendants by the sellers in the document referenced above in ¶ 7(a). Since the Plaintiff and this Court have nothing but the Defendant's statement in interrogatories that they obtained information from the sellers in compliance with their obligation under the FCRA to investigate Plaintiff's disputes, the request for the **written request to the sellers** would establish their statement to be fact. It would appear the Defendant MCM is attempting to avoid specifically addressing the request in regard to the document which **was** requested by pretending the Plaintiff instead requested another.

e. Defendant MCM appears to be deliberately misconstruing the clearly stated request to mean something different than it states although the request is in no way ambiguous or confusing.

15. Plaintiff states that the information requested by the Plaintiff is relevant and admissible at trial.

WHEREFORE, because plaintiff's requests are proper and because MCM has refused to comply with the rules, the Plaintiff requests the Court compel MCM to respond fully, adequately and expeditiously to Request for Production Number 7 referenced above.

DATED this 14th day of July, 2014

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# EXHIBIT 16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants*. | ) | |
| | ) | |

## CERTIFICATION OF CONFERENCE

I, Teri Lynn Hinkle, Plaintiff in this case, hereby certify that at all relevant times and in regard to all Motions to Compel submitted by me to this Honorable Court, that I did confer in good faith with the Defendants prior to filing the motions pursuant to FRCP 37(a)(1), and S.D. Ga. L.R. 26.5.

Respectfully submitted this 14th day of July, 2014.

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

**Teri Hinkle <queensongbird@gmail.com>** Jul 1 (10 days ago)

to Joshua

Dear Mr. Moore,

In response to the new responses emailed to me today I must point out the following. I have no idea where your clients got that I disputed the alleged T-Mobile acct. with the CRAs prior to July of 2012 because I didn't. I have the original dispute letters to the CRAs showing that I didn't. I obtained my credit report in May of 2011 and discovered the alleged GE acct they were reporting and there was nothing else pertaining to them in any of the three reports. I disputed that alleged acct. only on Sept. 6, 2011. I did not discover they were even reporting the alleged T-Mobile acct to the CRAs until June of 2012. On July 13, 2012 I disputed the second time with the CRAs and that time I disputed both trade lines they were reporting. So prior to July 13, 2012 there was no dispute with the CRAs by me on the alleged T-Mobile acct reported by your clients. Then on July 27, 2012 I sent a second demand for validation for both alleged accounts they were reporting. The first demand was sent Oct. 20, 2011 and was SPECIFICALLY in regard to the alleged GE account.

Your clients state that I did not respond to their letters asking me to prove my disputes but in fact I certainly did in a letter of Response and Intent to Sue sent certified mail #70112970000056529448 on July 27, 2012, which was received by them on July 30, 2012 at 8:08 am EST. I sent a copy of the letter and the certified mail receipt and screenshot of the USPS tracking page to Ms. Broussard shortly before your office took over this case.

As to your clients letter to me of April 30, 2013, that was the date of the filing of this suit. I responded to that as well on May 7, 2013 instructing them to refer to the civil suit already filed.

When your clients wrongly responded to my first demand for validation with a dunning letter listing a completely different account that wasn't mine I simply assumed they had mixed my dispute up with somebody else as it made no sense to me whatsoever. As I said I only knew at that time about the alleged GE account and my disputes of that one which they NEVER responded to.

So far your clients have sworn three times they had no further documents yet when I pushed the issue, twice they have magically produced documents that were not disclosed previously. Both times what they did produce contained obviously fabricated entries or assertions, (account balance belonging to a different file, contradictory dates and information etc.). This would indicate that in their apparent confusion they are manufacturing documentary evidence. I'm sure the jury will find all the fabricated material quite interesting.

As to the response to Number 7 of the Third Request for Production. This request was in reference to ¶4.6 of the Account Purchase Agreement which I included in the request. I DID NOT request a copy of the "Terms and Conditions". I specifically requested **"MCM's written request to the Seller"**, not the terms and conditions.

Please instruct your clients to correct that response immediately. I will be out of town from Thursday to Sunday of this week so will be unavailable.

Regards,

Teri Hinkle

**Teri Hinkle <queensongbird@gmail.com>**
10:26 AM (23 hours ago)

to Joshua, Matt, bcc: me

Joshua,

I hope you and yours had a pleasant holiday. Before I left over the holiday I responded to your clients' amended responses to requests for production by email to you. I stated the following:

*"As to the response to Number 7 of the Third Request for Production. This request was in reference to ¶4.6 of the Account Purchase Agreement which I included in the request. I DID NOT request a copy of the "Terms and Conditions". I specifically requested **"MCM's written request to the Seller"**, not the terms and conditions.*

*Please instruct your clients to correct that response immediately. I will be out of town from Thursday to Sunday of this week so will be unavailable."*

As of this morning I have not had a response to that email or any correction to the improper response to that particular response for production. If I don't receive a corrected response by the end of business day today I will have to file a motion to compel. Please advise as to whether you will object to that motion or not.

Regards,

Teri Hinkle


**Moore, Joshua M.** 11:14 AM (22 hours ago)

to me, Matt


Ms. Hinkle, it is our understanding that you are seeking production of any written communication between Midland and Debt Recovery Solutions, LLC regarding the T-Mobile debt. Midland has no documents that are responsive to your request. Midland would oppose a motion to compel documents because a defendant cannot be compelled to produce records that do not exist. *See Purdee v. Pilot Travel Ctrs., LLC,* 2009 U.S. Dist. LEXIS 13093 (S.D. Ga. Feb. 19, 2009).

Regards,
Joshua


**Teri Hinkle <queensongbird@gmail.com>** 11:23 AM (22 hours ago)

to Joshua

Joshua,

Your understanding is correct, specifically the document requested in number 7, however Midland did not respond to the request by stating they had no such documents. Instead they responded by providing something not requested.

The response needs to be amended to reflect the proper statement if in fact Midland now says they do not have the document requested. Please have them correct this situation.

Regards,

Teri Hinkle

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO COMPEL DEFENDANT MIDLAND CREDIT MANAGEMENT TO RESPOND TO REQUEST FOR PRODUCTION AND MEMORANDUM IN SUPPORT,** to **Mathew B. Ames, and Joshua M. Moore, Balch & Bingham LLP,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on July 14, 2014.

Sent to:

Mathew B. Ames & Joshua M. Moore
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd. N.W.
Suite 700
Atlanta, Georgia 30308-3036

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Hinkle
3a2 Bethel St.
Eastman, GA
31023

Clerk of U.S. Dist. Court
P.O. Box 1130
Augusta, GA
30903

UNITED STATES
POSTAL SERVICE

1000

30563

U.S. POSTAGE
EPG PAID
ERF 31024
JUL 24 14
AMOUNT
$1.40
00002219-04