# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | CIVIL ACTION NO. |
| MIDLAND CREDIT ) | 3:13-cv-00033-DHB-BKE |
| MANAGEMENT, INC., MIDLAND ) | |
| FUNDING, LLC, and ENCORE ) | |
| CAPITAL GROUP, INC., ) | |
| ) | |
| DEFENDANTS. | |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On September 24, 2008, Midland acquired from AIS Services, LLC a debt originally owed to GE/Meijer (the "GE/Meijer Account").[1]

2. On October 1, 2008, Midland sent an initial collection letter to Hinkle regarding the GE/Meijer Account, which included a settlement offer promising that Midland would notify the three major CRAs that the debt was paid in full if it received payment of $237.49 by November 15, 2008.[2]

---

[1] *See* Affidavit of Angelique Ross, attached hereto as Exhibit 1, at ¶ 6; *see also* Ex. A to Affidavit of Angelique Ross (attachments to Exhibit 1 are hereinafter cited as Ex.1-A, and so on).

[2] Ex. 1-D.

3.      Twelve days later, Midland received a check in the amount of $237.49—the exact amount of the settlement offer—sent to its secure payment "lock box" at the remittance address identified on the settlement letter.[3]

4.      Thereafter, Midland ceased reporting the GE/Meijer Account to the CRAs as of March 16, 2009, and the account was reported as "paid in full."[4]

5.      On December 6, 2011, Midland acquired from Debt Recovery Solutions, LLC, a debt originally owed to T-Mobile (the "T-Mobile Account").[5]

6.      Midland sent an initial collection letter to Hinkle regarding the T-Mobile Account on December 21, 2011, advising her that Midland would "assume the debt to be valid" if she did not "notify [Midland] within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof."[6]

7.      On October 20, 2011—over three years after Midland had sent its initial communication to Hinkle regarding the GE/Meijer Account—Hinkle sent a "Demand for Validation of Debt" to Midland, claiming that she did not owe, and never owed, any money on the GE/Meijer Account.[7]

---

[3] Ex. 1 at ¶ 8; Ex. 1-C, at Midland-Hinkle 000047 and Midland-Hinkle 000221.
[4] Ex. 1-C, at Midland-Hinkle 000048.
[5] Ex. 1, at ¶ 7; *see also* Ex. 1-B.
[6] Ex. 1-F.
[7] (Doc. 8, at ¶ 17).

8. Shortly after sending her "Demand for Validation" of the GE/Meijer Account, Hinkle received Midland's initial communication concerning the T-Mobile Account on December 21, 2011.[8]

9. On December 28, 2011, Midland called Hinkle at her home in an attempt to reach a settlement of the T-Mobile Account.[9]

10. During the December 28, 2011 conversation, Hinkle verbally disputed that she owed any money on the T-Mobile Account.[10]

11. Upon receiving notice of Hinkle's dispute of the T-Mobile Account, Midland sent her letters dated February 5, 2012, and July 21, 2012, seeking her assistance "so that we may reach a quick resolution of your dispute."[11]

12. Each letter also stated that as part of Midland's "investigation of your dispute, it would be helpful to have a copy of any documentation you may have that supports your dispute," and provided four examples of supporting documentation.[12]

13. Hinkle, however, never provided any documentation to substantiate her dispute of the T-Mobile Account.[13]

---

[8] (Doc. 8, at ¶ 19); *see also* Ex. 1-F.
[9] (Doc. 8, at ¶ 20); *see also* Ex. 1-E, at Midland-Hinkle 00035.
[10] (Doc. 8, at ¶ 20); *see also* Ex. 1-E, at Midland-Hinkle 00035.
[11] Exs. 1-G, and 1-H.
[12] Exs. 1-G, and 1-H.
[13] Ex. 1-E.

3

14. Hinkle intentionally refused to respond to Midland's request for assistance in investigating her dispute, later testifying that she "understood [the letters] to be [Midland] shifting the burden back on me and I'm not obligated under law to do that [investigation] for them."[14]

15. Having received no response to its February 5 letter requesting Hinkle's assistance in investigating her dispute of the T-Mobile Account, Midland obtained a copy of her credit report on May 7, 2012.[15]

16. In July 2012, Midland received notice of a dispute from the credit bureaus. Midland verified it was furnishing the information provided by Debt Recovery Solutions, LLC and continued to report the T-Mobile Account as "disputed."[16]

17. After Hinkle received Midland's second letter requesting documentation regarding her dispute on July 21, Hinkle mailed to Midland a "Notice of Intent to Sue" and a "Demand for Validation of Debt" regarding the T-Mobile Account on July 26, 2012—over seven (7) months after Midland sent her its initial communication concerning the T-Mobile Account.[17]

---

[14] *See* Transcript of March 11, 2014 Deposition of Teri L. Hinkle at 106:15–23. A true and correct copy of the referenced transcript is attached hereto as Exhibit 2.
[15] (Doc. 8, at ¶ 25).
[16] *See* Ex. 1 at ¶ 15, *see also* Ex. I-E.
[17] (*See* Doc. 8, at, at ¶ 31–32); Ex. 1-I, at Midland-Hinkle 000028.

18. When Midland failed to pay the $18,000 settlement as demanded in her July 26 "Notice of Intent to Sue,"[18] Hinkle filed suit, alleging that Midland had violated the FDCPA and the FCRA by attempting to collect the Accounts and by falsely reporting the Accounts to the credit reporting agencies.

Respectfully submitted this 28th day of July, 2014.

        Balch & Bingham LLP

        /s/Matthew B. Ames
        Matthew B. Ames
        Georgia Bar No. 015898
        Joshua M. Moore
        Georgia Bar No. 520030
        30 Ivan Allen Jr. Blvd. NW, Suite 700
        Atlanta, Georgia  30308
        Telephone:  (404) 261-6020
        **Attorneys for Midland Funding LLC, and Midland Credit Management, Inc.**

---

[18] Ex. 1-I, at Midland-Hinkle 000023.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS has been served upon the following by causing a copy of the same to be electronically filed with the Clerk of Court using the CM/ECF system and by United States Mail, properly addressed and postage prepaid, on this 28thth day of July, 2014.

>  Teri Lynn Hinkle
>  322 Bethel Street
>  Eastman, Georgia 31023

>  /s/Matthew B. Ames
>  Matthew B. Ames
>  Georgia Bar No. 015898