IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| | ) 3:13-cv-00033-DHB-BKE |
| | ) |
| MIDLAND FUNDING, LLC; and | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF ANGELIQUE ROSS, AS AUTHORIZED REPRESENTATIVE OF MIDLAND CREDIT MANAGEMENT, INC.

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

This date personally appeared before me, the undersigned authority at law and for this jurisdiction, Angelique Ross, an authorized representative of Midland Credit Management, Inc. ("MCM"), who being by me first duly sworn according to law states on oath:

1. My name is Angelique Ross. I am over the age of majority and competent to make this affidavit, and understand the obligation of an oath.

2. I am employed at MCM as Senior Group Manager.

3. MCM is a debt servicing company based in San Diego, California, whose principal business involves the collection of delinquent debts. MCM services debts owned by Midland Funding, LLC.

4. In my capacity at MCM, I am familiar with: (a) the management of consumer account information purchased from various creditors, including correspondence and transactions on the account; and (b) the reporting of consumer account information to major consumer reporting agencies.

1

5.      In connection with these duties, I routinely rely on records kept in the regular course of MCM's business either by myself or those under a duty to maintain these records. Based upon my position, personal knowledge, and such records of MCM, I am familiar with the facts contained herein.

6.      MCM was the servicer for two accounts of the Plaintiff, Teri Lynn Hinkle. The first, designated as MCM Account No. 8528711764, was purchased from AIS Services, LLC by Midland Funding, LLC. According to the information received from AIS Services, LLC, the debt involved credit extended to Plaintiff by GE Money/Meijer (the "GE/Meijer Account"). Attached as **Exhibit A** is a printout of the electronic document containing information about the GE/Meijer Account sold to Midland Funding, LLC. The footnote of that document states "Data printed by Midland Credit Management, Inc. from electronic records provided by AIS Services, LLC pursuant to the Bill of Sale/Assignment of Accounts transferred on or about 9/24/2008 in connection with sale of accounts from AIS Services, LLC to Midland Funding, LLC."

7.      The second account, designated as MCM Account No. 8544300953, was purchased from Debt Recovery Solutions, LLC by Midland Funding, LLC. According to information received from Debt Recovery Solutions, LLC, the debt involved credit extended to Plaintiff by T-Mobile (the "T-Mobile Account"). Attached as **Exhibit B** is a printout of the electronic document containing information about the T-Mobile Account sold to Midland Funding, LLC. The footnote of that document states "Data printed by Midland Credit Management, Inc. from electronic records provided by AIS Services, LLC pursuant to the Bill of Sale/Assignment of Accounts transferred on or about 12/6/2011 in connection with sale of accounts from Debt Recovery Solutions to Midland Funding, LLC."

8.  Attached as **Exhibit C** are MCM's account notes regarding the GE/Meijer Account. These notes are created contemporaneously with MCM's servicing of the account and are created, kept, and maintained in MCM's normal course of business. According to these notes, MCM sent Plaintiff an initial communication regarding the GE/Meijer Account on or about October 1, 2008. *See* **Ex. C** at MIDLAND-HINKLE-000047. That initial communication is a standard form letter that informs the consumer that Midland Funding, LLC has recently purchased the debt, that MCM will service the debt, that the consumer has certain dispute and validation rights under the Fair Debt Collection Practices Act, and that the consumer can settle the debt for a discount (in Plaintiff's case, 40%). *See id.* Attached as **Exhibit D** is a copy of that letter. In response to that letter, MCM received a payment in full of the discounted settlement amount. *See* **Ex. C** at MIDLAND-HINKLE-000047.

9.  MCM provides consumer credit information to major credit bureaus (i.e. credit reporting agencies) on a monthly basis. MCM furnished information to the credit bureaus regarding the GE/Meijer Account on a monthly basis from November 2008 through March 2009. *See* **Ex. C** at MIDLAND-HINKLE-000048. For the first two months, MCM reported that the account was assigned to collections, and after receiving the payment, MCM reported that the account was paid in full. *See id.* MCM has not furnished any information to the credit bureaus regarding the GE/Meijer Account since March 2009.

10. Attached as **Exhibit E** are MCM's account notes regarding the T-Mobile Account. These notes are created contemporaneously with MCM's servicing of the account and are created, kept, and maintained in MCM's normal course of business. According to the notes, MCM sent Plaintiff an initial communication regarding the T-Mobile Account on December 21, 2011. *See* **Ex. E** at MIDLAND-HINKLE-000035. That letter is a standard form letter that

informs the consumer that Midland Funding, LLC has recently purchased the debt, that MCM will service the debt, that the consumer has certain dispute and validation rights under the Fair Debt Collection Practices Act, and that the consumer can settle the debt for a discount (in Plaintiff's case, 10%). Attached as **Exhibit F** is a copy of that letter.

11. The initial letter to Plaintiff regarding the T-Mobile Account explained:

> If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

**Ex. F** at MIDLAND-HINKLE-000108.

12. Correspondence received from consumers is documented in MCM's notes. MCM's notes for the T-Mobile Account demonstrate that it did not receive a written dispute from Plaintiff within thirty (30) days of the December 21, 2011 letter to Plaintiff. *See* **Ex. E** at MIDLAND-HINKLE-000035.

13. Plaintiff did, however, dispute the T-Mobile Account verbally by telephone on December 28, 2011. *See* **Ex. E** at MIDLAND-HINKLE-000035. By letter dated February 5, 2012, MCM requested that Plaintiff provide more information and documentation concerning her dispute. *See* **Exhibit G**. Plaintiff never responded to that request.

14. MCM furnished information to the credit bureaus regarding the T-Mobile Account on a monthly basis from February 2012 through March 2014. *See* **Ex. E** at MIDLAND-HINKLE-000112. Based on Plaintiff's December 28, 2011 verbal dispute, MCM noted each time that the debt was disputed, as shown by the "XF" compliance condition in MCM's notes. *See id.*

15. In July 2012, MCM received notice of a dispute from the credit bureaus. MCM verified that it was furnishing the information provided by Debt Recovery Solutions, LLC, and

4

continued to report the T-Mobile Account as "disputed." See **Ex. E** at MIDLAND-HINKLE-000033-34. In addition, on July 21, 2012, MCM sent Plaintiff a letter requesting additional documentation as part of its investigation. See **Exhibit H**. Plaintiff responded that she could not furnish MCM with any documentation because the account was not hers. See **Exhibit I**.

Further affiant sayeth not.

_____  7/28/14
Signature

Name: __Angelique Ross__
Authorized Representative of Midland Credit Management, Inc.

State of California  )
                     ) ss.
County of San Diego  )

Subscribed and sworn to before me on this **28** day of **July**, 2014 by __Angelique Ross__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public

My Commission Expires:

JAMIE M. GARCIA
Commission # 2006575
Notary Public - California
San Diego County
My Comm. Expires Feb 7, 2017

5