IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-033 |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Before the Court is *pro se* Plaintiff's third motion to compel, seeking an amended response from Defendant Midland Credit Management Inc. ("MCM") as to one of her requests for production. (Doc. no. 83.) Plaintiff requested production of the "written request to the Seller for the 'Terms and Conditions' historically associated with the Purchased Account MCM alleges belongs to the Plaintiff." (Id. at 3.) In its amended response, MCM represented it did not have any responsive documents to produce, but only after recasting the request as seeking the terms and conditions themselves and not the written request Plaintiff sought. (Id. at 3-4.) In a subsequent email to Plaintiff, defense counsel accurately summarized Plaintiff's request and stated that MCM has no responsive documents. (Id. at 11.) However, MCM has not amended its response accordingly, as Plaintiff requested. (Id. at 11-12.) If the documents requested for production do not exist, MCM should not merely say so in an email, but "is required to affirmatively state in its discovery responses that such records are missing or destroyed." Purdee v. Pilot Travel Centers, LLC, No. CV407-028, 2009 WL 430401, at *1 (S.D. Ga. Feb. 19, 2009); see also Cairns v. Chicago Exp., Inc., 25

F.R.D. 169, 170 (N.D. Ohio Mar. 29, 1960) (ruling that a party claiming that records sought did not exist should submit an affidavit so stating). Therefore, the Court **GRANTS** Plaintiff's motion and **ORDERS** MCM to file an amended response to the request for production at issue within seven days of the date of this Order.

SO ORDERED this 31st day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA