IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 313-033 |
| MIDLAND CREDIT MANAGEMENT, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is Defendant's Motion to File Under Seal, which requests an order from the Court directing Plaintiff to file under seal certain confidential and trade secret information belonging to Defendants. (Doc. no. 93.) In accordance with a previously entered Confidentiality Agreement and Consent Protective Order (see doc. no. 82), Plaintiff notified Defendants of her intent to include information about two Accounts Purchasing Agreements in her response to the Defendants' motion for summary judgment that is due on Tuesday, September 9, 2014. (Id.) Because of the looming deadline, the Court enters this preliminary ruling without awaiting a response from Plaintiff.

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to

judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (*per curiam*)).  When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. at 1246.

"[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information," id., such as when the information could serve as "sources of business information that might harm a litigant's competitive standing." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).  Courts have found that parties' interests in the terms of confidential agreements can outweigh the public right of access. See, e.g., Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010); Mars, Inc. v. JCM Am. Corp., No. 05-3165, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (finding that public disclosure of confidential business agreements would result in injury to the plaintiff because it would sacrifice the plaintiff's competitive negotiating position).

The parties' desire to seal court documents "is immaterial to the public right of access." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).  In the

2

absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Upon consideration of these guiding principles, Plaintiff shall file the entirety of her response to Defendants' motion for summary judgment under seal on September 9, 2014. The **CLERK SHALL MAINTAIN** the materials in a secure file pending a final ruling by the Court on the instant motion to seal. By September 12, 2014, Defendants shall file a brief, in accordance with the provisions of Loc. R. 79.7, explaining why information in Plaintiff's responsive brief and/or accompanying exhibits should be sealed rather than, for example, appropriately redacted.

To ensure Plaintiff receives this Order prior to the deadline for filing her summary judgment response, the **CLERK** is **DIRECTED** to serve a copy of this Order on Plaintiff electronically and by United States mail.

SO ORDERED this 3rd day of September, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA