IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, ) | |
| ) | |
|    PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | CIVIL ACTION NO. |
| MIDLAND CREDIT ) | 3:13-cv-00033-DHB-BKE |
| MANAGEMENT, INC. , MIDLAND ) | |
| FUNDING, LLC,  and ENCORE ) | |
| CAPITAL GROUP, INC., ) | |
| ) | |
|    DEFENDANTS. ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION TO FILE UNDER SEAL**

Pursuant to L.R. 79.7(d) and the Court's September 3, 2014 Order, Defendants Midland Credit Management, Inc. and Midland Funding, LLC (collectively, "Midland") submit this supplemental brief in support of Midland's Motion to File Under Seal.  Although Plaintiff does not quote them in her Response to Midland's Motion for Summary Judgment ("Response"), she attaches as exhibits two documents labeled "trade secret" and produced by Midland in

1

connection with the Confidentiality Agreement and Consent Protective Order[1]: (1) the Assignment of Accounts between Midland and AIS Services, LLC dated September 24, 2008 [bates labeled PlainApp. 00086-PlainApp. 00102]; and (2) the Account Purchase Agreement between Midland and Debt Recovery Solutions, LLC dated December 6, 2011 [bates labeled PlainApp. 00103-PlainApp. 00124] (collectively, the "Account Purchase Agreements").

Midland's Motion to File Under Seal originally requested that Plaintiff's Response and all exhibits be filed under seal.  But because Plaintiff did not quote or otherwise incorporate the confidential terms of the Account Purchase Agreements in her Response, Midland requests only that the Account Purchase Agreements—but not the Response itself—be sealed for a period of one year from the conclusion of this litigation, and any subsequent appeal.

Local Rule 79.7 requires a party seeking to have any matter placed under seal to "rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest."  The test for whether a judicial record can

---

[1] The parties entered into a Confidentiality Agreement and Consent Protective Order [Doc. 80, ¶ 10] as a precondition to Midland's production of the Account Purchase Agreements.

be withheld from the public is a balancing test that weighs the competing interests of the parties to determine whether there is good cause to deny the public the right to access the document. The Eleventh Circuit uses a balancing test of factors such as whether the records are sought by curious third-parties "for such illegitimate purposes as to promote public scandal <u>or gain unfair commercial advantage</u>," versus "whether access is likely to promote public understanding of historically significant events."[2]

The Account Purchase Agreements contain Midland's trade secrets.[3] The Confidentiality and Consent Protective Order entered in this case defines trade secret in ¶ 1(g) as:

---

[2] *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (Cits. omitted) (emphasis added).

[3] Where contract terms have economic value and are not generally known in the industry they may qualify as trade secrets. *See Fed. Trade Comm'n v. OSF HealthCare Sys.* (N.D. Ill., 2012); *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (information about terms and conditions of contracts "that might give other firms an unearned competitive advantage" is legitimately confidential information that competitors should not have and the public does not need to know to evaluate the judiciary's handling of

> legitimate confidential and proprietary business information, or such information or documents not known to the general public, from which the disclosing party derives economic value and a competitive advantage in the marketplace from not being generally known to others, the disclosure of which could cause irreparable injury or damage to the disclosing party.

The Account Purchase Agreements are highly confidential, commercially sensitive, and contain proprietary business information that, if disclosed, would put Midland at a competitive disadvantage with its competitors, if disclosed. Specifically, the terms and conditions under which Midland acquires accounts from third parties reflect an allocation of risk between the parties that is ultimately reflected in the purchase price.  Thus, although the purchase price in the Account Purchase Agreements has been redacted, a party knowledgeable of the industry could analyze the overall allocation of risk in the agreements—as reflected in the various warranties made by the buyer and the seller, the indemnification provisions, repurchase obligations, and other provisions—and draw conclusions about Midland's pricing methodology.  Midland goes to great lengths to keep this

---

the litigation); *Delta Med. Sys. v. Mid-Am Med. Sys., Inc.*, 331 Ill. App. 3d 777, 794 (2002) (holding that contract terms with economic value that are not generally known in the industry are protectable trade secrets).

type of information out of the hands of its competitors, and it is of great economic importance that it do so.

Midland's Account Purchase Agreements were developed over many years after significant time and effort to incorporate customer needs and preferences while promoting Midland's own business strategy. Midland used the Account Purchase Agreements to acquire many more accounts than just Plaintiff's accounts. Midland sought and obtained a Protective Order prior to disclosing the Account Purchase Agreements. Allowing Plaintiff to publicly file these trade secret documents—even in redacted form—would undermine the purpose of the Protective Order, which was to keep confidential terms and conditions under which Midland acquires its accounts from getting into the hands of the public.

Here, the balancing test factors weigh in favor of Midland's privacy because in the context of this litigation any public interest in knowing the specific business terms under which Midland acquires its accounts is substantially outweighed by the risk associated with the opportunity for misuse by competitors to their unfair commercial advantage. It is worth further noting that the Account Purchase Agreements have virtually *no* substantive value to Plaintiff's Response – she attaches the Account Purchase Agreements to her supporting memorandum of law, but she does note quote them or otherwise cite them.

Midland's request is supported by precedent. In *Reyes v. Kenosian & Miele, LLP*, 619 F.Supp.2d 796 (N.D. Cal., 2008), the trial court granted a motion to file an account purchase agreement under seal.  In that case, the plaintiff brought FDCPA claims against the law firm representing a debt collection entity.  The trial court ruled the defendant's request to file the unredacted account purchase agreement under seal met the required showing "because [the account purchase agreement] contains the confidential information of non-parties."[4]   Similarly, the Account Purchase Agreements contain not only Midland's confidential business information, but also confidential information belonging to sellers AIS Services, LLC and Debt Recovery Solutions, LLC.

Midland's request is narrowly tailored because out of the hundreds of pages of discovery materials it has produced to Plaintiff, it seeks to seal just two documents.[5]   Accordingly, Midland requests that the Court direct Plaintiff to file

---

[4] *Reyes v. Kenosian & Miele, LLP*, 619 F.Supp.2d 796 (N.D. Cal. 2008).

[5] At Plaintiff's request – and to avoid further discovery related disputes – Midland pared back its initial redactions of the Account Purchase Agreements. Midland did so because it relied upon the Protective Order as a backstop against its trade secrets falling into the hands of the public—or competitors. The redactions enabled Plaintiff to have access to information she claimed she needed, but the

6

under seal (i) the Account Purchase Agreements, and (ii) contents of any pleadings containing quotations, characterizations or summaries of information contained in the Account Purchase Agreements. Midland respectfully requests information filed under seal remain sealed for a period of one year after the later of (i) the entry of final judgment or (ii) conclusion of a direct appeal, if any.

    Respectfully submitted this 12th day of September, 2014.

                                    BALCH & BINGHAM LLP

                                    */s/ Matthew B. Ames*
                                    Matthew B. Ames
                                    Georgia Bar No. 015898
                                    Joshua M. Moore
                                    Georgia Bar No. 520030
                                    30 Ivan Allen Jr. Blvd. NW, Suite 700
                                    Atlanta, Georgia  30308
                                    Telephone:  (404) 261-6020

                                    **Attorneys for Midland Funding LLC, and Midland Credit Management, Inc.**

---

redactions did not remove all manner of sensitive information from the Account Purchase Agreements.  For this reason, just filing redacted copies of the Account Purchase Agreements is not enough protection for Midland.   They should be filed under seal.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO FILE UNDER SEAL has been served upon the following by causing a copy of the same to be electronically filed with the Clerk of Court using the CM/ECF system and by United States Mail, properly addressed and postage prepaid, on this 12th day of September, 2014.

>Teri Lynn Hinkle
>322 Bethel Street
>Eastman, Georgia 31023

>*/s/Joshua M. Moore*
>Joshua M. Moore

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | |
|---|---|
| **TERI LYNN HINKLE,** ) | |
| ) | |
|     **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | |
| ) | **CIVIL ACTION NO.** |
| **MIDLAND CREDIT** ) | **3:13-cv-00033-DHB-BKE** |
| **MANAGEMENT, INC. , MIDLAND** ) | |
| **FUNDING, LLC, and ENCORE** ) | |
| **CAPITAL GROUP, INC.,** ) | |
| ) | |
|     **DEFENDANTS.** | |

## ORDER

Defendants' Motion to File Under Seal is hereby GRANTED. The Clerk is DIRECTED to seal the Account Purchase Agreements, which are attached to Plaintiff's Response to Defendants' Motion for Summary Judgment on the pages bates labeled "PlainApp. 00086 to PlainApp. 00124". Information filed under seal shall remain sealed for a period of one year after the later of (i) the entry of final judgment or (ii) conclusion of a direct appeal, if any.

So ORDERED this ____ day of September, 2014.

                                                  _____
                                                Brian K. Epps
                                                United States Magistrate Judge
                                                Southern District of Georgia