IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, | ) |
|         Plaintiff, | ) |
| v. | )    CV 313-033 |
| MIDLAND CREDIT MANAGEMENT, INC., et al., | ) |
|         Defendants. | ) |

**O R D E R**

Before the Court is Defendants' Motion to File Under Seal, which requests an order from the Court directing Plaintiff to file under seal certain confidential and trade secret information belonging to Defendants. (Doc. no. 93.) Defendants made their request for a sealing order because, in accordance with a previously entered Confidentiality Agreement and Consent Protective Order (see doc. no. 82), Plaintiff notified Defendants of her intent to include information about two Account Purchasing Agreements in her response to Defendants' motion for summary judgment. By Order dated September 3, 2014, the Court directed Plaintiff to file the entirety of her response to Defendants' motion for summary judgment under seal and also directed Defendants to file a brief, in accordance with the provisions of Loc. R. 79.7, explaining why information in Plaintiff's responsive brief and/or accompanying exhibits should be sealed rather than, for example, appropriately redacted.

In their supplemental briefing, Defendants alter their original request for a sealing order as to the entirety of Plaintiff's response to the motion for summary judgment. (See doc. no. 99.) Having reviewed Plaintiff's response, Defendants state, "But because Plaintiff did not quote or otherwise

incorporate the confidential terms of the Account Purchase Agreements in her Response, [Defendants] request only that the Account Purchase Agreements – but not the Response itself – be sealed for a period of one year from the conclusion of this litigation, and any subsequent appeal." (Id. at 2.) The Account Purchase Agreements are specifically identified as (1) the Assignment of Accounts between Midland and AIS Services, LLC dated September 24, 2008 (bates labeled PlainApp. 00086-PlainApp. 00102); and (2) the Account Purchase Agreement between Midland and Debt Recovery Solutions, LLC dated December 6, 2011 (bates labeled PlainApp. 00103-PlainApp. 00124). (Id.) Plaintiff complied with the Court's directive to file the entirety of her response to the motion for summary judgment under seal, but she does not voice any opposition to the unsealing of all but the Account Purchase Agreements identified by Defendants in their supplemental briefing.

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (*per curiam*)). When balancing these interests,

2

courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. at 1246.

"[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information," id., such as when the information could serve as "sources of business information that might harm a litigant's competitive standing." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).  Courts have found that parties' interests in the terms of confidential agreements can outweigh the public right of access.  See, e.g., Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010); Mars, Inc. v. JCM Am. Corp., No. 05-3165, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (finding that public disclosure of confidential business agreements would result in injury to the plaintiff because it would sacrifice the plaintiff's competitive negotiating position).

The parties' desire to seal court documents "is immaterial to the public right of access." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).  In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Upon consideration, the Court finds the information provided in the supplemental briefing about the content of the Account Purchase Agreements satisfies Defendants' burden of showing good cause for sealing these two exhibits because of the potential harm to their

competitive standing if the information were made public. Accordingly, the Court **GRANTS IN PART** the motion to seal (doc. no. 93), as set forth herein.

Accordingly, the Court hereby **DIRECTS** the Clerk to unseal Plaintiff's response to the motion for summary judgment except for the Account Purchase Agreements attached as exhibits on the pages bates labeled PlainApp. 00086 - PlainApp. 00124. Said agreements shall remain sealed for a period of one year after the later of (i) entry of final judgment or (ii) conclusion of a direct appeal, if any.

SO ORDERED this 25th day of September, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA