IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE,	)<br>	)<br>    PLAINTIFF,	)<br>	)<br>V.	)<br>	)<br>MIDLAND CREDIT	)<br>MANAGEMENT, INC. and	)<br>MIDLAND FUNDING, LLC,	)<br>	)<br>    DEFENDANTS.	) | CIVIL ACTION NO.<br>3:13-cv-00033-DHB-BKE |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff seeks to supplement her response in opposition to the Motion for Summary Judgment filed by Defendants Midland Credit Management, Inc. and Midland Funding, LLC (collectively, "Midland"). Plaintiff states that Midland "omitted a key component" of a document entered into the record in their Reply brief—namely the errata sheet meant to accompany the transcript of Plaintiff's March 11, 2014 deposition. Plaintiff's Motion to Supplement is due to be denied for at least two reasons.

First, the errata sheet offered by Plaintiff is immaterial and irrelevant.[1] Although Fed. R. Civ. P. 30(e) allows a deponent thirty days to review his or her deposition testimony and to file any corrections in the form of an errata sheet, the portions of Plaintiff's transcript cited by Midland (pages 106-107) were not altered by the errata sheet. Plaintiff did not cite her deposition transcript in her opposition to Midland's Motion for Summary Judgment. Thus, the errata sheet has no relevance to the Court's summary judgment analysis.

Second, Plaintiff used the errata sheet to make impermissible substantive revisions to her deposition testimony. Plaintiff's explanations for the changes in her errata sheet run the gamut from "misleading" to "whole line of questioning misleading." [Doc. 103]. These changes were tailored to negate the portions of her transcript she later deemed unhelpful. The substantive changes in Plaintiff's errata sheet should be rejected. The Eleventh Circuit "has not squarely addressed

---

[1] Omission of the errata sheet was unintentional. Undersigned counsel requested Plaintiff's deposition transcript from Midland's former counsel and the court reporter. Neither party provided an errata sheet, nor did undersigned counsel realize Plaintiff submitted an errata sheet. Notwithstanding the foregoing, nothing contained in Plaintiff's errata sheet has any impact on arguments contained in Midland's Reply Brief.

2

whether substantive changes can be made to depositions using an errata sheet."[2] However, the Eleventh Circuit has affirmed a trial court order granting a motion to strike an errata sheet that made substantive changes to deposition testimony.[3] Many other courts disapprove of the practice.[4]

---

[2] *WTI, Inc. v. Jarchem Indus., Inc.*, 2012 U.S. Dist. LEXIS 105840 at *9 (N.D. Ga. July 30, 2012).

[3] *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010).

[4] *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (upholding a district court's judgment to strike an errata sheet listing twenty-seven changes, noting that "Rule 30(e) is to be used for corrective, and not contradictory, changes"); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 388-89 (7th Cir. 2000) (explaining that an errata sheet effecting "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'"); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) ("[Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely

The Court should reject the errata sheet for the same reason Eleventh Circuit courts reject affidavits that contradict sworn deposition testimony.[5] "A party cannot give clear answers to unambiguous questions in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination."); *Rios v. Welch*, 856 F. Supp. 1499, 1502 (D. Kan. 1994) (witness not permitted to "rewrite" testimony); *EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 268 (3d Cir. 2010) ("We therefore hold that when reviewing a motion for summary judgment, a district court does not abuse its discretion under Rule 30(e) when it refuses to consider proposed substantive changes that materially contradict prior deposition testimony, if the party proffering the changes fails to provide sufficient justification. At the same time, we emphasize that courts may, in their discretion, choose to allow contradictory changes (and implement the remedial measures discussed above) as the circumstances may warrant.").

---

[5] *See Rossi v. Fulton County*, 2013 U.S. Dist. LEXIS 44755, 40-41 (N.D. Ga. Feb. 8, 2013) (disregarding affidavit testimony that conflicts with sworn deposition testimony).

contradiction."[6]  "The law in this circuit is that a party cannot give clear answers to unambiguous questions in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the contradiction."[7]  Such an affidavit is a sham.  Under Eleventh Circuit authority, if a court finds some inherent inconsistency between an affidavit and a deposition, the inconsistent statements in the affidavit must disregarded.[8]

The district court can consider affidavits that could be interpreted as contradictory in limited circumstances, such as when an affiant "elaborated upon an area of inquiry that had not been raised at deposition"[9] or which arose of a "dialectical misunderstanding".[10]  But here, Plaintiff's errata sheet does not elaborate on an area about which she was never deposed.  To the contrary, her

---

[6] *Mohawk Indus. v. Interface, Inc.*, 2008 U.S. Dist. LEXIS 104317, 24-25 (N.D. Ga. 2008).

[7] *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987). (citing *Van T. Junkins and Assocs. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir.1984)).

[8] *Id.*

[9] *Rollins*, 833 F2d. at 1531

[10] *Strickland v. Norfolk So. Ry.*, 692 F.3d 1151, 1162 (11th Cir. 2012).

errata sheet provides new, contradictory information responsive to unambiguous deposition questions, which leaves only the possibility that she deliberately withheld such information during her deposition, or contrived the information at a later date.  Either way, Plaintiff's statements of fact that are supported by the sham affidavit must be disregarded.[11]  Midland respectfully requests that the Court grant its Motion for Summary Judgment because, even if it permits Plaintiff to supplement her opposition with the errata sheet, Plaintiff's claims fails as a matter of law and there are no genuine issues of material fact.

Respectfully submitted this the 8th day of October, 2014.

Balch & Bingham LLP

/s/ Matthew B. Ames
Matthew B. Ames
Georgia Bar No. 015898
Joshua M. Moore
Georgia Bar No. 520030
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, Georgia  30308
Telephone:  (404) 261-6020

**Attorneys for Midland Funding LLC, and Midland Credit Management, Inc.**

---

[11] Plaintiff's Statements of Fact Nos. 4, 5, 6, and 18 are supported by the self-serving, sham affidavit.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT has been served upon the following by causing a copy of the same to be electronically filed with the Clerk of Court using the CM/ECF system and by United States Mail, properly addressed and postage prepaid, on this 8th day of October, 2014:

> Teri Lynn Hinkle
> 322 Bethel Street
> Eastman, Georgia 31023

> */s/ Matthew B. Ames*
> Matthew B. Ames
> Georgia Bar No. 015898