UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 SEP 12  AM 10: 08
CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle
*Plaintiff*,

vs

MIDLAND CREDIT
MANAGEMENT, INC.
MIDLAND FUNDING, LLC.
ENCORE CAPITAL GROUP INC.
*Defendants.*

Case No. 3:13-CV-00033

**PLAINTIFF'S MOTION TO TRANSFER VENUE OR IN THE ALTERNATIVE TO DESIGNATE THE DUBLIN DIVISION AS THE LOCATION FOR ALL PRE-TRIAL AND TRIAL PROCEEDINGS AND MEMORANDUM IN SUPPORT**

Plaintiff files this unopposed motion to transfer venue for this suit from the Augusta, Division to the Dublin Division for all physical appearances for conferences, hearings and trial as authorized by 28 U.S.C. § 1404(a) and LR 2.1(c)

Introduction

1. Plaintiff is Teri Lynn Hinkle; Defendants are Midland Credit Management Inc., Midland Funding LLC, and Encore Capital Group Inc.

2. Plaintiff sued defendants for violations of the FCRA, FDCPA and TCPA in the District Court for the Southern District of Georgia, Dublin Division. As a result of the Dublin Division being closed except for trials Plaintiff was required to file all pleadings in the Augusta Division.

3. The TCPA claims were dismissed by Plaintiff. The FDCPA claims were resolved in Summary Judgment while the FCRA claim under 15 U.S.C. § 1681s-2(b) was remanded

by the 11th Circuit Court of Appeals back to the District Court for further proceedings and trial.

4. To have proceedings continue in the Augusta Division venue would be inconvenient and in reality cost prohibitive to the Plaintiff because of her current dire financial circumstances. Venue would be far more convenient and financially manageable for the Plaintiff in the Dublin Division because of her physical proximity to the court residing only 31 miles distant. The questionable reliability of Plaintiff's 1995 model vehicle creates uncertainty in her ability to travel the longer distance to the Augusta court, a 250-mile round trip, and could potentially render her unavailable at critical times should there be a mechanical problem. Therefore the Plaintiff requests this Honorable Court designate the Dublin Division as the location for all further proceedings including trial in this matter. In the alternative Plaintiff requests this Court to transfer all trial proceedings to the Dublin Division and conduct any pre-trial hearings or conferences telephonically. [*See* Affidavit of Teri Lynn Hinkle, attached hereto].

## Argument

5. The Court may transfer a suit to any other district or division where it might have been brought for the convenience of the plaintiff or its witnesses and in the interest of justice. 28 U.S.C. §1404(a).

6. If a substantial part of the events or omissions complained of occurred in this district and no defendant is a resident of this district, the action shall be brought in the division containing the county in which a substantial part of the events or omissions occurred. LR

2.1(c). All the events complained of occurred in Dodge County which is within the Dublin Division.

7. The Court should grant Plaintiff's motion to transfer for the following reasons:

   a. The Plaintiff resides in Eastman, Georgia. The Defendants in this case are located in Southern California and their Counsel is located in Atlanta Georgia.

   b. The present forum is inconvenient for Plaintiff, and Defendants will not be inconvenienced by the transfer.., *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055 (1947). The Supreme Court has stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Furthermore, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981). "A plaintiff's choice of forum is generally given great weight when it chooses a forum in the district in which it resides," *Ryan, Klimek, Ryan* 695 F. Supp. at 647.

   c. A designation of Dublin as the location for trial rather than Augusta would have no effect whatsoever on the availability of any witnesses or access to evidence for either party.

   d. Plaintiff filed the above-styled suit *In Forma Pauperis* for reasons of financial hardship, which continue to the present day. Travel and or lodging involved in commuting to the Augusta Division would be nearly impossible, but without question an extreme financial hardship for the Plaintiff. [*See* Exhibit 1 attached]

e. Practical considerations make the trial of this case more efficient and less expensive for both Plaintiff and Defendants;

   i. The distance between Eastman, GA. and Dublin, GA. is approx. 31 miles (47 minutes travel time).
   ii. The distance between Atlanta, GA. and Dublin, GA. is approx. 135 miles (2:17 hours travel time).
   iii. The distance between Eastman, GA. and Augusta, GA. is approx. 125 miles (2:56 hours travel time), more than 4 times the distance to Dublin, GA.
   iv. The distance between Atlanta, GA. and Augusta, GA. is approx. 149 miles (3:45 hours travel time), further in mileage and nearly an hour longer in travel time than to the Dublin GA. division.

## Conclusion

8. Plaintiff was required to file her suit in an inconvenient forum, due to the fact that the Dublin Division of the court remains closed to all but *trial proceedings*. Had she been permitted, she would have filed in Dublin. However, now that the case has been remanded back to district court for further proceedings in preparation for a trial, the Dublin court now becomes the most convenient forum in which to hold the trial, and the same rules that forced the Plaintiff to initiate litigation in Augusta now make it possible to change venue to Dublin, which is now available to her for trial proceedings.

9. Plaintiff certifies that she has attempted to confer with Defendant's counsel via email and has received no answer as to whether or not the Defendants oppose this motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant her motion to designate the Dublin Division of the Southern District of Georgia as the location for all further proceedings, including trial in this matter.

Respectfully Submitted,

*[signature]*
Teri Lynn Hinkle
Eastman, Georgia

# EXHIBIT 1
# AFFIDAVIT

# AFFIDAVIT

NOW COMES the Affiant, Teri Lynn Hinkle of Eastman, Georgia who is over the age of 21 years, competent to testify and declares as follows under penalty of perjury regarding Case No. 3:13-CV-00033; *Teri Lynn Hinkle v Midland Credit Management Inc., et al.* in the Southern District of Georgia.

1. That Affiant filed the above case in April of 2013, *In Forma Pauperis* due to a lack of financial resources to pay the filing fee for this action.
2. That Affiant's financial status has not improved and has in fact worsened since 2013.
3. That Affiant's family is forced to subsist on a very limited and partially fixed income comprised of:
    a. A reduced Social Security Benefit received by Plaintiff's husband.
    b. Intermittent employment for Affiant's husband at $9.00 per hour, where his weeks worked generally does not exceed more than 26 to 30 per year.
    c. During layoffs, which are often with no advance notice, can be anywhere from a week to a month in length. Affiant's husband receives unemployment benefits of $188.00, before taxes, per week except when lowered by fewer hours available when working.
    d. Affiant's husband has already been noticed he will be laid off from his job this week of September 5 to 9th, the entire month of October, at least one week in November, and three weeks over the Christmas holidays.
4. That Affiant currently is unemployed and has been for the last eight years with no individual income.

5. That Affiant's monthly family income at this time barely covers necessary living expenses and food. There is little to nothing left over for emergencies much less travel.

6. That Affiant must rely on her 1995 Buick for transportation beyond her locality which is unreliable and not fuel efficient.

7. That Affiant is the sole care giver for her 8 year old granddaughter during the hours the child's mother works and is unable to be away from home overnight.

8. That Affiant currently has no supplemental income, contingency savings or access to funds which would enable her to travel to and from Augusta, GA.

9. That when Affiant went to the U.S. District Court to file her suit, she was required to file the suit in Augusta, a most inconvenient forum for her, due to the fact that the Dublin Division of the Court remains closed to all but trial proceedings. Had she been permitted, she would have filed the case in Dublin. Now that the case has been remanded back to district court for further proceedings in preparation for a trial, the Dublin court now becomes the forum most convenient in which to hold her trial.

**NOTARY VERIFICATION ON NEXT PAGE**

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved her identity to my satisfaction, and she acknowledged her signature on this Affidavit in my presence and stated that she did so fully understanding that she was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

September 6, 2016

_____
Teri Lynn Hinkle

Name of Notary: Lena R. Howell

Signature of Notary: Lena R. Howell

Seal

Affidavit - Page **3** of **3**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO TRANSFER VENUE OR IN THE ALTERNATIVE TO DESIGNATE THE DUBLIN DIVISION AS THE LOCATION FOR ALL PRE-TRIAL AND TRIAL PROCEEDINGS AND MEMORANDUM IN SUPPORT**, to **Mathew B. Ames, and Joshua M. Moore, Balch & Bingham LLP**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on September 8, 2016.

Sent to:

Mathew B. Ames & Joshua M. Moore
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd. N.W.
Suite 700
Atlanta, Georgia 30308-3036

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023



Hinkle
307 Bethel St.
Eastman, GA
31023

Clerk U.S. District Court
P.O. Box 1130
Augusta, Georgia
30903